1  BORIS FELDMAN, State Bar No. 128838
   boris.feldman@freshfields.com
2  DORU GAVRIL, State Bar No. 282309
   doru.gavril@freshfields.com
3  REBECCA LOCKERT, State Bar No. 348810
   rebecca.lockert@freshfields.com
4  EUNICE LEONG, State Bar No. 320499
   eunice.leong@freshfields.com
5  OLIVIA ROSEN, State Bar No. 340120
   olivia.rosen@freshfields.com
6  FRESHFIELDS BRUCKHAUS DERINGER US LLP
   855 Main Street
7  Redwood City, CA 94063
   Telephone: (650) 618-9250
8
   *Attorneys for Defendants Rivian Automotive, Inc.,*
9  *Robert J. Scaringe, Claire McDonough, Jeffrey R.*
   *Baker, Karen Boone, Sanford Schwartz, Rose*
10 *Marcario, Peter Krawiec, Jay Flatley, and*
   *Pamela Thomas-Graham*
11

12              UNITED STATES DISTRICT COURT

13         FOR THE CENTRAL DISTRICT OF CALIFORNIA

14                    WESTERN DIVISION

15 CHARLES LARRY CREWS, JR.,          Case No.: 2:22-cv-01524-JLS-E
   Individually and on Behalf of All Others
16 Similarly Situated,               **RIVIAN DEFENDANTS' ANSWER**
                                      **TO PLAINTIFFS' AMENDED**
17              Plaintiff,            **CONSOLIDATED COMPLAINT**

18        v.

19

20 RIVIAN AUTOMOTIVE, INC., et al.,

21              Defendants.

22

23

24

25

26

27

28

Defendants Rivian Automotive, Ins., Robert J. Scaringe, Claire McDonough, Jeffrey R. Baker, Karen Boone, Sanford Schwartz, Rose Marcario, Peter Krawiec, Jay Flatley, and Pamela Thomas-Graham, (collectively, "Defendants"), hereby answer Plaintiffs' Amended Consolidated Complaint for Violations of the Federal Securities Laws (the "Complaint"). To the extent not specifically admitted, each and every allegation of the Complaint is denied.[1]

1.      Rivian Defendants admit that Rivian held an IPO on November 10, 2021. Paragraph 1 purports to state the proceeds Rivian raised in the IPO and the identities of its underwriters. Rivian Defendants admit that the Company issued a registration statement and prospectus (collectively, the "Registration Statement") in connection with the IPO, which disclosed this information. The document speaks for itself, and Rivian Defendants refer to the document for its complete contents. Paragraph 1 purports to characterize the relative size of Rivian's IPO and its underwriters, and the basis for Rivian's valuation, which are matters of public record. Rivian Defendants refer to such public records. Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 1.

2.      Paragraph 2 purports to describe Rivian's products. Rivian Defendants admit that the Company issued the Registration Statement, which disclosed this information. The document speaks for itself, and Rivian Defendants refer to the document for its complete contents. Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 2.

3.      Rivian Defendants admit that Rivian participated in the LA Auto Show in 2018. Rivian Defendants admit that, depending on the configuration, the R1T and R1S were expected to be offered at $69,000 and $72,500 as of November 2018, and that Rivian accepted preorders for such vehicles subject to a $1,000 refundable deposit. Rivian Defendants lack knowledge and information sufficient to form a belief as to

---

[1] Except as noted, all capitalized terms used in this answer have the same meaning ascribed to them in the Complaint.

-1-

"Tesla's announcement of its own future all-electric pickup truck"; allegations based on these statements are therefore denied.  Rivian Defendants admit that in 2020, the anticipated price of the R1T and R1S was changed to $67,500 and $70,000, respectively, depending on configuration.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 3.

4.    Paragraph 4 purports to describe the number of R1 Platform preorders leading into the IPO.   Rivian Defendants admit that the Company issued the Registration Statement, which disclosed this information.  The document speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 4.

5.    Rivian Defendants deny the allegations in paragraph 5.  The allegations of this paragraph are based on anonymous "highly-placed former employees," including "FE-1," who allegedly stated that Rivian executives understood that Rivian would be required to increase its anticipated pricing (but whose allegations were excised from Plaintiffs' Amended Consolidated Complaint).  These "highly-placed former employees" may or may not exist and their identities, credibility, reliability, and accuracy have not been established.  Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

6.    Paragraph 6 purports to describe the contents of the Registration Statement.  The document speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 6.

7.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 7.

8.    Rivian Defendants admit that Rivian conducted a roadshow in connection

-2-

with its IPO, at which information about the Company and its vehicles was presented to attendees.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 8.

9.      Paragraph 9 purports to describe Rivian's IPO.  Rivian Defendants admit that the Company issued the Registration Statement, and that the information therein was accurate.  The document speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Paragraph 9 purports to describe prices of Rivian stock, which are matters of public record.  Rivian Defendants refer to such public records.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 9.

10.      Rivian Defendants admit that an earnings call took place on December 16, 2021, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context. The transcript of that earnings call speaks for itself, and Rivian Defendants refer to the transcript for its complete contents.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 10.

11.      Rivian Defendants admit that Deutsche Bank published an analyst report regarding Rivian following the December 17, 2021 conference call, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The report speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 11.

12.      Rivian Defendants admit that GM publicly announced the EV version of the Chevy Silverado in or around January 2022.  Rivian Defendants lack knowledge and information sufficient to form a belief as to the Chevy Silverado's popularity. Rivian Defendants admit that Ford announced its EV truck named the Ford F-150 Lightning in or around early 2021.  Paragraph 12 purports to refer to the statements of unnamed market analysts and market observers. The identities, credibility, reliability, and accuracy of these unnamed analysts and observers have not been established;

-3-

Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied. Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 12.

13.    Rivian Defendants admit that on or about March 1, 2022, Rivian announced changes to anticipated prices for preorders, depending on configuration, but deny that Plaintiffs' reference to the announcement is complete or presented with full context. The announcement speaks for itself, and Rivian Defendants refer to the document for its complete contents. Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 13.

14.    Paragraph 14 purports to refer to the statements of unnamed customers and internet forum users. The identities, credibility, reliability, and accuracy of these unnamed customers and internet forum posters have not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied. Paragraph 14 also purports to refer to the statements of unnamed media outlets and industry analysts. The identities, credibility, reliability, and accuracy of these unnamed media outlets and industry analysts have not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied. Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 14.

15.    The allegations in paragraph 15 purport to refer to the price of Rivian's stock. Rivian Defendants refer to public records of such stock prices. Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 15.

16.    Rivian Defendants admit that on or about March 3, 2022, Rivian announced anticipated pricing changes to customers, but deny that Plaintiffs' reference

-4-

to the announcement is complete or presented with full context.  The announcement

speaks for itself, and Rivian Defendants refer to the document for its complete

contents.  Paragraph 16 purports to refer to the statements of unnamed analysts.  The

identities, credibility, reliability, and accuracy of these unnamed analysts have not been

established; Rivian Defendants thus lack knowledge and information sufficient to form

a belief as to the truth of their alleged statements, and allegations based on these

statements are therefore denied.  Rivian Defendants admit that RBC published an

analyst report regarding Rivian on March 3, 2022, but deny that Plaintiffs'

characterizations and selective quotations are complete or presented with full context.

The report speaks for itself, and Rivian Defendants refer to the document for its

complete contents.  Except as expressly admitted herein, Rivian Defendants deny each

and every allegation in paragraph 16.

17.    Rivian Defendants admit that The Wall Street Journal published an article

regarding Rivian on March 3, 2022, but deny that Plaintiffs' characterizations and

selective quotations are complete or presented with full context.  The article speaks for

itself, and Rivian Defendants refer to the document for its complete contents.  Rivian

Defendants admit that Reuters published an article regarding Rivian on March 3, 2022,

but deny that Plaintiffs' characterizations and selective quotations are complete or

presented with full context. The article speaks for itself, and Rivian Defendants refer to

the document for its complete contents.  The allegations in paragraph 17 purport to

refer to the price of Rivian's stock.  Rivian Defendants refer to public records of such

stock prices.  Except as expressly admitted herein, Rivian Defendants deny each and

every allegation in paragraph 17.

18.    Paragraph 18 purports to refer to the statements of an unnamed analyst.

The identity, credibility, reliability, and accuracy of this unnamed analyst has not been

established; Rivian Defendants thus lack knowledge and information sufficient to form

a belief as to the truth of their alleged statements, and allegations based on these

statements are therefore denied.  The allegations in paragraph 18 purport to refer to the

-5-

price of Rivian's stock.  Rivian Defendants refer to public records of such stock prices.
Except as expressly admitted herein, Rivian Defendants deny each and every allegation
in paragraph 18.

19.    Rivian Defendants admit that Rivian issued a Q4 2021 Shareholder Letter.
The document speaks for itself, and Rivian Defendants refer to the document for its
complete contents.  Except as expressly admitted herein, Rivian Defendants deny each
and every allegation in paragraph 19.

20.    Rivian Defendants admit that J.P. Morgan published an analyst report
regarding Rivian on March 11, 2022, but deny that Plaintiffs' characterizations and
selective quotations are complete or presented with full context.  The report speaks for
itself, and Rivian Defendants refer to the document for its complete contents.  Except
as expressly admitted herein, Rivian Defendants deny each and every allegation in
paragraph 20.

21.    Rivian Defendants admit that Deutsche Bank published an analyst report
regarding Rivian on March 11, 2022, but deny that Plaintiffs' characterizations and
selective quotations are complete or presented with full context.  The report speaks for
itself, and Rivian Defendants refer to the document for its complete contents.  Except
as expressly admitted herein, Rivian Defendants deny each and every allegation in
paragraph 21.

22.    The allegations in paragraph 22 purport to refer to the price of Rivian's
stock.  Rivian Defendants refer to public records of such stock prices.  Except as
expressly admitted herein, Rivian Defendants deny each and every allegation in
paragraph 22.

23.    Rivian Defendants admit that Plaintiffs purport to bring claims on behalf
of Rivian investors.  Except as expressly admitted herein, Rivian Defendants deny each
and every allegation in paragraph 23.

24.    Rivian Defendants admit that Plaintiffs purport to assert claims under
§10(b) and §20(a) of the Exchange Act and SEC Rule 10b-5 promulgated thereunder.

Rivian Defendants deny violating §10(b) and §20(a) of the Exchange Act and SEC Rule 10b-5 promulgated thereunder.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 24.

25.    Rivian Defendants admit that this Court has jurisdiction over this action.

26.    Rivian Defendants admit that venue is proper in this District.  Rivian Defendants admit that Rivian is headquartered and conducts business in this District. Rivian Defendants deny Plaintiffs' allegation that any wrongful acts occurred in this District.  Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 26.

27.    Rivian Defendants admit that they have used instrumentalities of interstate commerce, including but not limited to the United States mails, telephone communications, and the facilities of the national securities exchanges and markets. Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 27.

28.    Rivian Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding AP7 and therefore deny the allegations in paragraph 28.  Rivian Defendants further deny that any other purchaser of Rivian stock suffered any damages as a result of Rivian Defendants' conduct.

29.    Rivian Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding Mr. Muhl and therefore deny the allegations in paragraph 29.  Rivian Defendants further deny that any other purchaser of Rivian stock suffered any damages as a result of Rivian Defendants' conduct.

30.    Rivian Defendants admit that Rivian is a Delaware corporation with principal executive offices at 14600 Myford Road, Irvine, California, held an IPO on November 10, 2021, and is currently traded on Nasdaq under the ticker "RIVN." Paragraph 30 purports to describe Rivian's business and its capital structure.  Rivian Defendants admit that the Company issued the Registration Statement, which disclosed this information.  The document speaks for itself, and Rivian Defendants refer to the

-7-

document for its complete contents.  Except as expressly admitted herein, Rivian

Defendants deny each and every allegation in paragraph 30.

31.    Rivian Defendants admit that Dr. Scaringe founded Rivian and has been a
director and Rivian's Chief Executive Officer since it was founded.  Except as
explicitly admitted herein, Rivian Defendants deny the allegations contained in
paragraph 31.

32.    Rivian Defendants admit that Ms. McDonough is, and during the
purported Class Period was, Rivian's Chief Financial Officer, and that she reports to
Dr. Scaringe.  Except as explicitly admitted herein, Rivian Defendants deny the
allegations contained in paragraph 32.

33.    Rivian Defendants admit that Mr. Baker is, and during the purported Class
Period was, Rivian's Chief Accounting Officer.  Except as explicitly admitted herein,
Rivian Defendants deny the allegations contained in paragraph 33.

34.    Rivian Defendants admit that Plaintiffs refer to Dr. Scaringe, Ms.
McDonough, and Mr. Baker collectively as the "Executive Defendants."

35.    Rivian Defendants admit that Dr. Scaringe, Ms. McDonough, and Mr.
Baker participated in managing Rivian.  Except as explicitly admitted herein, Rivian
Defendants deny the allegations contained in paragraph 35.

36.    Rivian Defendants admit that Plaintiffs refer to Rivian, Dr. Scaringe, Ms.
McDonough, and Mr. Baker collectively as the "Exchange Act Defendants."

37.    Rivian Defendants admit that Ms. Schwab was formerly employed by
Rivian and that Ms. Schwab filed a lawsuit against Rivian in California State Court in
Orange County on November 4, 2021.  Rivian Defendants deny the claims Ms.
Schwab asserted in that lawsuit.  Paragraph 37 purports to describe Ms. Schwab's
Statement of Claims.  Rivian Defendants admit that Ms. Schwab filed a Statement of
Claims on November 4, 2021, but deny that Plaintiffs' characterizations and selective
quotations are complete or presented with full context.  The document speaks for itself,
and Rivian Defendants refer to the document for its complete contents.  Rivian

-8-

Defendants admit that The Financial Times published an article regarding Rivian on November 9, 2021, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context. The article speaks for itself, and Rivian Defendants refer to the document for its complete contents. Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 37.

38.     Paragraph 38 purports to describe Ms. Schwab's Statement of Claims. Rivian Defendants admit that Ms. Schwab filed a Statement of Claims on November 4, 2021. The document speaks for itself, and Rivian Defendants refer to the document for its complete contents. Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 38.

39.     Rivian Defendants deny the allegations in paragraph 39. The allegations of this paragraph are based on an anonymous "former employee" who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of his/her alleged statements, and allegations based on these statements are therefore denied.

40.     Rivian Defendants deny the allegations in paragraph 40. The allegations of this paragraph are based on an anonymous "former employee" who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of his/her alleged statements, and allegations based on these statements are therefore denied.

41.     Rivian Defendants deny the allegations in paragraph 41. The allegations of this paragraph are based on an anonymous "former employee" who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

-9-

42.    Rivian Defendants deny the allegations in paragraph 42.  The allegations of this paragraph are based on an anonymous "former employee" who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

43.    Rivian Defendants admit that Dr. Scaringe founded Rivian in Florida in 2009 and that it has been previously known as Mainstream Motors, Inc. and Avera Motors Inc.  Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 43.

44.    Rivian Defendants admit that Abdul Latif Jameel invested in Rivian. Rivian Defendants admit that Rivian moved its operations to the Detroit, Michigan area.  Paragraph 44 purports to describe Rivian's business strategy.  Rivian Defendants admit that the Company issued the Registration Statement, which disclosed this information.  The document speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 44.

45.    Rivian Defendants admit that WGLT published an article regarding Rivian on December 6, 2021, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The article speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 45.

46.    Rivian Defendants admit that Rivian purchased a manufacturing facility in Normal, Illinois in 2017.  Rivian Defendants lack knowledge and information sufficient to form a belief as to whether this "generated public attention" or whether unnamed persons saw this "as a significant first step toward becoming a legitimate auto manufacturer."  Except as explicitly admitted herein, Rivian Defendants deny the

-10-

1   allegations contained in paragraph 46.

2       47.    Rivian Defendants admit that in December 2017, Rivian announced plans

3   to introduce an electric five-passenger truck and an electric seven-passenger SUV in

4   2020.  Except as explicitly admitted herein, Rivian Defendants deny the allegations

5   contained in paragraph 47.

6       48.    Rivian Defendants admit that electrive.com published an article regarding

7   Rivian on January 21, 2018, but deny that Plaintiffs' characterizations and selective

8   quotations are complete or presented with full context.  The article speaks for itself,

9   and Rivian Defendants refer to the document for its complete contents.  Except as

10  explicitly admitted herein, Rivian Defendants deny the allegations contained in

11  paragraph 48.

12      49.    Rivian Defendants lack knowledge and information sufficient to form a

13  belief as to how "other wannabe-EV manufacturers" conduct their business.  Except as

14  explicitly admitted herein, Rivian Defendants deny the allegations contained in

15  paragraph 49.

16      50.    Rivian Defendants deny each and every allegation in paragraph 50.

17      51.    Rivian Defendants admit that Engadget published an article regarding

18  Rivian on May 21, 2018, but deny that Plaintiffs' characterizations and selective

19  quotations are complete or presented with full context.  The article speaks for itself,

20  and Rivian Defendants refer to the document for its complete contents.  Rivian

21  Defendants lack knowledge and information sufficient to form a belief as to Engadget's

22  monthly page views.  Except as explicitly admitted herein, Rivian Defendants deny the

23  allegations contained in paragraph 51.

24      52.    Rivian Defendants admit that Engadget published an article regarding

25  Rivian on May 21, 2018, but deny that Plaintiffs' characterizations and selective

26  quotations are complete or presented with full context.  The article speaks for itself,

27  and Rivian Defendants refer to the document for its complete contents.  Except as

28  explicitly admitted herein, Rivian Defendants deny the allegations contained in

-11-

paragraph 52.

53.    Rivian Defendants admit that Engadget published an article regarding Rivian on May 21, 2018, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The article speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 53.

54.    Rivian Defendants admit that Electrek published an article regarding Rivian on May 24, 2018, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The article speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Rivian Defendants lack knowledge and information sufficient to form a belief as to Electrek's number of monthly readers.  Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 54.

55.    Rivian Defendants admit that Carbuzz published an article regarding Rivian on May 24, 2018, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The article speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 55.

56.    Rivian Defendants admit that EV Obsession published an article regarding Rivian on July 24, 2018, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The article speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 56.

57.    Rivian Defendants admit that EV Obsession published an article regarding Rivian on July 24, 2018, but deny that Plaintiffs' characterizations and selective

-12-

quotations are complete or presented with full context.  The article speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 57.

58.    Rivian Defendants admit that EV Obsession published an article regarding Rivian on July 24, 2018, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The article speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 58.

59.    Rivian Defendants admit that EV Obsession published an article regarding Rivian on July 24, 2018, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The article speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 59.

60.    Rivian Defendants admit that HotCars published an article regarding Rivian on September 16, 2018, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The article speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Rivian Defendants lack knowledge and information sufficient to form a belief as to HotCars' number of monthly readers.  Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 60.

61.    Rivian Defendants admit that Rivian participated in the LA Auto Show on November 26 and 27, 2018.  Paragraph 61 purports to quote descriptions of the R1T and R1S by Rivian.  Rivian Defendants do not know the source of Plaintiffs' quotations; thus, Rivian Defendants lack knowledge and information sufficient to form a belief as to allegations based on these quotations.  Except as explicitly admitted

-13-

herein, Rivian Defendants deny the allegations contained in paragraph 61.

62.    Paragraph 62 purports to quote descriptions of the R1T and R1S by Rivian.  Rivian Defendants do not know the source of Plaintiffs' quotations; thus, Rivian Defendants lack knowledge and information sufficient to form a belief as to allegations based on these quotations.  Rivian Defendants deny each and every allegation in paragraph 62.

63.    Paragraph 63 purports to quote descriptions of the R1T and R1S by Rivian.  Rivian Defendants do not know the source of Plaintiffs' quotations; thus, Rivian Defendants lack knowledge and information sufficient to form a belief as to allegations based on these quotations.  Rivian Defendants deny each and every allegation in paragraph 63.

64.    Paragraph 64 purports to quote descriptions of the R1T and R1S by Rivian.  Rivian Defendants do not know the source of Plaintiffs' quotations; thus, Rivian Defendants lack knowledge and information sufficient to form a belief as to allegations based on these quotations.  Paragraph 64 purports to quote statements made by Sophia Park.  Rivian Defendants do not know the source of Plaintiffs' quotations; thus, Rivian Defendants lack knowledge and information sufficient to form a belief as to allegations based on Ms. Park's alleged statements.  Rivian Defendants deny each and every allegation in paragraph 64.

65.    Rivian Defendants admit that the R1T and R1S were anticipated to be priced starting at $69,000 and $72,500 in November 2018, depending on configuration, and that Rivian accepted preorders in exchange for a refundable $1,000 deposit. Rivian Defendants admit that the R1T and R1S anticipated using a quad-motor system and battery.   Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 65.

66.    Rivian Defendants admit that Dr. Scaringe published a tweet on November 30, 2018, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The tweet speaks for itself, and Rivian

-14-

Defendants refer to the document for its complete contents.  Rivian Defendants admit
that Rivian received preorders for the R1T and R1S beginning in November 2018.
Except as expressly admitted herein, Rivian Defendants deny each and every allegation
in paragraph 66.

67.    Rivian Defendants admit that Rivian published a tweet on December 4,
2018, but deny that Plaintiffs' characterizations and selective quotations are complete
or presented with full context.  The tweet speaks for itself, and Rivian Defendants refer
to the document for its complete contents.  Except as explicitly admitted herein, Rivian
Defendants deny the allegations contained in paragraph 67.

68.    Rivian Defendants deny each and every allegation in paragraph 68.

69.    Rivian Defendants admit that Electrek published an article regarding
Rivian on November 26, 2018, but deny that Plaintiffs' characterizations and selective
quotations are complete or presented with full context.  The article speaks for itself,
and Rivian Defendants refer to the document for its complete contents.  Except as
explicitly admitted herein, Rivian Defendants deny the allegations contained in
paragraph 69.

70.    Rivian Defendants admit that Electrek published an article regarding
Rivian on November 26, 2018, but deny that Plaintiffs' characterizations and selective
quotations are complete or presented with full context.  The article speaks for itself,
and Rivian Defendants refer to the document for its complete contents.  Except as
explicitly admitted herein, Rivian Defendants deny the allegations contained in
paragraph 70.

71.    Rivian Defendants admit that MotorTrend published an article regarding
Rivian on November 26, 2018, but deny that Plaintiffs' characterizations and selective
quotations are complete or presented with full context.  The article speaks for itself,
and Rivian Defendants refer to the document for its complete contents.  Except as
explicitly admitted herein, Rivian Defendants deny the allegations contained in
paragraph 71.

-15-

72.     Rivian Defendants admit that MotorTrend published an article regarding Rivian on November 26, 2018, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The article speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 72.

73.     Rivian Defendants admit that MotorAuthority.com published an article regarding Rivian on December 1, 2018, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The article speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 73.

74.     Rivian Defendants admit that Green Car Reports published an article regarding Rivian on November 26, 2018, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The article speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 74.

75.     Paragraph 75 purports to quote statements made by an unnamed "executive director of insights at auto-market researcher Edmunds."  Rivian Defendants do not know the source of Plaintiffs' quotations, and the identity, credibility, reliability, and accuracy of the unnamed "executive director of insights at auto-market researcher Edmunds" has not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied. Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 75.

76.     Paragraph 76 purports to quote statements made by an unnamed Rivian

-16-

spokesperson.  Rivian Defendants do not know the source of Plaintiffs' quotations, and the identity, credibility, reliability, and accuracy of the unnamed Rivian spokesperson has not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.  Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 76.

77.    Rivian Defendants admit that WGLT published an article regarding Rivian on December 13, 2018, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The article speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Paragraph 77 purports to describe the contents of the Registration Statement.  The document speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 77.

78.    Rivian Defendants admit that TechCrunch published an article regarding Rivian on December 20, 2018, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The article speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 78.

79.    Rivian Defendants admit that TechCrunch published an article regarding Rivian on December 20, 2018, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The article speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 79.

80.    Paragraph 80 purports to quote a characterization of Rivian's participation in the LA Auto Show.  Rivian Defendants do not know the source of Plaintiffs'

-17-

quotations; thus, Rivian Defendants lack knowledge and information sufficient to form a belief as to allegations based on these quotations.  Rivian Defendants admit that Rivian issued a press release on February 15, 2019, which announced an investment by Amazon in Rivian, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The press release speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 80.

81.    Rivian Defendants admit that Greentech Media published an article regarding Rivian on February 20, 2019, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The article speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 81.

82.    Rivian Defendants admit that Greentech Media published an article regarding Rivian on February 20, 2019, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The article speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 82.

83.    Rivian Defendants admit that Greentech Media published an article regarding Rivian on February 20, 2019, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The article speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 83.

84.    Rivian Defendants admit that Greentech Media published an article regarding Rivian on February 20, 2019, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The article speaks for

-18-

itself, and Rivian Defendants refer to the document for its complete contents.  Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 84.

85.    Paragraph 85 purports to quote statements by an unnamed source.  Rivian Defendants do not know the source of Plaintiffs' quotations; thus, Rivian Defendants lack knowledge and information sufficient to form a belief as to allegations based on the unnamed source's alleged statements.  Rivian Defendants admit that Tesla announced its EV truck named the Cybertruck in or around November 21, 2019, with an announced base price of $39,900. Rivian Defendants lack knowledge and information sufficient to form a belief as to the number of Cybertruck preorders.  Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 85.

86.    Rivian Defendants admit that Reuters published an article regarding Rivian on January 25, 2020, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The article speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Rivian Defendants admit that Electrek published an article regarding Rivian on January 26, 2020, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The article speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 86.

87.    Rivian Defendants admit that Rivian lowered the anticipated prices of the R1T and R1S to start at $67,500 and $70,000, depending on configuration, in November 2020.

88.    Paragraph 88 purports to convey statements by Rivian to its customers in April 2020, May 2020, and July 2020.  Rivian Defendants do not know the source of Plaintiffs' allegations; thus, Rivian Defendants lack knowledge and information sufficient to form a belief as to allegations based on Rivian's alleged statements.

-19-

1   Except as explicitly admitted herein, Rivian Defendants deny the allegations contained
2   in paragraph 88.

3        89.    Rivian Defendants admit that CNET.com published an article regarding
4   Rivian on May 28, 2021, but deny that Plaintiffs' characterizations and selective
5   quotations are complete or presented with full context.  The article speaks for itself,
6   and Rivian Defendants refer to the document for its complete contents.  Rivian
7   Defendants admit that CNET.com published an article regarding Rivian on July 19,
8   2021, but deny that Plaintiffs' characterizations and selective quotations are complete
9   or presented with full context.  The article speaks for itself, and Rivian Defendants
10  refer to the document for its complete contents.  Except as explicitly admitted herein,
11  Rivian Defendants deny the allegations contained in paragraph 89.

12       90.    Rivian Defendants admit that Rivian produced its first customer vehicle
13  on September 14, 2021.  Rivian Defendants admit that Rivian produced 12 R1Ts and
14  delivered 11 R1Ts to customers by September 30, 2021.  Rivian Defendants admit that
15  Rivian announced on December 20, 2021, that it had delivered two R1Ss to Dr.
16  Scaringe and Ms. McDonough the previous week.  Except as explicitly admitted
17  herein, Rivian Defendants deny the allegations contained in paragraph 90.

18       91.    Rivian Defendants admit that CNET.com published an article regarding
19  Rivian on May 28, 2021, but deny that Plaintiffs' characterizations and selective
20  quotations are complete or presented with full context.  The article speaks for itself,
21  and Rivian Defendants refer to the document for its complete contents.  Except as
22  explicitly admitted herein, Rivian Defendants deny the allegations contained in
23  paragraph 91.

24       92.    Rivian Defendants admit that Bloomberg published an article regarding
25  Rivian on February 9, 2021, but deny that Plaintiffs' characterizations and selective
26  quotations are complete or presented with full context.  The article speaks for itself,
27  and Rivian Defendants refer to the document for its complete contents.  Rivian
28  Defendants admit that Bloomberg published an article regarding Rivian on May 28,

-20-

2021, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context. The article speaks for itself, and Rivian Defendants refer to the document for its complete contents. Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 92.

93.     Rivian Defendants admit that Rivian confidentially submitted a Form DRS (on S-1) with the SEC on August 24, 2021. The Form DRS speaks for itself, and Rivian Defendants refer to the document for its complete contents. Rivian Defendants admit that Rivian announced on August 27, 2021, that it had confidentially submitted a draft registration statement with the SEC relating to the proposed public offering of its common stock. Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 93.

94.     Rivian Defendants admit that Rivian filed a Form S-1 with the SEC on October 1, 2021. Rivian Defendants also admit that Rivian filed Form S-1/As with the SEC on October 22, 2021, November 1, 2021, and November 5, 2021. Rivian Defendants admit that Rivian issued the Registration Statement. The document speaks for itself, and Rivian Defendants refer to the document for its complete contents. Rivian Defendants admit that Rivian filed a Form 424(B)(4) with the SEC on November 12, 2021. The document speaks for itself, and Rivian Defendants refer to the document for its complete contents. Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 94.

95.     Rivian Defendants admit that the SEC declared the Registration Statement effective on November 9, 2021. Rivian Defendants admit that Rivian issued the Registration Statement. The document speaks for itself, and Rivian Defendants refer to the document for its complete contents. Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 95.

96.     Rivian Defendants admit that Rivian issued the Registration Statement. The document speaks for itself, and Rivian Defendants refer to the document for its complete contents. Except as expressly admitted herein, Rivian Defendants deny each

-21-

1   and every allegation in paragraph 96.

2         97.    Rivian Defendants admit that Rivian issued the Registration Statement.

3   The document speaks for itself, and Rivian Defendants refer to the document for its

4   complete contents.  Except as expressly admitted herein, Rivian Defendants deny each

5   and every allegation in paragraph 97.

6         98.    Rivian Defendants admit that Rivian issued the Registration Statement.

7   The document speaks for itself, and Rivian Defendants refer to the document for its

8   complete contents.  Except as expressly admitted herein, Rivian Defendants deny each

9   and every allegation in paragraph 98.

10        99.    Rivian Defendants admit that Rivian issued the Registration Statement.

11  The document speaks for itself, and Rivian Defendants refer to the document for its

12  complete contents.  Except as expressly admitted herein, Rivian Defendants deny each

13  and every allegation in paragraph 99.

14        100.   Rivian Defendants admit that Rivian issued the Registration Statement.

15  The document speaks for itself, and Rivian Defendants refer to the document for its

16  complete contents.  Except as expressly admitted herein, Rivian Defendants deny each

17  and every allegation in paragraph 100.

18        101.   Rivian Defendants admit that on or about November 10, 2021, Rivian

19  commenced its IPO, and its Class A common stock began trading on the Nasdaq the

20  same day.

21        102.   Rivian Defendants admit that on or around November 15, 2021, Rivian

22  completed its IPO.  Paragraph 102 purports to state the gross proceeds Rivian raised in

23  the IPO before deducting underwriting discounts and commissions and estimated

24  offering expenses payable by the Company, the number of Rivian shares offered in the

25  IPO, the price of the Rivian shares offered in the IPO, and the exercise of an option by

26  the underwriters to purchase additional Rivian shares.  Rivian Defendants admit that

27  the Company filed a Form 8-K with the SEC on November 16, 2021, which disclosed

28  this information.  The document speaks for itself, and Rivian Defendants refer to the

-22-

document for its complete contents.  Paragraph 102 purports to characterize the relative size of Rivian's IPO.  Rivian Defendants lack knowledge and information sufficient to form a belief as to this allegation.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 102.

103.   Rivian Defendants admit that Rivian conducted a roadshow in connection with its IPO.  Rivian Defendants admit that Rivian created a slide deck in connection with the roadshow, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The document speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 103.

104.   Rivian Defendants admit that Rivian conducted a roadshow in connection with its IPO.  Rivian Defendants admit that Rivian created a slide deck in connection with the roadshow, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The document speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 104.

105.   Rivian Defendants admit that The Wall Street Journal published an article regarding Rivian on November 10, 2021, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The article speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as explicitly admitted herein, Rivian Defendants deny the allegations contained in paragraph 105.

106.   Rivian Defendants admit that MotorTrend published an article regarding Rivian on August 27, 2021, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The article speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Rivian Defendants admit that The Financial Times published an article regarding Rivian on November 9, 2021, but deny that Plaintiffs' characterizations and selective quotations

-23-

1  are complete or presented with full context.  The article speaks for itself, and Rivian

2  Defendants refer to the document for its complete contents.  Except as explicitly

3  admitted herein, Rivian Defendants deny the allegations contained in paragraph 106.

4      107.   Rivian Defendants admit that E&E News published an article regarding

5  Rivian on September 20, 2021, but deny that Plaintiffs' characterizations and selective

6  quotations are complete or presented with full context.  The article speaks for itself,

7  and Rivian Defendants refer to the document for its complete contents.  Rivian

8  Defendants admit that The Wall Street Journal published an article regarding Rivian on

9  November 1, 2021, but deny that Plaintiffs' characterizations and selective quotations

10  are complete or presented with full context.  The article speaks for itself, and Rivian

11  Defendants refer to the document for its complete contents.  Except as explicitly

12  admitted herein, Rivian Defendants deny the allegations contained in paragraph 107.

13      108.   Rivian Defendants admit that MotorTrend published an article regarding

14  Rivian on November 10, 2021, but deny that Plaintiffs' characterizations and selective

15  quotations are complete or presented with full context.  The article speaks for itself,

16  and Rivian Defendants refer to the document for its complete contents.  Except as

17  explicitly admitted herein, Rivian Defendants deny the allegations contained in

18  paragraph 108.

19      109.   The allegations in paragraph 109 purport to refer to the price of Rivian's

20  stock and the valuation of Rivian, General Motors, and Ford.  Rivian Defendants refer

21  to public records of such stock prices and valuations.  Except as expressly admitted

22  herein, Rivian Defendants deny each and every allegation in paragraph 109.

23      110.   Rivian Defendants admit that Rivian issued periodic public filings with

24  the SEC.  Those documents speak for themselves, and Rivian Defendants refer to the

25  document for their complete contents.  Except as expressly admitted herein, Rivian

26  Defendants deny each and every allegation in paragraph 110.

27      111.   Rivian Defendants deny the allegations in paragraph 111.  The allegations

28  of this paragraph are based on an anonymous "former employee" who may or may not

-24-

exist and whose identity, credibility, reliability, and accuracy have not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

112.    Rivian Defendants deny each and every allegation in paragraph 112.

113.    Rivian Defendants admit that in 2018, Rivian set its anticipated pricing for the R1T and R1S starting at $69,000 and $72,500, respectively, depending on configuration, and began taking preorders.  Except as expressly admitted herein, Rivian Defendants deny the allegations in paragraph 113.  The allegations of this paragraph are based on an anonymous "former employee" who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

114.    Rivian Defendants deny the allegations in paragraph 114.  The allegations of this paragraph are based on an anonymous "former employee" who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

115.    Rivian Defendants deny the allegations in paragraph 115.  The allegations of this paragraph are based on an anonymous "former employee" who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

116.    Rivian Defendants deny the allegations in paragraph 116.  The allegations of this paragraph are based on anonymous "former employees" who may or may not

-25-

exist and whose identities, credibility, reliability, and accuracy have not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

117.  Rivian Defendants deny the allegations in paragraph 117.  The allegations of this paragraph are based on anonymous "former employees" who may or may not exist and whose identities, credibility, reliability, and accuracy have not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

118.  Rivian Defendants deny the allegations in paragraph 118.  The allegations of this paragraph are based on anonymous "former employees" who may or may not exist and whose identities, credibility, reliability, and accuracy have not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

119.  The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 119.

120.  Rivian Defendants deny the allegations in paragraph 120.  The allegations of this paragraph are based on anonymous "former employees" who may or may not exist and whose identities, credibility, reliability, and accuracy have not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

121.  Rivian Defendants deny the allegations in paragraph 121.  The allegations of this paragraph are based on an anonymous "former employee" who may or may not exist and whose identities, credibility, reliability, and accuracy have not been

-26-

established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

122.   Rivian Defendants deny each and every allegation in paragraph 122.

123.   Rivian Defendants deny each and every allegation in paragraph 123.

124.   Rivian Defendants admit that Rivian issued the Registration Statement. The document speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 124.

125.   Rivian Defendants admit that Rivian issued the Registration Statement. The document speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Rivian Defendants admit that Rivian filed a Form 10-Q with the SEC on December 17, 2021.  The document speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 125.

126.   The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants admit that Rivian issued the Registration Statement.  The document speaks for itself, and Rivian Defendants refer to the document for its complete contents. Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 126.

127.   Rivian Defendants admit that Rivian issued the Registration Statement. The document speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 127.

128.   The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 128.

-27-

129.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 129.

130.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 130.

131.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 131.

132.    Rivian Defendants admit that Rivian issued the Registration Statement. The document speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 132.

133.    Rivian Defendants admit that Piper Sandler published an analyst report regarding Rivian on December 5, 2021, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The report speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 133.

134.    Rivian Defendants admit that Wedbush published an analyst report regarding Rivian on December 5, 2021, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The report speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 134.

135.    Rivian Defendants admit that Wedbush published an analyst report regarding Rivian on December 5, 2021, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The report speaks for

-28-

itself, and Rivian Defendants refer to the document for its complete contents.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 135.

136.   Rivian Defendants admit that Barclays published an analyst report regarding Rivian on December 6, 2021, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The report speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 136.

137.   The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 137.

138.   Rivian Defendants admit that an earnings call took place on December 16, 2021, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The transcript of that earnings call speaks for itself, and Rivian Defendants refer to the transcript for its complete contents.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 138.

139.   The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 139.

140.   Paragraph 140 purports to refer to the statements of unnamed analysts. The identities, credibility, reliability, and accuracy of these unnamed analysts have not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.  Rivian Defendants admit that Deutsche Bank published an analyst report regarding Rivian on December 17, 2021, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The report speaks for itself, and Rivian Defendants refer to the document

-29-

for its complete contents.  Rivian Defendants admit that Wolfe Research published an
analyst report regarding Rivian on January 6, 2022, but deny that Plaintiffs'
characterizations and selective quotations are complete or presented with full context.
The report speaks for itself, and Rivian Defendants refer to the document for its
complete contents.  Except as expressly admitted herein, Rivian Defendants deny each
and every allegation in paragraph 140.

141.   Rivian Defendants admit that on February 1, 2022, Rivian announced that
its fourth quarter and full year 2021 financial results would be released on March 10,
2022.  Rivian Defendants admit that Rivian announced changes to the anticipated
pricing for the R1T and R1S on March 1, 2022.  Except as expressly admitted herein,
Rivian Defendants deny each and every allegation in paragraph 141.

142.   Rivian Defendants admit that Rivian sent an email to preorders holders on
March 1, 2022, but deny that Plaintiffs' characterizations and selective quotations are
complete or presented with full context.  The email speaks for itself, and Rivian
Defendants refer to the document for its complete contents.  Except as expressly
admitted herein, Rivian Defendants deny each and every allegation in paragraph 142.

143.   Rivian Defendants admit that Rivian sent an email to preorder holders on
March 1, 2022, but deny that Plaintiffs' characterizations and selective quotations are
complete or presented with full context.  The email speaks for itself, and Rivian
Defendants refer to the document for its complete contents.  Except as expressly
admitted herein, Rivian Defendants deny each and every allegation in paragraph 143.

144.   Rivian Defendants admit that InsideEVs.com published an article
regarding Rivian on March 1, 2022, but deny that Plaintiffs' characterizations and
selective quotations are complete or presented with full context.  The article speaks for
itself, and Rivian Defendants refer to the document for its complete contents.  Rivian
Defendants admit that Vice published an article regarding Rivian on March 2, 2022,
but deny that Plaintiffs' characterizations and selective quotations are complete or
presented with full context.  The article speaks for itself, and Defendants refer to the

-30-

1  document for its complete contents.  Except as expressly admitted herein, Rivian
2  Defendants deny each and every allegation in paragraph 144.

3      145.  Rivian Defendants admit that Electrek published an article regarding
4  Rivian on March 1, 2022, but deny that Plaintiffs' characterizations and selective
5  quotations are complete or presented with full context.  The article speaks for itself,
6  and Rivian Defendants refer to the document for its complete contents.  Except as
7  expressly admitted herein, Rivian Defendants deny each and every allegation in
8  paragraph 145.

9      146.  Paragraph 146 purports to refer to the statements of unnamed media
10 outlets and industry analysts.  The identities, credibility, reliability, and accuracy of
11 these unnamed media outlets and industry outlets have not been established; Rivian
12 Defendants thus lack knowledge and information sufficient to form a belief as to the
13 truth of their alleged statements, and allegations based on these statements are
14 therefore denied.  Rivian Defendants admit that Vice published an article regarding
15 Rivian on March 2, 2022, but deny that Plaintiffs' characterizations and selective
16 quotations are complete or presented with full context.  The article speaks for itself,
17 and Rivian Defendants refer to the document for its complete contents.  Except as
18 expressly admitted herein, Rivian Defendants deny each and every allegation in
19 paragraph 146.

20     147.  Rivian Defendants admit that RBC published an analyst report regarding
21 Rivian on March 3, 2022, but deny that Plaintiffs' characterizations and selective
22 quotations are complete or presented with full context.  The report speaks for itself, and
23 Rivian Defendants refer to the document for its complete contents.  Rivian Defendants
24 admit that Deutsche Bank published an analyst report regarding Rivian on March 3,
25 2022, but deny that Plaintiffs' characterizations and selective quotations are complete
26 or presented with full context.  The report speaks for itself, and Rivian Defendants
27 refer to the document for its complete contents.  Paragraph 147 purports to refer to the
28 statements of unnamed internet forum posters.  The identities, credibility, reliability,

-31-

and accuracy of these unnamed internet forum posters have not been established;
Rivian Defendants thus lack knowledge and information sufficient to form a belief as
to the truth of their alleged statements, and allegations based on these statements are
therefore denied.  Except as expressly admitted herein, Rivian Defendants deny each
and every allegation in paragraph 147.

148.   Paragraph 148 purports to describe prices of Rivian stock, which are
matters of public record.  Rivian Defendants refer to such public records.

149.   Rivian Defendants admit that Rivian published a letter on March 3, 2022,
but deny that Plaintiffs' characterizations are complete or presented with full context.
The letter speaks for itself, and Rivian Defendants refer to the document for its
complete contents.  Paragraph 149 purports to refer to the statements of unnamed
analysts. The identities, credibility, reliability, and accuracy of these unnamed analysts
have not been established; Rivian Defendants thus lack knowledge and information
sufficient to form a belief as to the truth of their alleged statements, and allegations
based on these statements are therefore denied.  Rivian Defendants admit that RBC
published an analyst report regarding Rivian on March 3, 2022, but deny that
Plaintiffs' characterizations and selective quotations are complete or presented with
full context.  The report speaks for itself, and Rivian Defendants refer to the document
for its complete contents.  Except as expressly admitted herein, Rivian Defendants
deny each and every allegation in paragraph 149.

150.   Rivian Defendants admit that The Wall Street Journal published an article
regarding Rivian on March 3, 2022, but deny that Plaintiffs' characterizations and
selective quotations are complete or presented with full context.  The article speaks for
itself, and Rivian Defendants refer to the document for its complete contents.  Rivian
Defendants admit that Reuters published an article regarding Rivian on March 3, 2022,
but deny that Plaintiffs' characterizations and selective quotations are complete or
presented with full context.  The article speaks for itself, and Rivian Defendants refer
to the document for its complete contents.  The allegations in paragraph 150 purport to

-32-

refer to the price of Rivian's stock.  Rivian Defendants refer to public records of such

stock prices.  Except as expressly admitted herein, Rivian Defendants deny each and

every allegation in paragraph 150.

151.   The allegations in paragraph 151 purport to refer to the price of Rivian's

stock.  Rivian Defendants refer to public records of such stock prices.  Paragraph 151

purports to refer to the statements of unnamed analysts.  The identities, credibility,

reliability, and accuracy of these unnamed analysts have not been established; Rivian

Defendants thus lack knowledge and information sufficient to form a belief as to the

truth of their alleged statements, and allegations based on these statements are

therefore denied.  Rivian Defendants admit that Wolfe Research published an analyst

report regarding Rivian on March 9, 2022, but deny that Plaintiffs' characterizations

and selective quotations are complete or presented with full context.  The report speaks

for itself, and Rivian Defendants refer to the document for its complete contents.

Except as expressly admitted herein, Rivian Defendants deny each and every allegation

in paragraph 151.

152.   Rivian Defendants admit that Rivian filed a Form 8-K with the SEC on

March 10, 2022, but deny that Plaintiffs' characterizations and selective quotations are

complete or presented with full context.  The document speaks for itself, and Rivian

Defendants refer to the document for its complete contents.  Except as expressly

admitted herein, Rivian Defendants deny each and every allegation in paragraph 152.

153.   Rivian Defendants admit that J.P. Morgan published an analyst report

regarding Rivian on March 11, 2022, but deny that Plaintiffs' characterizations and

selective quotations are complete or presented with full context.  The report speaks for

itself, and Rivian Defendants refer to the document for its complete contents.  Except

as expressly admitted herein, Rivian Defendants deny each and every allegation in

paragraph 153.

154.   Rivian Defendants admit that Deutsche Bank published an analyst report

regarding Rivian on March 11, 2022, but deny that Plaintiffs' characterizations and

-33-

selective quotations are complete or presented with full context.  The report speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 154.

155.   The allegations in paragraph 155 purport to refer to the price of Rivian's stock.  Rivian Defendants refer to public records of such stock prices.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 155.

156.   The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 156.

157.   Rivian Defendants admit that Rivian issued the Registration Statement. The document speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 157.

158.   The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 158.

159.   Rivian Defendants admit that Rivian issued the Registration Statement. The document speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 159.

160.   Rivian Defendants admit that Rivian issued the Registration Statement. The document speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 160.

161.   The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian

-34-

1    Defendants deny each and every allegation in paragraph 161.

2        162.   The allegations in this paragraph contain assertions or legal conclusions as
3    to which no response is required.  To the extent a response is required, Rivian
4    Defendants deny each and every allegation in paragraph 162.

5        163.   The allegations in this paragraph contain assertions or legal conclusions as
6    to which no response is required.  To the extent a response is required, Rivian
7    Defendants deny each and every allegation in paragraph 163.

8        164.   Rivian Defendants admit that an earnings call took place on December 16,
9    2021, but deny that Plaintiffs' characterizations and selective quotations are complete
10   or presented with full context.  The transcript of that earnings call speaks for itself, and
11   Rivian Defendants refer to the transcript for its complete contents.  Except as expressly
12   admitted herein, Rivian Defendants deny each and every allegation in paragraph 164.

13       165.   The allegations in this paragraph contain assertions or legal conclusions as
14   to which no response is required. To the extent a response is required, Rivian
15   Defendants deny each and every allegation in paragraph 165.

16       166.   Rivian Defendants admit that an earnings call took place on December 16,
17   2021, but deny that Plaintiffs' characterizations and selective quotations are complete
18   or presented with full context.  The transcript of that earnings call speaks for itself, and
19   Rivian Defendants refer to the transcript for its complete contents.  Except as expressly
20   admitted herein, Rivian Defendants deny each and every allegation in paragraph 166.

21       167.   Rivian Defendants admit that an earnings call took place on December 16,
22   2021, but deny that Plaintiffs' characterizations and selective quotations are complete
23   or presented with full context.  The transcript of that earnings call speaks for itself, and
24   Rivian Defendants refer to the transcript for its complete contents.  Except as expressly
25   admitted herein, Rivian Defendants deny each and every allegation in paragraph 167.

26       168.   The allegations in this paragraph contain assertions or legal conclusions as
27   to which no response is required. To the extent a response is required, Rivian
28   Defendants deny each and every allegation in paragraph 168.

RIVIAN DEFS' ANSWER TO AMEND. CONSOL. COMPL.
CASE NO. 2:22-cv-01524-JLS-E

169.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 169.

170.    Rivian Defendants admit that Rivian filed a Form 10-Q with the SEC on December 17, 2021, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context. The document speaks for itself, and Rivian Defendants refer to the document for its complete contents. Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 170.

171.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 171.

172.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 172.

173.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 173.

174.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 174.

175.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 175.

176.    Rivian Defendants admit that InsideEVs.com published an article regarding Rivian on March 1, 2022, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context. The report speaks for itself, and Rivian Defendants refer to the document for its complete contents. Rivian Defendants admit that Vice published an article regarding Rivian on March 2, 2022,

-36-

but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context. The report speaks for itself, and Rivian Defendants refer to the document for its complete contents. Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 176.

177. Rivian Defendants admit that Electrek published an article regarding Rivian on March 1, 2022, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context. The report speaks for itself, and Rivian Defendants refer to the document for its complete contents. Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 177.

178. Paragraph 178 purports to describe prices of Rivian stock, which are matters of public record. Rivian Defendants refer to such public records. Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 178.

179. Paragraph 179 purports to refer to the statements of unnamed market analysts and commentators. The identities, credibility, reliability, and accuracy of these unnamed market analysts and commentators have not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied. Rivian Defendants admit that RBC published an analyst report regarding Rivian on March 1, 2022, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context. The report speaks for itself, and Rivian Defendants refer to the document for its complete contents. Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 179.

180. Rivian Defendants admit that The Wall Street Journal published an article regarding Rivian on March 3, 2022, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context. The article speaks for itself, and Rivian Defendants refer to the document for its complete contents. Except

-37-

as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 180.

181.    Rivian Defendants admit that Bloomberg published an article regarding Rivian on March 3, 2022, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The article speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Rivian Defendants admit that Barron's published an article regarding Rivian on March 2, 2022, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The article speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 181.

182.    Rivian Defendants admit that Business Wire published an article regarding Rivian on March 3, 2022, but deny that Plaintiffs' characterizations are complete or presented with full context.  The article speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Paragraph 182 purports to refer to the statements of unnamed analysts. The identities, credibility, reliability, and accuracy of these unnamed analysts have not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied. Rivian Defendants admit that RBC published an analyst report regarding Rivian on March 3, 2022, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The report speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 182.

183.    Paragraph 183 purports to refer to the statements of unnamed market commentators.  The identities, credibility, reliability, and accuracy of these unnamed market commentators have not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged

-38-

statements, and allegations based on these statements are therefore denied. Rivian Defendants admit that The Wall Street Journal published an article regarding Rivian on March 3, 2022, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context. The article speaks for itself, and Rivian Defendants refer to the document for its complete contents. Rivian Defendants admit that Reuters published an article regarding Rivian on March 3, 2022, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context. The article speaks for itself, and Rivian Defendants refer to the document for its complete contents. Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 183.

184. Paragraph 184 purports to describe prices of Rivian stock, which are matters of public record. Rivian Defendants refer to such public records. Paragraph 184 purports to refer to the statements of unnamed analysts. The identities, credibility, reliability, and accuracy of these unnamed analysts have not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied. Rivian Defendants admit that Wolfe Research published an analyst report regarding Rivian on March 9, 2022, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context. The report speaks for itself, and Rivian Defendants refer to the document for its complete contents. Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 184.

185. Rivian Defendants admit that Rivian filed a Form 8-K with the SEC on March 10, 2022, but deny that Rivian Plaintiffs' characterizations and selective quotations are complete or presented with full context. The document speaks for itself, and Rivian Defendants refer to the document for its complete contents. Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 185.

-39-

186.    Paragraph 186 purports to describe prices of Rivian stock, which are matters of public record.  Rivian Defendants refer to such public records.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 186.

187.    Paragraph 187 purports to refer to the statements of unnamed analysts. The identities, credibility, reliability, and accuracy of these unnamed analysts have not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.  Rivian Defendants admit that J.P. Morgan published an analyst report regarding Rivian on March 11, 2022, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context. The report speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 187.

188.    Rivian Defendants admit that Deutsche Bank published an analyst report regarding Rivian on March 11, 2022, but deny that Plaintiffs' characterizations and selective quotations are complete or presented with full context.  The report speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 188.

189.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 189.

190.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 190.

191.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian

-40-

Defendants deny each and every allegation in paragraph 191.

192.   The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 192.

193.   Rivian Defendants deny the allegations in paragraph 193.  The allegations of this paragraph are based on anonymous "former employees" who may or may not exist and whose identities, credibility, reliability, and accuracy have not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

194.   Rivian Defendants deny the allegations in paragraph 194.  The allegations of this paragraph are based on an anonymous "former employee" who may or may not exist and whose identity, credibility, reliability, and accuracy has not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

195.   Rivian Defendants deny the allegations in paragraph 195.  The allegations of this paragraph are based on an anonymous "former employee" who may or may not exist and whose identity, credibility, reliability, and accuracy has not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

196.   Rivian Defendants deny the allegations in paragraph 196.  The allegations of this paragraph are based on anonymous "former employees" who may or may not exist and whose identities, credibility, reliability, and accuracy have not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

-41-

197.    Rivian Defendants deny each and every allegation in paragraph 197.

198.    Rivian Defendants deny each and every allegation in paragraph 198.

199.    Rivian Defendants admit that Ms. Schwab filed a lawsuit against Rivian in California State Court in Orange County on November 4, 2021.  Rivian Defendants deny the claims Ms. Schwab asserted in that lawsuit.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 199.

200.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, and except as expressly admitted in ¶¶ 118-121, Rivian Defendants deny each and every allegation in paragraph 200.

201.    Except as expressly admitted in ¶¶ 47-109, Rivian Defendants deny each and every allegation in paragraph 201.

202.    Except as expressly admitted in ¶¶ 47-84, Rivian Defendants deny each and every allegation in paragraph 202.

203.    Except as expressly admitted in ¶¶ 10, 94-104, 124-125, and 138, Rivian Defendants deny each and every allegation in paragraph 203.

204.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, and except as expressly admitted in ¶¶ 141-155, Rivian Defendants deny each and every allegation in paragraph 204.

205.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 205.

206.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.

207.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 207.

208.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 208.

209.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 209.

210.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 210.

211.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 211.

212.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 212.

213.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defs deny each and every allegation in paragraph 213.

214.    Rivian Defendants repeat each and every response contained above and further respond as follows.

215.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 215.

216.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 216.

217.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian

-43-

1    Defendants deny each and every allegation in paragraph 217.

2        218.    The allegations in this paragraph contain assertions or legal conclusions as

3    to which no response is required.  To the extent a response is required, Rivian

4    Defendants deny each and every allegation in paragraph 218.

5        219.    The allegations in this paragraph contain assertions or legal conclusions as

6    to which no response is required.  To the extent a response is required, Rivian

7    Defendants deny each and every allegation in paragraph 219.

8        220.    The allegations in this paragraph contain assertions or legal conclusions as

9    to which no response is required.  To the extent a response is required, Rivian

10   Defendants deny each and every allegation in paragraph 220.

11       221.    Rivian Defendants repeat each and every response contained above and

12   further respond as follows.

13       222.    The allegations in this paragraph contain assertions or legal conclusions as

14   to which no response is required.  To the extent a response is required, Rivian

15   Defendants deny each and every allegation in paragraph 222.

16       223.    The allegations in this paragraph contain assertions or legal conclusions as

17   to which no response is required.  To the extent a response is required, Rivian

18   Defendants deny each and every allegation in paragraph 223.

19       224.    The allegations in this paragraph contain assertions or legal conclusions as

20   to which no response is required.  To the extent a response is required, Rivian

21   Defendants deny each and every allegation in paragraph 224.

22       225.    Rivian Defendants admit that Plaintiffs purport to assert claims under

23   Sections 11, 12, and 15 of the Securities Act, 15 U.S.C. §§ 77k, 77l, and 77o.  Rivian

24   Defendants deny violating Sections 11, 12, and 15 of the Securities Act, 15 U.S.C. §§

25   77k, 77l, and 77o.  Except as expressly admitted herein, Rivian Defendants deny each

26   and every allegation in paragraph 225.

27       226.    Rivian Defendants admit that this Court has jurisdiction over this action.

28       227.    Rivian Defendants admit that venue is proper in this District.  Rivian

-44-

Defendants admit that Rivian is headquartered and conducts business in this District.
Rivian Defendants deny Plaintiffs' allegation that any wrongful acts occurred in this
District.  Except as explicitly admitted herein, Rivian Defendants deny the allegations
contained in paragraph 227.

228.   Rivian Defendants admit that they have used instrumentalities of interstate
commerce, including but not limited to the United States mails, telephone
communications, and the facilities of the national securities exchanges and markets.
Except as explicitly admitted herein, Rivian Defendants deny the allegations contained
in paragraph 228.

229.   Rivian Defendants admit that Ms. Boone has been a Rivian Director since
at least the beginning of the purported Class Period.  Except as explicitly admitted
herein, Rivian Defendants deny the allegations contained in paragraph 229.

230.   Rivian Defendants admit that Mr. Flatley has been a Rivian Director since
at least the beginning of the purported Class Period.  Except as explicitly admitted
herein, Rivian Defendants deny the allegations contained in paragraph 230.

231.   Rivian Defendants admit that Mr. Krawiec has been a Rivian Director
since at least the beginning of the purported Class Period.  Except as explicitly
admitted herein, Rivian Defendants deny the allegations contained in paragraph 231.

232.   Rivian Defendants admit that Ms. Marcario has been a Rivian Director
since at least the beginning of the purported Class Period.  Except as explicitly
admitted herein, Rivian Defendants deny the allegations contained in paragraph 232.

233.   Rivian Defendants admit that Mr. Schwartz has been a Rivian Director
since at least the beginning of the purported Class Period.  Except as explicitly
admitted herein, Rivian Defendants deny the allegations contained in paragraph 233.

234.   Rivian Defendants admit that Ms. Thomas-Graham has been a Rivian
Director since at least the beginning of the purported Class Period.  Except as explicitly
admitted herein, Rivian Defendants deny the allegations contained in paragraph 234.

235.   Rivian Defendants admit that Plaintiffs refer to Ms. Boone, Mr. Flatley,

-45-

Mr. Krawiec, Ms. Marcario, Mr. Schwartz, and Ms. Thomas-Graham collectively as the "Director Defendants."

236.  Rivian Defendants deny the allegations of Paragraph 236, except admit that Morgan Stanley served as an underwriter for the IPO and respectfully refer the Court to the Registration Statement for a description of the underwriting arrangements relating thereto.  Rivian Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding Mr. Muhl's acquisition of Rivian Class A common stock.

237.  Rivian Defendants deny the allegations of Paragraph 237, except admit that Goldman Sachs served as an underwriter for the IPO and respectfully refer the Court to the Registration Statement for a description of the underwriting arrangements relating thereto.

238.  Rivian Defendants deny the allegations of Paragraph 238, except admit that J.P. Morgan served as an underwriter for the IPO and respectfully refer the Court to the Registration Statement for a description of the underwriting arrangements relating thereto.

239.  Rivian Defendants deny the allegations of Paragraph 239, except admit that Barclays served as an underwriter for the IPO and respectfully refer the Court to the Registration Statement for a description of the underwriting arrangements relating thereto.

240.  Rivian Defendants deny the allegations of Paragraph 240, except admit that Deutsche Bank served as an underwriter for the IPO and respectfully refer the Court to the Registration Statement for a description of the underwriting arrangements relating thereto.

241.  Rivian Defendants deny the allegations of Paragraph 241, except admit that Allen & Company served as an underwriter for the IPO and respectfully refer the Court to the Registration Statement for a description of the underwriting arrangements relating thereto.

-46-

242.  Rivian Defendants deny the allegations of Paragraph 242, except admit that BofA served as an underwriter for the IPO and respectfully refer the Court to the Registration Statement for a description of the underwriting arrangements relating thereto.

243.  Rivian Defendants deny the allegations of Paragraph 243, except admit that Mizuho served as an underwriter for the IPO and respectfully refer the Court to the Registration Statement for a description of the underwriting arrangements relating thereto.

244.  Rivian Defendants deny the allegations of Paragraph 244, except admit that Wells Fargo served as an underwriter for the IPO and respectfully refer the Court to the Registration Statement for a description of the underwriting arrangements relating thereto.

245.  Rivian Defendants deny the allegations of Paragraph 245, except admit that Nomura served as an underwriter for the IPO and respectfully refer the Court to the Registration Statement for a description of the underwriting arrangements relating thereto.

246.  Rivian Defendants deny the allegations of Paragraph 246, except admit that Piper Sandler served as an underwriter for the IPO and respectfully refer the Court to the Registration Statement for a description of the underwriting arrangements relating thereto.

247.  Rivian Defendants deny the allegations of Paragraph 247, except admit that RBC served as an underwriter for the IPO and respectfully refer the Court to the Registration Statement for a description of the underwriting arrangements relating thereto.

248.  Rivian Defendants deny the allegations of Paragraph 248, except admit that Robert W. Baird served as an underwriter for the IPO and respectfully refer the Court to the Registration Statement for a description of the underwriting arrangements relating thereto.

-47-

249.   Rivian Defendants deny the allegations of Paragraph 249, except admit that Wedbush served as an underwriter for the IPO and respectfully refer the Court to the Registration Statement for a description of the underwriting arrangements relating thereto.

250.   Rivian Defendants deny the allegations of Paragraph 250, except admit that Academy served as an underwriter for the IPO and respectfully refer the Court to the Registration Statement for a description of the underwriting arrangements relating thereto.

251.   Rivian Defendants deny the allegations of Paragraph 251, except admit that Blaylock Van served as an underwriter for the IPO and respectfully refer the Court to the Registration Statement for a description of the underwriting arrangements relating thereto.

252.   Rivian Defendants deny the allegations of Paragraph 252, except admit that Cabrera served as an underwriter for the IPO and respectfully refer the Court to the Registration Statement for a description of the underwriting arrangements relating thereto.

253.   Rivian Defendants deny the allegations of Paragraph 253, except admit that C.L. King served as an underwriter for the IPO and respectfully refer the Court to the Registration Statement for a description of the underwriting arrangements relating thereto.

254.   Rivian Defendants deny the allegations of Paragraph 254, except admit that Loop served as an underwriter for the IPO and respectfully refer the Court to the Registration Statement for a description of the underwriting arrangements relating thereto.

255.   Rivian Defendants deny the allegations of Paragraph 255, except admit that Samuel A. Ramirez served as an underwriter for the IPO and respectfully refer the Court to the Registration Statement for a description of the underwriting arrangements relating thereto.

-48-

256.   Rivian Defendants deny the allegations of Paragraph 256, except admit that Siebert Williams Shank served as an underwriter for the IPO and respectfully refer the Court to the Registration Statement for a description of the underwriting arrangements relating thereto.

257.   Rivian Defendants deny the allegations of Paragraph 257, except admit that Tigress served as an underwriter for the IPO and respectfully refer the Court to the Registration Statement for a description of the underwriting arrangements relating thereto.

258.   Rivian Defendants admit that Plaintiffs refer to Morgan Stanley, Goldman Sachs, J.P. Morgan, Barclays, Deutsche Bank, Allen & Company, BofA, Mizuho, Wells Fargo, Nomura, Piper Sandler, RBC, Robert W. Baird, Wedbush, Academy, Blaylock Van, Cabrera, C.L. King, Loop, Samuel A. Ramirez, Siebert Williams Shank, and Tigress are collectively as the "Underwriter Defendants."

259.   Rivian Defendants admit that Rivian issued the Registration Statement. The document speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 259.

260.   Rivian Defendants admit that Rivian issued the Registration Statement. The document speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Rivian Defendants admit that the Company filed a Form 8-K with the SEC on November 16, 2021, which disclosed the exercise of the Underwriter Defendants' right to purchase additional shares of Rivian Class A common stock.  The document speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 260.

261.   Rivian Defendants admit that together with the Exchange Act Defendants, Plaintiffs refer to the Director Defendants, and the Underwriter Defendants collectively as the "Securities Act Defendants."

-49-

262.   Rivian Defendants admit that Plaintiffs purport to assert a series of strict-liability and negligence claims under Sections 11, 12(a)(2), and 15 of the Securities Act on behalf of all persons or entities who purchased or otherwise acquired Rivian Class A common stock in or traceable to the IPO and pursuant to the Registration Statement.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 262.

263.   Rivian Defendants admit that Plaintiffs purport to assert Securities Act claims against Rivian, the Executive Defendants, the Director Defendants, and the Underwriter Defendants.  Rivian Defendants admit that Plaintiffs purport to assert Section 12(a)(2) claims against the Underwriter Defendants.  Rivian Defendants admit that Plaintiffs purport to assert control person liability under Section 15 of the Securities Act against the Executive Defendants and the Director Defendants.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 263.

264.   The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 264.

265.   The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 265.

266.   The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 266.

267.   Rivian Defendants admit that Rivian confidentially submitted a Form DRS (on S-1) with the SEC on August 24, 2021.  The Form DRS speaks for itself, and Rivian Defendants refer to the document for its complete contents.  Rivian Defendants admit that Rivian filed a Form S-1 with the SEC on October 1, 2021.  Rivian Defendants also admit that Rivian filed Form S-1/As with the SEC on October 22,

-50-

2021, November 1, 2021, and November 5, 2021.  Rivian Defendants admit that

Rivian issued the Registration Statement.  The document speaks for itself, and Rivian

Defendants refer to the document for its complete contents.  Rivian Defendants admit

that Rivian filed a Form 424(B)(4) with the SEC on November 12, 2021.  The

document speaks for itself, and Rivian Defendants refer to the document for its

complete contents.  Except as expressly admitted herein, Rivian Defendants deny each

and every allegation in paragraph 267.

268.   Rivian Defendants admit that the SEC declared the Registration Statement

effective on November 9, 2021.  Rivian Defendants admit that Rivian issued the

Registration Statement.  The document speaks for itself, and Rivian Defendants refer

to the document for its complete contents.  Rivian Defendants admit that the Company

filed a Form 8-K with the SEC on November 16, 2021, which disclosed the exercise of

the Underwriter Defendants' right to purchase additional shares of Rivian Class A

common stock.  The document speaks for itself, and Rivian Defendants refer to the

document for its complete contents.  Except as expressly admitted herein, Rivian

Defendants deny each and every allegation in paragraph 268.

269.   Rivian Defendants admit that Rivian issued the Registration Statement.

The document speaks for itself, and Rivian Defendants refer to the document for its

complete contents.  Except as expressly admitted herein, Rivian Defendants deny each

and every allegation in paragraph 269.

270.   Rivian Defendants admit that on or about November 10, 2021, Rivian

commenced its IPO, and its Class A common stock began trading on the Nasdaq the

same day.

271.   Rivian Defendants admit that on or around November 15, 2021, Rivian

completed its IPO.  Paragraph 271 purports to state the gross proceeds Rivian raised in

the IPO before deducting underwriting discounts and commissions and estimated

offering expenses payable by the Company, the number of Rivian shares offered in the

IPO, the price of the Rivian shares offered in the IPO, and the exercise of an option by

-51-

the underwriters to purchase additional Rivian shares.  Rivian Defendants admit that

the Company filed a Form 8-K with the SEC on November 16, 2021, which disclosed

this information.  The document speaks for itself, and Rivian Defendants refer to the

document for its complete contents.  Except as expressly admitted herein, Rivian

Defendants deny each and every allegation in paragraph 271.

272.   Rivian Defendants lack knowledge and information sufficient to form a

belief as to the truth of the allegations regarding the Underwriter Defendants and

therefore deny the allegations in paragraph 272.

273.   Rivian Defendants admit that Rivian issued period public filings with the

SEC.  Those documents speak for themselves, and Rivian Defendants refer to the

document for their complete contents.  Except as expressly admitted herein, Rivian

Defendants deny each and every allegation in paragraph 273.

274.   Rivian Defendants deny the allegations in paragraph 274.  The allegations

of this paragraph are based on an anonymous "former employee" who may or may not

exist and whose identity, credibility, reliability, and accuracy have not been established;

Rivian Defendants thus lack knowledge and information sufficient to form a belief as

to the truth of their alleged statements, and allegations based on these statements are

therefore denied.

275.   Rivian Defendants deny each and every allegation in paragraph 275.

276.   Rivian Defendants admit that in 2018, Rivian announced its anticipated

pricing for the R1T and R1S starting at $69,000 and $72,500, respectively, depending

on configuration, and began taking preorders.  Except as expressly admitted herein,

Rivian Defendants deny the allegations in paragraph 276.  The allegations of this

paragraph are based on an anonymous "former employee" who may or may not exist

and whose identity, credibility, reliability, and accuracy have not been established;

Rivian Defendants thus lack knowledge and information sufficient to form a belief as

to the truth of their alleged statements, and allegations based on these statements are

therefore denied.

-52-

277.    Rivian Defendants deny the allegations in paragraph 277.  The allegations
of this paragraph are based on an anonymous "former employee" who may or may not
exist and whose identity, credibility, reliability, and accuracy have not been established;
Rivian Defendants thus lack knowledge and information sufficient to form a belief as
to the truth of their alleged statements, and allegations based on these statements are
therefore denied.

278.    Rivian Defendants deny the allegations in paragraph 278.  The allegations
of this paragraph are based on an anonymous "former employee" who may or may not
exist and whose identity, credibility, reliability, and accuracy have not been established;
Rivian Defendants thus lack knowledge and information sufficient to form a belief as
to the truth of their alleged statements, and allegations based on these statements are
therefore denied.

279.    Rivian Defendants deny the allegations in paragraph 279.  The allegations
of this paragraph are based on anonymous "former employees" who may or may not
exist and whose identities, credibility, reliability, and accuracy have not been
established; Rivian Defendants thus lack knowledge and information sufficient to form
a belief as to the truth of their alleged statements, and allegations based on these
statements are therefore denied.

280.    Rivian Defendants deny the allegations in paragraph 280.  The allegations
of this paragraph are based on anonymous "former employees" who may or may not
exist and whose identities, credibility, reliability, and accuracy have not been
established; Rivian Defendants thus lack knowledge and information sufficient to form
a belief as to the truth of their alleged statements, and allegations based on these
statements are therefore denied.

281.    Rivian Defendants deny the allegations in paragraph 281.  The allegations
of this paragraph are based on anonymous "former employees" who may or may not
exist and whose identities, credibility, reliability, and accuracy have not been
established; Rivian Defendants thus lack knowledge and information sufficient to form

-53-

a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

282.   Rivian Defendants deny each and every allegation in paragraph 282.

283.   Rivian Defendants deny the allegations in paragraph 283.  The allegations of this paragraph are based on anonymous "former employees" who may or may not exist and whose identities, credibility, reliability, and accuracy have not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

284.   Rivian Defendants deny the allegations in paragraph 284.  The allegations of this paragraph are based on anonymous "former employees" who may or may not exist and whose identities, credibility, reliability, and accuracy have not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

285.   Rivian Defendants deny the allegations in paragraph 285.  The allegations of this paragraph are based on anonymous "former employees" who may or may not exist and whose identities, credibility, reliability, and accuracy have not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

286.   Rivian Defendants deny the allegations in paragraph 286.  The allegations of this paragraph are based on anonymous "former employees" who may or may not exist and whose identities, credibility, reliability, and accuracy have not been established; Rivian Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

287.   Rivian Defendants deny each and every allegation in paragraph 287.

-54-

1    288.   Rivian Defendants deny each and every allegation in paragraph 288.

2    289.   The allegations in this paragraph contain assertions or legal conclusions as

3 to which no response is required.  To the extent a response is required, Rivian

4 Defendants deny each and every allegation in paragraph 289.

5    290.   The allegations in this paragraph contain assertions or legal conclusions as

6 to which no response is required.  To the extent a response is required, Rivian

7 Defendants deny each and every allegation in paragraph 290.

8    291.   Rivian Defendants deny each and every allegation in paragraph 291.

9    292.   The allegations in paragraph 292 purport to refer to the price of Rivian's

10 stock.  Rivian Defendants refer to public records of such stock prices.  Except as

11 expressly admitted herein, Rivian Defendants deny each and every allegation in

12 paragraph 292.

13    293.   The allegations in this paragraph contain assertions or legal conclusions as

14 to which no response is required.  To the extent a response is required, Rivian

15 Defendants deny each and every allegation in paragraph 293.

16    294.   Rivian Defendants admit that Rivian issued the Registration Statement.

17 The document speaks for itself, and Rivian Defendants refer to the document for its

18 complete contents.  Except as expressly admitted herein, Rivian Defendants deny each

19 and every allegation in paragraph 294.

20    295.   The allegations in this paragraph contain assertions or legal conclusions as

21 to which no response is required.  To the extent a response is required, Rivian

22 Defendants deny each and every allegation in paragraph 295.

23    296.   Rivian Defendants admit that Rivian issued the Registration Statement.

24 The document speaks for itself, and Rivian Defendants refer to the document for its

25 complete contents.  Except as expressly admitted herein, Rivian Defendants deny each

26 and every allegation in paragraph 296.

27    297.   Rivian Defendants admit that Rivian issued the Registration Statement.

28 The document speaks for itself, and Rivian Defendants refer to the document for its

complete contents.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 297.

298.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 298.

299.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 299.

300.    Rivian Defendants deny each and every allegation in paragraph 300.

301.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants admit that Rivian issued the Registration Statement.  The document speaks for itself, and Rivian Defendants refer to the document for its complete contents. Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 301.

302.    Rivian Defendants deny each and every allegation in paragraph 302.

303.    Rivian Defendants admit that paragraph 303 purports to cite to Item 105 of Regulation S-K.  Item 105 speaks for itself.  Rivian Defendants deny that Plaintiffs' characterization of Item 105 is complete or accurate.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 303.

304.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 304.

305.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 305.

306.    Rivian Defendants admit that paragraph 306 purports to cite to Item 303 and the SEC's related interpretive releases.  Item 303 and the SEC's related interpretive

-56-

releases speak for themselves.  Rivian Defendants deny that Plaintiffs' characterization
of Item 303 and the SEC's related interpretive releases is complete or accurate.  Except
as expressly admitted herein, Rivian Defendants deny each and every allegation in
paragraph 306.

307.   Rivian Defendants admit that paragraph 307 purports to cite to Item 303
and the SEC's related interpretive releases.  Item 303 and the SEC's related interpretive
releases speak for themselves.  Rivian Defendants deny that Plaintiffs' characterization
of Item 303 and the SEC's related interpretive releases is complete or accurate.  Except
as expressly admitted herein, Rivian Defendants deny each and every allegation in
paragraph 307.

308.   Rivian Defendants admit that paragraph 308 purports to cite to Item 303
and the SEC's related interpretive releases.  Item 303 and the SEC's related interpretive
releases speak for themselves.  Rivian Defendants deny that Plaintiffs' characterization
of Item 303 and the SEC's related interpretive releases is complete or accurate.  Except
as expressly admitted herein, Rivian Defendants deny each and every allegation in
paragraph 308.

309.   Rivian Defendants admit that paragraph 309 purports to cite to Item 303
and the SEC's related interpretive releases.  Item 303 and the SEC's related interpretive
releases speak for themselves.  Rivian Defendants deny that Plaintiffs' characterization
of Item 303 and the SEC's related interpretive releases is complete or accurate.  Except
as expressly admitted herein, Rivian Defendants deny each and every allegation in
paragraph 309.

310.   Rivian Defendants admit that paragraph 310 purports to cite to Item 303
and the SEC's related interpretive releases.  Item 303 and the SEC's related interpretive
releases speak for themselves.  Rivian Defendants deny that Plaintiffs' characterization
of Item 303 and the SEC's related interpretive releases is complete or accurate.  Except
as expressly admitted herein, Rivian Defendants deny each and every allegation in
paragraph 310.

-57-

311.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 311.

312.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 312.

313.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 313.

314.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 314.

315.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 315.

316.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defs deny each and every allegation in paragraph 316.

317.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 317.

318.    Rivian Defendants repeat each and every response contained above and further respond as follows.

319.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 319.

320.    Rivian Defendants admit that each of the Executive and Director Defendants signed the Registration Statement and that the SEC declared it effective on

-58-

or about November 9, 2021.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 320.

321.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 321.

322.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 322.

323.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 323.

324.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 324.

325.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 325.

326.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 326.

327.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 327.

328.    Rivian Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' acquisition of Rivian Class A common stock; thus, Rivian Defendants deny the allegations in paragraph 328.

329.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian

-59-

Defendants deny each and every allegation in paragraph 329.

330.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 330.

331.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants admit that the initial complaint in this action was filed less than three years from the time of Rivian's IPO, and except as expressly admitted herein, deny each and every allegation in paragraph 331.

332.    The allegations in this paragraph are not alleged against the Rivian Defendants.  To the extent a response is required, Rivian Defendants repeat each and every response contained above and further respond as follows.

333.    The allegations in this paragraph are not alleged against the Rivian Defendants.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 333.

334.    The allegations in this paragraph are not alleged against the Rivian Defendants.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 334.

335.    The allegations in this paragraph are not alleged against the Rivian Defendants.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 335.

336.    The allegations in this paragraph are not alleged against the Rivian Defendants.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 336.

337.    The allegations in this paragraph are not alleged against the Rivian Defendants.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 337.

338.    The allegations in this paragraph are not alleged against the Rivian

Defendants.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 338.

339.   The allegations in this paragraph are not alleged against the Rivian Defendants.  To the extent a response is required, Rivian Defendants admit that the initial complaint in this action was filed less than three years from the time of Rivian's IPO.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 339.

340.   Rivian Defendants repeat each and every response contained above and further respond as follows.

341.   Rivian Defendants admit that Plaintiffs purport to assert claims under §15 of the Securities Act against the Executive and Director Defendants.  Except as expressly admitted herein, Rivian Defendants deny each and every allegation in paragraph 341.

342.   The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants deny each and every allegation in paragraph 323.  Rivian Defendants deny each and every allegation in paragraph 342.

343.   Rivian Defendants deny each and every allegation in paragraph 343.

344.   The allegations in this paragraph contain assertions or legal conclusions as to which no response is required.  To the extent a response is required, Rivian Defendants admit that the initial complaint in this action was filed less than three years from the time of Rivian's IPO, and except as expressly admitted herein, deny each and every allegation in paragraph 344.

345.   Rivian Defendants admit that Plaintiffs purport to bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who purchased or otherwise acquired Rivian's Class A common stock during the purported class period and were damaged thereby, excluding Rivian Defendants and certain affiliated parties.  Rivian Defendants deny that this action may

-61-

1  be properly maintained as a class action and deny that any persons who purchased

2  Rivian Class A common stock suffered damages.  Except as explicitly admitted herein,

3  Rivian Defendants deny each and every allegation in paragraph 345.

4      346.    Rivian Defendants admit that throughout the purported class period,

5  Rivian common stock was traded on the Nasdaq.  Plaintiffs' allegation that "members

6  of the Class are so numerous that joinder of all members is impracticable" is a legal

7  conclusion, to which no response is required.  To the extent that this allegation purports

8  to contain a factual assertion requiring a response, Rivian Defendants lack knowledge

9  and information sufficient to form a belief as to the truth of allegations concerning the

10 number of potential members of the putative class that Plaintiffs seek to define, and on

11 that basis deny them.  Except as explicitly admitted herein, Rivian Defendants deny

12 each and every allegation in paragraph 346.

13     347.    The allegations in this paragraph contain assertions or legal conclusions as

14 to which no response is required.  To the extent that this paragraph purports to contain

15 factual assertions requiring a response, Rivian Defendants lack knowledge and

16 information sufficient to form a belief as to the truth of allegations concerning the

17 purported typicality of the claims of Plaintiffs, and on that basis deny them.  Rivian

18 Defendants deny the remaining allegations contained in paragraph 347.

19     348.    The allegations in this paragraph contain assertions or legal conclusions as

20 to which no response is required.  To the extent that this paragraph purports to contain

21 factual assertions requiring a response, Rivian Defendants lack knowledge and

22 information sufficient to form a belief as to the truth of allegations concerning the

23 purported adequacy of Plaintiffs or their counsel, and on that basis deny them.  Rivian

24 Defendants deny the remaining allegations contained in paragraph 348.

25     349.    The allegations in this paragraph contain assertions or legal conclusions as

26 to which no response is required.  To the extent that this paragraph purports to contain

27 factual assertions requiring a response, Rivian Defendants lack knowledge and

28 information sufficient to form a belief as to the truth of allegations concerning

-62-

purported commonality of the claims of the putative class, and on that basis deny them.
Rivian Defendants deny the remaining allegations contained in paragraph 349.

350.  The allegations in this paragraph contain assertions or legal conclusions as
to which no response is required.  To the extent a response is required, Rivian
Defendants deny each and every allegation in paragraph 350.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

If any false or misleading statement was made in, or if any material fact required
to be stated or necessary to make any statement not misleading was omitted from, the
Registration Statement, which Rivian Defendants deny, then every act or omission was
done or omitted in good faith conformity with the rules and regulations of the
Securities and Exchange Commission and, therefore, pursuant to Section 19(a) of the
Securities Act of 1933, there is no liability for any act or omission alleged.

### Second Affirmative Defense

If any false or misleading statement was made, or if any material fact required to
be stated or necessary to make any statement not misleading was omitted, which
Rivian Defendants deny, then every act or omission was done or omitted in good faith
conformity with the rules and regulations of the Securities and Exchange Commission
and, therefore, pursuant to Section 23(a) of the Securities Act of 1934, there is no
liability for any act or omission alleged.

### Third Affirmative Defense

Rivian Defendants may be entitled to a right of contribution and/or
indemnification from other individuals or entities whose acts or omissions may have
contributed to the occurrence of the alleged injury, damage and/or loss, if any, should
Plaintiffs receive judgment against the Rivian Defendants.

### Fourth Affirmative Defense

The Executive Defendants and Director Defendants had, after reasonable
investigation or due diligence, reasonable ground to believe and did believe, at the time

-63-

Rivian's Registration Statement became effective, that the statements therein were true
and that there was no omission to state a material fact required to be stated therein or
necessary to make the statements therein not misleading.

Fifth Affirmative Defense

Even assuming that Rivian Defendants did "offer[] or sell[] a security . . . , by
means of a prospectus . . . , which include[d] an untrue statement of a material fact or
omit[ted] to state a material fact necessary in order to make the statements, in the light
of the circumstances under which they were made, not misleading," the Rivian
Defendants did not know, and in the exercise of reasonable care could not have known,
of such untruth or omission.  15 U.S.C. Code §77l(a)(2).

Sixth Affirmative Defense

The claims of Plaintiffs and members of the putative class are barred, in
whole or in part, because many of the matters now claimed by the Complaint to be
the subject of misrepresentations or omissions were publicly disclosed or were in
the public domain at the relevant time and, as such, were received by, or otherwise
available to, Plaintiffs and members of the putative class and were at all times
reflected in the price of Rivian's securities.

Seventh Affirmative Defense

If any false or misleading statement was made, or if any material fact required to
be stated or necessary to make any statement not misleading was omitted, which
Rivian Defendants deny, then the claims of Plaintiffs and members of the putative
class based on alleged violations of the Exchange Act of 1933 or the Securities
Exchange Act of 1934 are barred, in whole or in part, because Plaintiffs and members
of the putative class were aware of the misstatement or omission and/or did not rely
upon those in purchasing Rivian securities.

Eighth Affirmative Defense

Any recovery for damages allegedly incurred by Plaintiffs or members of the
putative class based on alleged violations of the Securities Exchange Act of 1934 is

-64-

barred, in whole or in part, by the damages limitations in Section 21D(e) of the
Exchange Act, 15 U.S.C. § 78u-4(e).

Ninth Affirmative Defense

Any recovery for damages allegedly incurred by Plaintiffs or members of the
putative class based on alleged violations of the Securities Exchange Act of 1934 is
limited to the percentage of responsibility by a defendant in proportion to the total fault
of all persons, named as parties to this action or not, who caused or contributed to such
alleged damages, pursuant to Section 21D(f) of the Securities Exchange Act of 1934,
15 U.S.C. § 78u-4(f)(3)(A).

Tenth Affirmative Defense

The Executive Defendants and Director Defendants, with regard to any part of
Rivian's Registration Statement purporting to have been made on the authority of an
expert or purporting to be a copy of or extract from a report or work product of an
expert, had no reasonable ground to believe and did not believe, at the time that such
part of Rivian's Registration Statement became effective, that the statements therein
were untrue and that there was an omission to state a material fact required to be stated
therein or necessary to make the statements therein not misleading, and that such part
of Rivian's Registration Statement did not fairly represent the statement of the expert
or was not a fair copy of or an extract from the report or work product of the expert.

Eleventh Affirmative Defense

Each Plaintiff and member of the putative class would have acquired Rivian
securities even if, when those securities were acquired, each Plaintiff and member of
the putative class would have known of the allegedly untrue statements of material
fact, omissions of material fact, or misleading statements or other wrongful conduct
upon which Rivian Defendants' purported liability rests.

Twelfth Affirmative Defense

If any false or misleading statement was made, or if any material fact required to
be stated or necessary to make any statement not misleading was omitted, which

-65-

Rivian Defendants deny, then the claims of Plaintiffs and members of the putative class based on alleged violations of the Securities Exchange Act of 1934 are barred, in whole or in part, because such misrepresentations did not cause or were not a material causal factor in the decline in the price of Rivian securities alleged in the Complaint.

Thirteenth Affirmative Defense

The claims of Plaintiffs and members of the putative class cannot be maintained because superseding or intervening events caused some or all of the alleged damages.

Fourteenth Affirmative Defense

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, because any increase or decrease in the value of Rivian securities was and is, wholly or partially, the result of market conditions or other factors and not the result of any alleged wrongful conduct by Rivian Defendants.

Fifteenth Affirmative Defense

Any recovery for damages allegedly incurred by Plaintiffs or members of the putative class is subject to offset in the amount of any benefit received by Plaintiffs or members of the putative class through their investments, including by not limited to any tax, insurance, or indemnification benefit, or proceeds received from hedging or short selling.

Sixteenth Affirmative Defense

To the extent the claims asserted by Plaintiffs and members of the putative class are based on any predictions, expressions of opinion or forward-looking statements, such claims are not actionable under the statutory safe harbor in the Private Securities Litigation Reform Act, 15 U.S.C. §§ 78u-5(c), 77z-2(c), and/or the bespeaks caution doctrine.

Seventeenth Affirmative Defense

All or a portion of the damages alleged by Plaintiffs and members of the putative class are attributable to causes other than any actions or omissions for which Rivian Defendants allegedly are responsible.

-66-

## Eighteenth Affirmative Defense

Each and every one of the Defendants alleged to be a control person under Section 15 of the Securities Act of 1933 had no knowledge of or reasonable grounds to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist.

## Nineteenth Affirmative Defense

Each and every one of the Rivian Defendants alleged to be a control person under Section 20(a) of the Securities Exchange Act of 1934 had no knowledge of or reasonable grounds to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist.

## Twentieth Affirmative Defense

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification, laches and/or unclean hands.

## Twenty-First Affirmative Defense

Plaintiffs and members of the putative class are barred from claiming injury or damage, if any, because they failed to make reasonable efforts to mitigate such injury or damage, which would have prevented their injury or damages, if any.

## Twenty-Second Affirmative Defense

Plaintiffs and members of the putative class would be unjustly enriched if they were permitted to obtain any recovery in this action.

## Twenty-Third Affirmative Defense

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, by the doctrine of assumption of risk. Plaintiffs and members of the putative class knew the risks inherent in investing in the securities at issue and thus assumed the risk of a decline in the value of their investments.

## Twenty-Fourth Affirmative Defense

To the extent that it may be determined that any Defendant is responsible for the

-67-

alleged losses of Plaintiffs and members of the putative class, and acted with the state of mind required under the Exchange Act, such mental state and actions may not be attributed to any other Defendant.

Twenty-Fifth Affirmative Defense

The claims of Plaintiffs and members of the putative class based on alleged violations of the Securities Act of 1933 are barred, in whole or in part, because they are unable to trace the purchase of their Rivian securities to Rivian's Registration Statement or show that their purchase of Rivian securities was by means of the challenged prospectus.

Twenty-Sixth Affirmative Defense

The claims of Plaintiffs and members of the putative class are not properly maintainable as a class action.

Twenty-Seventh Affirmative Defense

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, on the grounds that Rivian Defendants had no duty to disclose information allegedly omitted in their public statements, that Rivian Defendants had no duty to update information that was truthful and accurate when made, and that Rivian Defendants had no duty to correct information that they reasonably believed was truthful and accurate when made.

Twenty-Eighth Affirmative Defense

Each and every one of the Rivian Defendants cannot be held liable for statements that they did not make or cause to be made.

Twenty-Ninth Affirmative Defense

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, because the alleged misstatements were never the subject of a corrective disclosure.

Thirtieth Affirmative Defense

The claims of Plaintiffs and members of the putative class are barred, in whole

-68-

or in part, because Rivian's management relied, in good faith, and was entitled to rely, on advice and information provided by Rivian's professional advisors, both within and outside of Rivian, and others on whom Rivian was entitled to rely.

Thirty-First Affirmative Defense

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, because the alleged damages, if any, are speculative and impossible to ascertain.

Thirty-Second Affirmative Defense

Plaintiffs and members of the putative class are not entitled to prejudgment interest.

Thirty-Third Affirmative Defense

Plaintiffs and members of the putative class are not entitled to recover counsel fees, expert fees, or other costs or expenses.

Thirty-Fourth Affirmative Defense

The Executive Defendants and Director Defendants did not offer or sell shares of Rivian Class A common stock in Rivian's IPO within the meaning of Section 12(a)(2) of the Securities Act.

Thirty-Fifth Affirmative Defense

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, because any alleged misstatements in the Registration Statement and Prospectus are non-actionable statements because the Registration Statement and Prospectus contained sufficient cautionary language and risk disclosures.

Thirty-Sixth Affirmative Defense

Plaintiffs' claims are barred to the extent they rely on documents and statements not incorporated into the Registration Statement and Prospectus, or on statements that were modified or superseded by those documents.

Thirty-Seventh Affirmative Defense

The claims of Plaintiffs and members of the putative class are barred, in whole

-69-

or in part, to the extent that Plaintiffs and the purported class members held, have

disposed of, or could have disposed of their securities at a price in excess of the

offering price.

Thirty-Eighth Affirmative Defense

The purported misrepresentations or omissions alleged in this action had no

impact on the price of Rivian securities.

Thirty-Ninth Affirmative Defense

Rivian hereby adopts and incorporates by reference any and all other defenses

asserted, or that may hereafter be asserted, by any other Defendant in this action to the

extent that such defense is applicable to Rivian.

Additional Affirmative Defenses

Rivian Defendants may have additional, as yet unidentified affirmative or

additional defenses available against the Plaintiffs and/or putative class members and

thus reserve the right to assert such defenses in a timely fashion after the facts to

support such defenses become known to them.

WHEREFORE, Rivian Defendants pray that the Court enter judgment as

follows:

1.    That judgment be entered in favor of Rivian Defendants;

2.    That Plaintiffs and the putative class take nothing from Rivian Defendants

by this Complaint, and that the same be dismissed with prejudice;

3.    For such other and further relief as this Court deems just and proper.

Dated: August 7, 2023          FRESHFIELDS BRUCKHAUS DERINGER US LLP

By: /s/ *Boris Feldman*
          Boris Feldman

*Attorneys for Rivian Defendants*

-70-