1   JAMES N. KRAMER
2   (SBN 154709)
    jkramer@orrick.com
    ALEXANDER K. TALARIDES
3   (SBN 268068)
    atalarides@orrick.com
4   ORRICK, HERRINGTON
    & SUTCLIFFE LLP
5   405 Howard Street
    San Francisco, California 94105
6   Telephone: (415) 773-5700
    Facsimile: (415) 773-5759
7
8   RICHARD A. JACOBSEN
    (*Admitted Pro Hac Vice*)
    rjacobsen@orrick.com
9   DARRELL S. CAFASSO
    (*Admitted Pro Hac Vice*)
10  dcafasso@orrick.com
    JENNIFER KEIGHLEY
11  (*Admitted Pro Hac Vice*)
    jkeighley@orrick.com
12  ORRICK, HERRINGTON
    & SUTCLIFFE LLP
13  51 West 52nd Street
    New York, New York 10019
14  Telephone: (212) 506-5000
    Facsimile: (212) 506-5151
15
16  *Attorneys for Underwriter Defendants*

17              **UNITED STATES DISTRICT COURT**

18              **CENTRAL DISTRICT OF CALIFORNIA**

19                   **WESTERN DIVISION**

20

21  CHARLES LARRY CREWS, JR.,            Case No. 2:22-cv-01524-JLS-E
22  Individually and on Behalf of All Others
    Similarly Situated,                   **UNDERWRITER**
23                                         **DEFENDANTS' ANSWER TO**
                 Plaintiffs,               **AMENDED CONSOLIDATED**
24                                         **CLASS ACTION COMPLAINT**
              v.                           **FOR VIOLATIONS OF THE**
25                                         **FEDERAL SECURITIES LAWS**
    RIVIAN AUTOMOTIVE, INC., et al.,
26
                 Defendants.
27

28

                                          ANSWER TO AMENDED CONSOLIDATED
                                          CLASS ACTION COMPLAINT
                                          CASE NO. 2:22-CV-01524-JLS-E

Defendants Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Barclays Capital Inc., Deutsche Bank Securities Inc., Allen & Company LLC, BofA Securities, Inc., Mizuho Securities USA LLC, Wells Fargo Securities, LLC, Nomura Securities International, Inc., Piper Sandler & Co., RBC Capital Markets, LLC, Robert W. Baird & Co. Inc., Wedbush Securities Inc., Academy Securities, Inc., Blaylock Van, LLC, Cabrera Capital Markets LLC, C.L. King & Associates, Inc., Loop Capital Markets LLC, Samuel A. Ramirez & Co., Inc., Siebert Williams Shank & Co., LLC, and Tigress Financial Partners LLC (collectively, the "Underwriter Defendants"), by their attorneys, hereby answer the Amended Consolidated Class Action Complaint (the "Complaint"), filed by Lead Plaintiff Sjunde AP-Fonden and additional plaintiff James Stephen Muhl, individually and on behalf of all other persons and entities similarly situated (collectively, "Plaintiffs") against the Underwriter Defendants, Rivian Automotive, Inc. ("Rivian"); and Robert J. Scaringe, Claire McDonough, Jeffrey R. Baker, Karen Boone, Sanford Schwartz, Rose Marcario, Peter Krawiec, Jay Flatley, and Pamela Thomas-Graham (collectively, the "Individual Defendants," and together with the Underwriter Defendants and Rivian, the "Defendants").

Any allegation not explicitly admitted is denied. The Underwriter Defendants do not, by noting or admitting that the Complaint purports to characterize or quote particular documents, admit the truth of any assertion in the referenced document. Moreover, headings and footnotes contained within the Complaint are not substantive allegations to which an answer is required. To the extent headings are substantive allegations to which an answer is required, the Underwriter Defendants deny the allegations. To the extent footnotes in the Complaint are deemed to be substantive allegations, then the response to the Paragraph in which the footnote is found is the Underwriter Defendants' response to the footnote as well. In addition, because Plaintiffs' causes of action against the Underwriter Defendants incorporate only Sections XI-XIV of the Complaint, the Underwriter Defendants are required to

ANSWER TO AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT
CASE NO. 2:22-CV-01524-JLS-E

respond only to Sections XI-XIV of the Complaint.  To the extent Sections I-X of the Complaint are deemed to be allegations to which Underwriter Defendants are required to respond, the Underwriter Defendants join and incorporate the responses to Sections I-X of the Complaint filed by Rivian and the Individual Defendants (collectively, the "Rivian Defendants"), and otherwise deny those allegations to the extent they assert or suggest that the Offering Documents (defined below) were false or misleading or that the Underwriter Defendants are liable to Plaintiffs for any alleged losses.

In collectively responding to the allegations of the Complaint, the Underwriter Defendants: (1) incorporate into each such response a denial of all allegations in the Complaint (including those outside of the knowledge or information of the Underwriter Defendants) to the extent they assert or suggest that the registration statement, as amended, effective on November 9, 2021 (the "Registration Statement"), and prospectus effective on November 9, 2021 (the "Prospectus," and together with the Registration Statement, the "Offering Documents") for the November 10, 2021, initial public offering of Rivian common stock (the "Offering" or "IPO") were false or misleading in any respect, or to the extent they assert any factual allegations that are inconsistent with or contrary to the Offering Documents, to which the Underwriter Defendants refer for a complete and accurate statement of their contents; (ii) deny any averments in the headings or subheadings of the Complaint; and (iii) in all events intend to respond only as to allegations directed at each of them individually; and none of them should be deemed to be responding to allegations that are directed solely to other defendants (including without limitation other Underwriter Defendants).

In answer to the Amended Consolidated Class Action Complaint, the Underwriter Defendants state as follows:

The Underwriter Defendants deny the allegations contained in the unnumbered paragraphs on Page 1 of the Complaint to the extent that they suggest that the

ANSWER TO AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT
CASE NO. 2:22-CV-01524-JLS-E

Offering Documents contained material misstatements or omissions, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations appearing on Page 1 of the Complaint.

## I.    **INTRODUCTION**

1.      The Underwriter Defendants aver that the allegations of Paragraph 1 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 1 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

2.      The Underwriter Defendants aver that the allegations of Paragraph 2 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

3.      The Underwriter Defendants aver that the allegations of Paragraph 3 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

4.      The Underwriter Defendants aver that the allegations of Paragraph 4 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

5.      The Underwriter Defendants aver that the allegations of Paragraph 5 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 5 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

6.      The Underwriter Defendants aver that the allegations of Paragraph 6 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 6 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

7.      The Underwriter Defendants aver that the allegations of Paragraph 7 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 7 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

8.     The Underwriter Defendants aver that the allegations of Paragraph 8 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

9.     The Underwriter Defendants aver that the allegations of Paragraph 9 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants refer the Court to the Offering Documents for their true and complete contents, including the number and pricing of shares sold in the IPO.

10.     The Underwriter Defendants aver that the allegations of Paragraph 10 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

11.     The Underwriter Defendants aver that the allegations of Paragraph 11 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 11 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

12.     The Underwriter Defendants aver that the allegations of Paragraph 12 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 12 to the extent that they assert or suggest the Offering Documents were false or misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

13.     The Underwriter Defendants aver that the allegations of Paragraph 13 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 13 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

14.     The Underwriter Defendants aver that the allegations of Paragraph 14 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

15.     The Underwriter Defendants aver that the allegations of Paragraph 15 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

16.    The Underwriter Defendants aver that the allegations of Paragraph 16 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

17.    The Underwriter Defendants aver that the allegations of Paragraph 17 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

18.    The Underwriter Defendants aver that the allegations of Paragraph 18 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

19.    The Underwriter Defendants aver that the allegations of Paragraph 19 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 19 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

20.    The Underwriter Defendants aver that the allegations of Paragraph 20 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

1    Defendants under the Securities Act (Counts III-IV).  To the extent a response is

2    required, the Underwriter Defendants deny that the allegations of Paragraph 20 fully

3    and accurately depict the document referenced therein.

4         21.    The Underwriter Defendants aver that the allegations of Paragraph 21

5    are not directed at the Underwriter Defendants, and therefore the Underwriter

6    Defendants are not required to answer such allegations, including because the

7    paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

8    Defendants under the Securities Act (Counts III-IV).  To the extent a response is

9    required, the Underwriter Defendants deny that the allegations of Paragraph 21 fully

10   and accurately depict the document referenced therein.

11        22.    The Underwriter Defendants aver that the allegations of Paragraph 22

12   are not directed at the Underwriter Defendants, and therefore the Underwriter

13   Defendants are not required to answer such allegations, including because the

14   paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

15   Defendants under the Securities Act (Counts III-IV).  To the extent a response is

16   required, the Underwriter Defendants deny the allegations of Paragraph 22 to the

17   extent that they assert or suggest that the Offering Documents were false and

18   misleading, and respectfully refer the Court to the Offering Documents for their true

19   and complete contents.

20        23.    The Underwriter Defendants aver that the allegations of Paragraph 23

21   are not directed at the Underwriter Defendants, and therefore the Underwriter

22   Defendants are not required to answer such allegations, including because the

23   paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

24   Defendants under the Securities Act (Counts III-IV).  To the extent a response is

25   required, the Underwriter Defendants deny the allegations of Paragraph 23.

26   **II.    <u>JURISDICTION AND VENUE FOR PLAINTIFF'S EXCHANGE ACT</u>**

27        **<u>CLAIMS</u>**

28

ANSWER TO AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT
CASE NO. 2:22-cv-01524-JLS-E

24.     The Underwriter Defendants aver that the allegations of Paragraph 24 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

25.     The Underwriter Defendants aver that the allegations of Paragraph 25 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

26.     The Underwriter Defendants aver that the allegations of Paragraph 26 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 26 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

27.     The Underwriter Defendants aver that the allegations of Paragraph 27 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 27 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

III.    **PARTIES**

    A.    **Plaintiffs**

    28.    The Underwriter Defendants aver that the allegations of Paragraph 28 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 28 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

    29.    The Underwriter Defendants aver that the allegations of Paragraph 29 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 29 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

    B.    **Defendants**

        1.    **Corporate Defendant Rivian**

    30.    The Underwriter Defendants aver that the allegations of Paragraph 30 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

ANSWER TO AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT
CASE NO. 2:22-CV-01524-JLS-E

## 2. Executive Defendants

31.    The Underwriter Defendants aver that the allegations of Paragraph 31 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

32.    The Underwriter Defendants aver that the allegations of Paragraph 32 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

33.    The Underwriter Defendants aver that the allegations of Paragraph 33 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

34.    The Underwriter Defendants aver that the allegations of Paragraph 34 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

35.    The Underwriter Defendants aver that the allegations of Paragraph 35 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 35 to the extent that they assert or suggest that the Offering Documents were false and

1    misleading, and respectfully refer the Court to the Offering Documents for their true
2    and complete contents.

3        36.    The Underwriter Defendants aver that the allegations of Paragraph 36
4    are not directed at the Underwriter Defendants, and therefore the Underwriter
5    Defendants are not required to answer such allegations, including because the
6    paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
7    Defendants under the Securities Act (Counts III-IV).

8            **C.    Relevant Non-Parties—Former Rivian Employees**

9        37.    The Underwriter Defendants aver that the allegations of Paragraph 37
10   are not directed at the Underwriter Defendants, and therefore the Underwriter
11   Defendants are not required to answer such allegations, including because the
12   paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
13   Defendants under the Securities Act (Counts III-IV).  To the extent a response is
14   required, the Underwriter Defendants deny the allegations of Paragraph 37 to the
15   extent that they assert or suggest that the Offering Documents were false and
16   misleading, and respectfully refer the Court to the Offering Documents for their true
17   and complete contents.

18       38.    The Underwriter Defendants aver that the allegations of Paragraph 38
19   are not directed at the Underwriter Defendants, and therefore the Underwriter
20   Defendants are not required to answer such allegations, including because the
21   paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
22   Defendants under the Securities Act (Counts III-IV).

23       39.    The Underwriter Defendants aver that the allegations of Paragraph 39
24   are not directed at the Underwriter Defendants, and therefore the Underwriter
25   Defendants are not required to answer such allegations, including because the
26   paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
27   Defendants under the Securities Act (Counts III-IV).

28

ANSWER TO AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT
CASE NO. 2:22-cv-01524-JLS-E

40.    The Underwriter Defendants aver that the allegations of Paragraph 40 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

41.    The Underwriter Defendants aver that the allegations of Paragraph 41 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

42.    The Underwriter Defendants aver that the allegations of Paragraph 42 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

## IV.    SUMMARY OF THE EXCHANGE ACT DEFENDANTS' FRAUD

### A.    Rivian's Founding and Early Years

43.    The Underwriter Defendants aver that the allegations of Paragraph 43 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

44.    The Underwriter Defendants aver that the allegations of Paragraph 44 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

45.    The Underwriter Defendants aver that the allegations of Paragraph 45 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

46.    The Underwriter Defendants aver that the allegations of Paragraph 46 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

**B.    Rivian Builds the Hype for Its R1T and R1S**

47.    The Underwriter Defendants aver that the allegations of Paragraph 47 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

48.    The Underwriter Defendants aver that the allegations of Paragraph 48 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

49.    The Underwriter Defendants aver that the allegations of Paragraph 49 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

50.    The Underwriter Defendants aver that the allegations of Paragraph 50 are not directed at the Underwriter Defendants, and therefore the Underwriter

1   Defendants are not required to answer such allegations, including because the
2   paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
3   Defendants under the Securities Act (Counts III-IV).

4       51.     The Underwriter Defendants aver that the allegations of Paragraph 51
5   are not directed at the Underwriter Defendants, and therefore the Underwriter
6   Defendants are not required to answer such allegations, including because the
7   paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
8   Defendants under the Securities Act (Counts III-IV).

9       52.     The Underwriter Defendants aver that the allegations of Paragraph 52
10  are not directed at the Underwriter Defendants, and therefore the Underwriter
11  Defendants are not required to answer such allegations, including because the
12  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
13  Defendants under the Securities Act (Counts III-IV).

14      53.     The Underwriter Defendants aver that the allegations of Paragraph 53
15  are not directed at the Underwriter Defendants, and therefore the Underwriter
16  Defendants are not required to answer such allegations, including because the
17  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
18  Defendants under the Securities Act (Counts III-IV).

19      54.     The Underwriter Defendants aver that the allegations of Paragraph 54
20  are not directed at the Underwriter Defendants, and therefore the Underwriter
21  Defendants are not required to answer such allegations, including because the
22  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
23  Defendants under the Securities Act (Counts III-IV).

24      55.     The Underwriter Defendants aver that the allegations of Paragraph 55
25  are not directed at the Underwriter Defendants, and therefore the Underwriter
26  Defendants are not required to answer such allegations, including because the
27  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
28  Defendants under the Securities Act (Counts III-IV).

56.     The Underwriter Defendants aver that the allegations of Paragraph 56 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

57.     The Underwriter Defendants aver that the allegations of Paragraph 57 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

58.     The Underwriter Defendants aver that the allegations of Paragraph 58 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

59.     The Underwriter Defendants aver that the allegations of Paragraph 59 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

60.     The Underwriter Defendants aver that the allegations of Paragraph 60 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

**C.     Rivian Unveils the R1 Platform at the LA Auto Show**

61.     The Underwriter Defendants aver that the allegations of Paragraph 61 are not directed at the Underwriter Defendants, and therefore the Underwriter

1  Defendants are not required to answer such allegations, including because the
2  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
3  Defendants under the Securities Act (Counts III-IV).

4      62.    The Underwriter Defendants aver that the allegations of Paragraph 62
5  are not directed at the Underwriter Defendants, and therefore the Underwriter
6  Defendants are not required to answer such allegations, including because the
7  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
8  Defendants under the Securities Act (Counts III-IV).

9      63.    The Underwriter Defendants aver that the allegations of Paragraph 63
10  are not directed at the Underwriter Defendants, and therefore the Underwriter
11  Defendants are not required to answer such allegations, including because the
12  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
13  Defendants under the Securities Act (Counts III-IV).

14      64.    The Underwriter Defendants aver that the allegations of Paragraph 64
15  are not directed at the Underwriter Defendants, and therefore the Underwriter
16  Defendants are not required to answer such allegations, including because the
17  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
18  Defendants under the Securities Act (Counts III-IV).

19      65.    The Underwriter Defendants aver that the allegations of Paragraph 65
20  are not directed at the Underwriter Defendants, and therefore the Underwriter
21  Defendants are not required to answer such allegations, including because the
22  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
23  Defendants under the Securities Act (Counts III-IV).

24      66.    The Underwriter Defendants aver that the allegations of Paragraph 66
25  are not directed at the Underwriter Defendants, and therefore the Underwriter
26  Defendants are not required to answer such allegations, including because the
27  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
28  Defendants under the Securities Act (Counts III-IV).

1    67.    The Underwriter Defendants aver that the allegations of Paragraph 67

2    are not directed at the Underwriter Defendants, and therefore the Underwriter

3    Defendants are not required to answer such allegations, including because the

4    paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

5    Defendants under the Securities Act (Counts III-IV).

6    **D.    The Market Applauds Rivian's "No Compromises" and**

7    **Reasonably Priced R1 Platform**

8    68.    The Underwriter Defendants aver that the allegations of Paragraph 68

9    are not directed at the Underwriter Defendants, and therefore the Underwriter

10    Defendants are not required to answer such allegations, including because the

11    paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

12    Defendants under the Securities Act (Counts III-IV).

13    69.    The Underwriter Defendants aver that the allegations of Paragraph 69

14    are not directed at the Underwriter Defendants, and therefore the Underwriter

15    Defendants are not required to answer such allegations, including because the

16    paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

17    Defendants under the Securities Act (Counts III-IV).

18    70.    The Underwriter Defendants aver that the allegations of Paragraph 70

19    are not directed at the Underwriter Defendants, and therefore the Underwriter

20    Defendants are not required to answer such allegations, including because the

21    paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

22    Defendants under the Securities Act (Counts III-IV).

23    71.    The Underwriter Defendants aver that the allegations of Paragraph 71

24    are not directed at the Underwriter Defendants, and therefore the Underwriter

25    Defendants are not required to answer such allegations, including because the

26    paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

27    Defendants under the Securities Act (Counts III-IV).

28

72.     The Underwriter Defendants aver that the allegations of Paragraph 72 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

73.     The Underwriter Defendants aver that the allegations of Paragraph 73 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

74.     The Underwriter Defendants aver that the allegations of Paragraph 74 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

75.     The Underwriter Defendants aver that the allegations of Paragraph 75 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

76.     The Underwriter Defendants aver that the allegations of Paragraph 76 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

77.     The Underwriter Defendants aver that the allegations of Paragraph 77 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the

paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

### E.    Rivian's "Promotional Madness" Continues

78.    The Underwriter Defendants aver that the allegations of Paragraph 78 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

79.    The Underwriter Defendants aver that the allegations of Paragraph 79 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

80.    The Underwriter Defendants aver that the allegations of Paragraph 80 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

81.    The Underwriter Defendants aver that the allegations of Paragraph 81 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

82.    The Underwriter Defendants aver that the allegations of Paragraph 82 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

83.    The Underwriter Defendants aver that the allegations of Paragraph 83 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

84.    The Underwriter Defendants aver that the allegations of Paragraph 84 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

**F.    Rivian Lowers R1 "Base" Prices in January 2020**

85.    The Underwriter Defendants aver that the allegations of Paragraph 85 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

86.    The Underwriter Defendants aver that the allegations of Paragraph 86 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

87.    The Underwriter Defendants aver that the allegations of Paragraph 87 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

**G.    After Several Delays, Rivian Begins Production and Delivers Its First Consumer Vehicles in September 2021**

1    88.    The Underwriter Defendants aver that the allegations of Paragraph 88
2   are not directed at the Underwriter Defendants, and therefore the Underwriter
3   Defendants are not required to answer such allegations, including because the
4   paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
5   Defendants under the Securities Act (Counts III-IV).

6    89.    The Underwriter Defendants aver that the allegations of Paragraph 89
7   are not directed at the Underwriter Defendants, and therefore the Underwriter
8   Defendants are not required to answer such allegations, including because the
9   paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
10  Defendants under the Securities Act (Counts III-IV).

11    90.    The Underwriter Defendants aver that the allegations of Paragraph 90
12  are not directed at the Underwriter Defendants, and therefore the Underwriter
13  Defendants are not required to answer such allegations, including because the
14  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
15  Defendants under the Securities Act (Counts III-IV).

16    91.    The Underwriter Defendants aver that the allegations of Paragraph 91
17  are not directed at the Underwriter Defendants, and therefore the Underwriter
18  Defendants are not required to answer such allegations, including because the
19  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
20  Defendants under the Securities Act (Counts III-IV).

21    **H.    Rivian's IPO**

22    92.    The Underwriter Defendants aver that the allegations of Paragraph 92
23  are not directed at the Underwriter Defendants, and therefore the Underwriter
24  Defendants are not required to answer such allegations, including because the
25  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
26  Defendants under the Securities Act (Counts III-IV).  To the extent a response is
27  required, the Underwriter Defendants deny that the allegations of Paragraph 92
28  present a complete or accurate summary of the Offering Documents or the IPO, and

ANSWER TO AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT
CASE NO. 2:22-cv-01524-JLS-E

respectfully refer the Court to the Offering Documents for their true and complete contents.

93.    The Underwriter Defendants aver that the allegations of Paragraph 93 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny that the allegations of Paragraph 93 present a complete or accurate summary of the Offering Documents or the IPO, and respectfully refer the Court to the Offering Documents for their true and complete contents.

94.    The Underwriter Defendants aver that the allegations of Paragraph 94 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny that the allegations of Paragraph 94 present a complete or accurate summary of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.

95.    The Underwriter Defendants aver that the allegations of Paragraph 95 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny that the allegations of Paragraph 95 present a complete or accurate summary of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.

96.    The Underwriter Defendants aver that the allegations of Paragraph 96 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny that the allegations of Paragraph 96 present a complete or accurate summary of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.

97.    The Underwriter Defendants aver that the allegations of Paragraph 97 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny that the allegations of Paragraph 97 present a complete or accurate summary of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.

98.    The Underwriter Defendants aver that the allegations of Paragraph 98 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny that the allegations of Paragraph 98 present a complete or accurate summary of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.

99.    The Underwriter Defendants aver that the allegations of Paragraph 99 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny that the allegations of Paragraph 99 present a complete or accurate summary of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.

100.   The Underwriter Defendants aver that the allegations of Paragraph 100 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny that the allegations of Paragraph 100 present a complete or accurate summary of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.

101.   The Underwriter Defendants aver that the allegations of Paragraph 101 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny that the allegations of Paragraph 101 present a complete or accurate summary of the Offering Documents or the IPO, and respectfully refer the Court to the Offering Documents for their true and complete contents.

102.   The Underwriter Defendants aver that the allegations of Paragraph 102 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny that the allegations of Paragraph 102 present a complete or accurate summary of the Offering Documents or the IPO, and

ANSWER TO AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT
CASE NO. 2:22-cv-01524-JLS-E

1    respectfully refer the Court to the Offering Documents for their true and complete

2    contents.

3        103.  The Underwriter Defendants aver that the allegations of Paragraph 103

4    are not directed at the Underwriter Defendants, and therefore the Underwriter

5    Defendants are not required to answer such allegations, including because the

6    paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

7    Defendants under the Securities Act (Counts III-IV).  To the extent a response is

8    required, the Underwriter Defendants deny that the allegations of Paragraph 103

9    present a complete or accurate summary of the roadshow documents, and respectfully

10   refer the Court to those documents for their true and complete contents.

11       104.  The Underwriter Defendants aver that the allegations of Paragraph 104

12   are not directed at the Underwriter Defendants, and therefore the Underwriter

13   Defendants are not required to answer such allegations, including because the

14   paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

15   Defendants under the Securities Act (Counts III-IV).  To the extent a response is

16   required, the Underwriter Defendants deny that the allegations of Paragraph 104

17   present a complete or accurate summary of the roadshow documents, and respectfully

18   refer the Court to those documents for their true and complete contents.

19       105.  The Underwriter Defendants aver that the allegations of Paragraph 105

20   are not directed at the Underwriter Defendants, and therefore the Underwriter

21   Defendants are not required to answer such allegations, including because the

22   paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

23   Defendants under the Securities Act (Counts III-IV).  To the extent a response is

24   required, the Underwriter Defendants deny that the allegations of Paragraph 105

25   present a complete or accurate summary of the Wall Street Journal article or

26   roadshow documents, and respectfully refer the Court to those documents for their

27   true and complete contents.

28

ANSWER TO AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT
CASE NO. 2:22-cv-01524-JLS-E

106.   The Underwriter Defendants aver that the allegations of Paragraph 106 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny that the allegations of Paragraph 106 present a complete or accurate summary of the article referenced therein, and respectfully refer the Court to the document for its true and complete contents.

107.   The Underwriter Defendants aver that the allegations of Paragraph 107 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny that the allegations of Paragraph 107 present a complete or accurate summary of the article referenced therein, and respectfully refer the Court to the document for its true and complete contents.

108.   The Underwriter Defendants aver that the allegations of Paragraph 108 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny that the allegations of Paragraph 108 present a complete or accurate summary of the article referenced therein, and respectfully refer the Court to the document for its true and complete contents.

109.   The Underwriter Defendants aver that the allegations of Paragraph 109 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

1   Defendants under the Securities Act (Counts III-IV).  To the extent a response is

2   required, the Underwriter Defendants deny the allegations of Paragraph 109 to the

3   extent they assert or suggest that the Offering Documents were false or misleading,

4   and respectfully refer the Court to the Offering Documents for their true and complete

5   contents.

6   **I.    Unbeknownst to Investors, the R1 Platform Was Severely**

7   **Underpriced as of the Time of the IPO**

8   **1.    Overview of Relevant Cost Metrics**

9   110.   The Underwriter Defendants aver that the allegations of Paragraph 110

10  are not directed at the Underwriter Defendants, and therefore the Underwriter

11  Defendants are not required to answer such allegations, including because the

12  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

13  Defendants under the Securities Act (Counts III-IV).  To the extent a response is

14  required, the Underwriter Defendants deny that the allegations of Paragraph 110

15  present a complete or accurate summary of the Offering Documents, and respectfully

16  refer the Court to the Offering Documents for their true and complete contents.

17  111.   The Underwriter Defendants aver that the allegations of Paragraph 111

18  are not directed at the Underwriter Defendants, and therefore the Underwriter

19  Defendants are not required to answer such allegations, including because the

20  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

21  Defendants under the Securities Act (Counts III-IV).

22  112.   The Underwriter Defendants aver that the allegations of Paragraph 112

23  are not directed at the Underwriter Defendants, and therefore the Underwriter

24  Defendants are not required to answer such allegations, including because the

25  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

26  Defendants under the Securities Act (Counts III-IV).

27

28

**2.**    **By the Time of the IPO, the Cost of the R1 Platform's Bill of
Materials Vastly Exceeded the Retail Prices of the R1S and
R1T**

113.    The Underwriter Defendants aver that the allegations of Paragraph 113
are not directed at the Underwriter Defendants, and therefore the Underwriter
Defendants are not required to answer such allegations, including because the
paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
Defendants under the Securities Act (Counts III-IV).

114.    The Underwriter Defendants aver that the allegations of Paragraph 114
are not directed at the Underwriter Defendants, and therefore the Underwriter
Defendants are not required to answer such allegations, including because the
paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
Defendants under the Securities Act (Counts III-IV).

115.    The Underwriter Defendants aver that the allegations of Paragraph 115
are not directed at the Underwriter Defendants, and therefore the Underwriter
Defendants are not required to answer such allegations, including because the
paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
Defendants under the Securities Act (Counts III-IV).

116.    The Underwriter Defendants aver that the allegations of Paragraph 116
are not directed at the Underwriter Defendants, and therefore the Underwriter
Defendants are not required to answer such allegations, including because the
paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
Defendants under the Securities Act (Counts III-IV).

117.    The Underwriter Defendants aver that the allegations of Paragraph 117
are not directed at the Underwriter Defendants, and therefore the Underwriter
Defendants are not required to answer such allegations, including because the
paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
Defendants under the Securities Act (Counts III-IV).

118.    The Underwriter Defendants aver that the allegations of Paragraph 118 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

119.    The Underwriter Defendants aver that the allegations of Paragraph 119 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 119 to the extent that they assert or suggest that the Offering Documents were false and misleading, or that any purportedly false or misleading statements were material to investors, and respectfully refer the Court to the Offering Documents for their true and complete contents.

120.    The Underwriter Defendants aver that the allegations of Paragraph 120 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

121.    The Underwriter Defendants aver that the allegations of Paragraph 121 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

1        **3.**     **At the Time of the IPO, Company Insiders Recognized That**

2                 **R1 Prices Needed to Be Increased, But They Delayed Doing**

3                 **So Until After the IPO**

4       122.   The Underwriter Defendants aver that the allegations of Paragraph 122

5 are not directed at the Underwriter Defendants, and therefore the Underwriter

6 Defendants are not required to answer such allegations, including because the

7 paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

8 Defendants under the Securities Act (Counts III-IV).  To the extent a response is

9 required, the Underwriter Defendants deny the allegations of Paragraph 122 to the

10 extent that they assert or suggest that the Offering Documents were false and

11 misleading, and respectfully refer the Court to the Offering Documents for their true

12 and complete contents.

13       123.   The Underwriter Defendants aver that the allegations of Paragraph 123

14 are not directed at the Underwriter Defendants, and therefore the Underwriter

15 Defendants are not required to answer such allegations, including because the

16 paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

17 Defendants under the Securities Act (Counts III-IV).  To the extent a response is

18 required, the Underwriter Defendants deny the allegations of Paragraph 123 to the

19 extent that they assert or suggest that the Offering Documents were false and

20 misleading, and respectfully refer the Court to the Offering Documents for their true

21 and complete contents.

22        **4.**     **The Exchange Act Defendants Misled Investors Regarding**

23                 **the Pricing and Profitability Assumptions for Rivian's**

24                 **Vehicles**

25       124.   The Underwriter Defendants aver that the allegations of Paragraph 124

26 are not directed at the Underwriter Defendants, and therefore the Underwriter

27 Defendants are not required to answer such allegations, including because the

28 paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

ANSWER TO AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT
CASE NO. 2:22-cv-01524-JLS-E

1    Defendants under the Securities Act (Counts III-IV).  To the extent a response is

2    required, the Underwriter Defendants deny that the allegations of Paragraph 124

3    present a complete or accurate summary of the Offering Documents, and respectfully

4    refer the Court to the Offering Documents for their true and complete contents.

5        125.    The Underwriter Defendants aver that the allegations of Paragraph 125

6    are not directed at the Underwriter Defendants, and therefore the Underwriter

7    Defendants are not required to answer such allegations, including because the

8    paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

9    Defendants under the Securities Act (Counts III-IV).  To the extent a response is

10   required, the Underwriter Defendants deny that the allegations of Paragraph 125

11   present a complete or accurate summary of the Offering Documents, and respectfully

12   refer the Court to the Offering Documents for their true and complete contents.

13       126.    The Underwriter Defendants aver that the allegations of Paragraph 126

14   are not directed at the Underwriter Defendants, and therefore the Underwriter

15   Defendants are not required to answer such allegations, including because the

16   paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

17   Defendants under the Securities Act (Counts III-IV).  To the extent a response is

18   required, the Underwriter Defendants deny the allegations of Paragraph 126 to the

19   extent that they assert or suggest that the Offering Documents were false and

20   misleading, and respectfully refer the Court to the Offering Documents for their true

21   and complete contents.

22       127.    The Underwriter Defendants aver that the allegations of Paragraph 127

23   are not directed at the Underwriter Defendants, and therefore the Underwriter

24   Defendants are not required to answer such allegations, including because the

25   paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

26   Defendants under the Securities Act (Counts III-IV).  To the extent a response is

27   required, the Underwriter Defendants deny the allegations of Paragraph 127 to the

28   extent that they assert or suggest that the Offering Documents were false and

ANSWER TO AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT
CASE NO. 2:22-cv-01524-JLS-E

1  misleading, and respectfully refer the Court to the Offering Documents for their true

2  and complete contents.

3      128.  The Underwriter Defendants aver that the allegations of Paragraph 128

4  are not directed at the Underwriter Defendants, and therefore the Underwriter

5  Defendants are not required to answer such allegations, including because the

6  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

7  Defendants under the Securities Act (Counts III-IV).  To the extent a response is

8  required, the Underwriter Defendants deny the allegations of Paragraph 128 to the

9  extent that they assert or suggest that the Offering Documents were false and

10 misleading, and respectfully refer the Court to the Offering Documents for their true

11 and complete contents.

12     129.  The Underwriter Defendants aver that the allegations of Paragraph 129

13 are not directed at the Underwriter Defendants, and therefore the Underwriter

14 Defendants are not required to answer such allegations, including because the

15 paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

16 Defendants under the Securities Act (Counts III-IV).  To the extent a response is

17 required, the Underwriter Defendants deny the allegations of Paragraph 129 to the

18 extent that they assert or suggest that the Offering Documents were false and

19 misleading, and respectfully refer the Court to the Offering Documents for their true

20 and complete contents.

21     130.  The Underwriter Defendants aver that the allegations of Paragraph 130

22 are not directed at the Underwriter Defendants, and therefore the Underwriter

23 Defendants are not required to answer such allegations, including because the

24 paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

25 Defendants under the Securities Act (Counts III-IV).  To the extent a response is

26 required, the Underwriter Defendants deny the allegations of Paragraph 130 to the

27 extent that they assert or suggest that the Offering Documents were false and

28

1    misleading, and respectfully refer the Court to the Offering Documents for their true

2    and complete contents.

3         131.   The Underwriter Defendants aver that the allegations of Paragraph 131

4    are not directed at the Underwriter Defendants, and therefore the Underwriter

5    Defendants are not required to answer such allegations, including because the

6    paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

7    Defendants under the Securities Act (Counts III-IV).  To the extent a response is

8    required, the Underwriter Defendants deny the allegations of Paragraph 131 to the

9    extent that they assert or suggest that the Offering Documents were false and

10   misleading, and respectfully refer the Court to the Offering Documents for their true

11   and complete contents.

12        132.   The Underwriter Defendants aver that the allegations of Paragraph 132

13   are not directed at the Underwriter Defendants, and therefore the Underwriter

14   Defendants are not required to answer such allegations, including because the

15   paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

16   Defendants under the Securities Act (Counts III-IV).  To the extent a response is

17   required, the Underwriter Defendants deny the allegations of Paragraph 132 to the

18   extent that they assert or suggest that the Offering Documents were false and

19   misleading, and respectfully refer the Court to the Offering Documents for their true

20   and complete contents.

21        133.   The Underwriter Defendants aver that the allegations of Paragraph 133

22   are not directed at the Underwriter Defendants, and therefore the Underwriter

23   Defendants are not required to answer such allegations, including because the

24   paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

25   Defendants under the Securities Act (Counts III-IV).  To the extent a response is

26   required, the Underwriter Defendants deny that the allegations of Paragraph 133

27   present a complete or accurate summary of the research report referenced therein,

28   and respectfully refer the Court to the document for its true and complete contents.

134.   The Underwriter Defendants aver that the allegations of Paragraph 134 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny that the allegations of Paragraph 134 present a complete or accurate summary of the research report referenced therein, and respectfully refer the Court to the document for its true and complete contents.

135.   The Underwriter Defendants aver that the allegations of Paragraph 135 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny that the allegations of Paragraph 135 present a complete or accurate summary of the research report referenced therein, and respectfully refer the Court to the document for its true and complete contents.

136.   The Underwriter Defendants aver that the allegations of Paragraph 136 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny that the allegations of Paragraph 136 present a complete or accurate summary of the research report referenced therein, and respectfully refer the Court to the document for its true and complete contents.

137.   The Underwriter Defendants aver that the allegations of Paragraph 137 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny that the allegations of Paragraph 137 to the extent that they assert or suggest that the Offering Documents were false or misleading, and respectfully refer the Court to the Offering Document for their true and complete contents.

138.    The Underwriter Defendants aver that the allegations of Paragraph 138 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

139.    The Underwriter Defendants aver that the allegations of Paragraph 139 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny that the allegations of Paragraph 139 to the extent that they assert or suggest that the Offering Documents were false or misleading, and respectfully refer the Court to the Offering Document for their true and complete contents.

140.    The Underwriter Defendants aver that the allegations of Paragraph 140 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny that the allegations of Paragraph 140 to the extent that they assert or suggest that the Offering Documents were false or misleading, and respectfully refer the Court to the Offering Document for their true and complete contents.

1          **J.      The Relevant Truth Is Revealed**

2          141.    The Underwriter Defendants aver that the allegations of Paragraph 141

3   are not directed at the Underwriter Defendants, and therefore the Underwriter

4   Defendants are not required to answer such allegations, including because the

5   paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

6   Defendants under the Securities Act (Counts III-IV).

7          142.    The Underwriter Defendants aver that the allegations of Paragraph 142

8   are not directed at the Underwriter Defendants, and therefore the Underwriter

9   Defendants are not required to answer such allegations, including because the

10  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

11  Defendants under the Securities Act (Counts III-IV).

12         143.    The Underwriter Defendants aver that the allegations of Paragraph 143

13  are not directed at the Underwriter Defendants, and therefore the Underwriter

14  Defendants are not required to answer such allegations, including because the

15  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

16  Defendants under the Securities Act (Counts III-IV).

17         144.    The Underwriter Defendants aver that the allegations of Paragraph 144

18  are not directed at the Underwriter Defendants, and therefore the Underwriter

19  Defendants are not required to answer such allegations, including because the

20  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

21  Defendants under the Securities Act (Counts III-IV).

22         145.    The Underwriter Defendants aver that the allegations of Paragraph 145

23  are not directed at the Underwriter Defendants, and therefore the Underwriter

24  Defendants are not required to answer such allegations, including because the

25  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

26  Defendants under the Securities Act (Counts III-IV).

27         146.    The Underwriter Defendants aver that the allegations of Paragraph 146

28  are not directed at the Underwriter Defendants, and therefore the Underwriter

ANSWER TO AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT
CASE NO. 2:22-cv-01524-JLS-E

1  Defendants are not required to answer such allegations, including because the
2  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
3  Defendants under the Securities Act (Counts III-IV).

4          147.    The Underwriter Defendants aver that the allegations of Paragraph 147
5  are not directed at the Underwriter Defendants, and therefore the Underwriter
6  Defendants are not required to answer such allegations, including because the
7  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
8  Defendants under the Securities Act (Counts III-IV).

9          148.    The Underwriter Defendants aver that the allegations of Paragraph 148
10  are not directed at the Underwriter Defendants, and therefore the Underwriter
11  Defendants are not required to answer such allegations, including because the
12  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
13  Defendants under the Securities Act (Counts III-IV).

14          149.    The Underwriter Defendants aver that the allegations of Paragraph 149
15  are not directed at the Underwriter Defendants, and therefore the Underwriter
16  Defendants are not required to answer such allegations, including because the
17  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
18  Defendants under the Securities Act (Counts III-IV).

19          150.    The Underwriter Defendants aver that the allegations of Paragraph 150
20  are not directed at the Underwriter Defendants, and therefore the Underwriter
21  Defendants are not required to answer such allegations, including because the
22  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
23  Defendants under the Securities Act (Counts III-IV).

24          151.    The Underwriter Defendants aver that the allegations of Paragraph 151
25  are not directed at the Underwriter Defendants, and therefore the Underwriter
26  Defendants are not required to answer such allegations, including because the
27  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
28  Defendants under the Securities Act (Counts III-IV).

152.   The Underwriter Defendants aver that the allegations of Paragraph 152 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

153.   The Underwriter Defendants aver that the allegations of Paragraph 153 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

154.   The Underwriter Defendants aver that the allegations of Paragraph 154 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

155.   The Underwriter Defendants aver that the allegations of Paragraph 155 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

## V.    THE EXCHANGE ACT DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS

156.   The Underwriter Defendants aver that the allegations of Paragraph 156 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 156 to the

extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

### A.   Registration Statement

157.   The Underwriter Defendants aver that the allegations of Paragraph 157 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).   To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 157 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

158.   The Underwriter Defendants aver that the allegations of Paragraph 158 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).   To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 158 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

159.   The Underwriter Defendants aver that the allegations of Paragraph 159 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).   To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 159 to the

extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

160.    The Underwriter Defendants aver that the allegations of Paragraph 160 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 160 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

161.    The Underwriter Defendants aver that the allegations of Paragraph 161 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 161 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

162.    The Underwriter Defendants aver that the allegations of Paragraph 162 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 162 to the extent that they assert or suggest that the Offering Documents were false and

ANSWER TO AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT
CASE NO. 2:22-CV-01524-JLS-E

1   misleading, and respectfully refer the Court to the Offering Documents for their true
2   and complete contents.

3          163.   The Underwriter Defendants aver that the allegations of Paragraph 163
4   are not directed at the Underwriter Defendants, and therefore the Underwriter
5   Defendants are not required to answer such allegations, including because the
6   paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
7   Defendants under the Securities Act (Counts III-IV).  To the extent a response is
8   required, the Underwriter Defendants deny the allegations of Paragraph 163 to the
9   extent that they assert or suggest that the Offering Documents were false and
10  misleading, and respectfully refer the Court to the Offering Documents for their true
11  and complete contents.

12  **B.     December 16, 2021: 3Q21 Earnings Conference Call and 3Q21 10-**
13  **Q**

14         164.   The Underwriter Defendants aver that the allegations of Paragraph 164
15  are not directed at the Underwriter Defendants, and therefore the Underwriter
16  Defendants are not required to answer such allegations, including because the
17  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
18  Defendants under the Securities Act (Counts III-IV).

19         165.   The Underwriter Defendants aver that the allegations of Paragraph 165
20  are not directed at the Underwriter Defendants, and therefore the Underwriter
21  Defendants are not required to answer such allegations, including because the
22  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
23  Defendants under the Securities Act (Counts III-IV).

24         166.   The Underwriter Defendants aver that the allegations of Paragraph 166
25  are not directed at the Underwriter Defendants, and therefore the Underwriter
26  Defendants are not required to answer such allegations, including because the
27  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
28  Defendants under the Securities Act (Counts III-IV).

167.   The Underwriter Defendants aver that the allegations of Paragraph 167 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

168.   The Underwriter Defendants aver that the allegations of Paragraph 168 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

169.   The Underwriter Defendants aver that the allegations of Paragraph 169 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

170.   The Underwriter Defendants aver that the allegations of Paragraph 170 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 170 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

171.   The Underwriter Defendants aver that the allegations of Paragraph 171 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

Defendants under the Securities Act (Counts III-IV). To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 171 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

## VI.    ALLEGATIONS OF LOSS CAUSATION

172.    The Underwriter Defendants aver that the allegations of Paragraph 172 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV). To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 172 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

173.    The Underwriter Defendants aver that the allegations of Paragraph 173 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV). To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 173 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

174.    The Underwriter Defendants aver that the allegations of Paragraph 174 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 174 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

175.   The Underwriter Defendants aver that the allegations of Paragraph 175 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 175 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

176.   The Underwriter Defendants aver that the allegations of Paragraph 176 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

177.   The Underwriter Defendants aver that the allegations of Paragraph 177 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

178.   The Underwriter Defendants aver that the allegations of Paragraph 178 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the

1   paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

2   Defendants under the Securities Act (Counts III-IV).

3        179.   The Underwriter Defendants aver that the allegations of Paragraph 179

4   are not directed at the Underwriter Defendants, and therefore the Underwriter

5   Defendants are not required to answer such allegations, including because the

6   paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

7   Defendants under the Securities Act (Counts III-IV).

8        180.   The Underwriter Defendants aver that the allegations of Paragraph 180

9   are not directed at the Underwriter Defendants, and therefore the Underwriter

10  Defendants are not required to answer such allegations, including because the

11  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

12  Defendants under the Securities Act (Counts III-IV).

13       181.   The Underwriter Defendants aver that the allegations of Paragraph 181

14  are not directed at the Underwriter Defendants, and therefore the Underwriter

15  Defendants are not required to answer such allegations, including because the

16  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

17  Defendants under the Securities Act (Counts III-IV).

18       182.   The Underwriter Defendants aver that the allegations of Paragraph 182

19  are not directed at the Underwriter Defendants, and therefore the Underwriter

20  Defendants are not required to answer such allegations, including because the

21  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

22  Defendants under the Securities Act (Counts III-IV).

23       183.   The Underwriter Defendants aver that the allegations of Paragraph 183

24  are not directed at the Underwriter Defendants, and therefore the Underwriter

25  Defendants are not required to answer such allegations, including because the

26  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

27  Defendants under the Securities Act (Counts III-IV).

28

ANSWER TO AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT
CASE NO. 2:22-CV-01524-JLS-E

184.    The Underwriter Defendants aver that the allegations of Paragraph 184 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

185.    The Underwriter Defendants aver that the allegations of Paragraph 185 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 185 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

186.    The Underwriter Defendants aver that the allegations of Paragraph 186 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 186 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

187.    The Underwriter Defendants aver that the allegations of Paragraph 187 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

188.   The Underwriter Defendants aver that the allegations of Paragraph 188 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).

189.   The Underwriter Defendants aver that the allegations of Paragraph 189 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 189 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

190.   The Underwriter Defendants aver that the allegations of Paragraph 190 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 190 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

191.   The Underwriter Defendants aver that the allegations of Paragraph 191 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is

ANSWER TO AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT
CASE NO. 2:22-CV-01524-JLS-E

1   required, the Underwriter Defendants deny the allegations of Paragraph 191 to the

2   extent that they assert or suggest that the Offering Documents were false and

3   misleading, and respectfully refer the Court to the Offering Documents for their true

4   and complete contents.

## VII.   ADDITIONAL ALLEGATIONS OF THE EXCHANGE ACT DEFENDANTS' SCIENTER

7       192.   The Underwriter Defendants aver that the allegations of Paragraph 192

8   are not directed at the Underwriter Defendants, and therefore the Underwriter

9   Defendants are not required to answer such allegations, including because the

10  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

11  Defendants under the Securities Act (Counts III-IV).   To the extent a response is

12  required, the Underwriter Defendants deny the allegations of Paragraph 192 to the

13  extent that they assert or suggest that the Offering Documents were false and

14  misleading, and respectfully refer the Court to the Offering Documents for their true

15  and complete contents.

16      193.   The Underwriter Defendants aver that the allegations of Paragraph 193

17  are not directed at the Underwriter Defendants, and therefore the Underwriter

18  Defendants are not required to answer such allegations, including because the

19  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

20  Defendants under the Securities Act (Counts III-IV).

21      194.   The Underwriter Defendants aver that the allegations of Paragraph 194

22  are not directed at the Underwriter Defendants, and therefore the Underwriter

23  Defendants are not required to answer such allegations, including because the

24  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

25  Defendants under the Securities Act (Counts III-IV).

26      195.   The Underwriter Defendants aver that the allegations of Paragraph 195

27  are not directed at the Underwriter Defendants, and therefore the Underwriter

28  Defendants are not required to answer such allegations, including because the

1  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

2  Defendants under the Securities Act (Counts III-IV).

3      196.   The Underwriter Defendants aver that the allegations of Paragraph 196

4  are not directed at the Underwriter Defendants, and therefore the Underwriter

5  Defendants are not required to answer such allegations, including because the

6  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

7  Defendants under the Securities Act (Counts III-IV).

8      197.   The Underwriter Defendants aver that the allegations of Paragraph 197

9  are not directed at the Underwriter Defendants, and therefore the Underwriter

10  Defendants are not required to answer such allegations, including because the

11  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

12  Defendants under the Securities Act (Counts III-IV).

13      198.   The Underwriter Defendants aver that the allegations of Paragraph 198

14  are not directed at the Underwriter Defendants, and therefore the Underwriter

15  Defendants are not required to answer such allegations, including because the

16  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

17  Defendants under the Securities Act (Counts III-IV).  To the extent a response is

18  required, the Underwriter Defendants deny the allegations of Paragraph 198 to the

19  extent that they assert or suggest that the Offering Documents were false and

20  misleading, and respectfully refer the Court to the Offering Documents for their true

21  and complete contents.

22      199.   The Underwriter Defendants aver that the allegations of Paragraph 199

23  are not directed at the Underwriter Defendants, and therefore the Underwriter

24  Defendants are not required to answer such allegations, including because the

25  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

26  Defendants under the Securities Act (Counts III-IV).  To the extent a response is

27  required, the Underwriter Defendants deny the allegations of Paragraph 199 to the

28  extent that they assert or suggest that the Offering Documents were false and

- 51 -

1    misleading, and respectfully refer the Court to the Offering Documents for their true

2    and complete contents.

3           200.   The Underwriter Defendants aver that the allegations of Paragraph 200

4    are not directed at the Underwriter Defendants, and therefore the Underwriter

5    Defendants are not required to answer such allegations, including because the

6    paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

7    Defendants under the Securities Act (Counts III-IV).  To the extent a response is

8    required, the Underwriter Defendants deny the allegations of Paragraph 200 to the

9    extent that they assert or suggest that the Offering Documents were false and

10   misleading, and respectfully refer the Court to the Offering Documents for their true

11   and complete contents.

12          201.   The Underwriter Defendants aver that the allegations of Paragraph 201

13   are not directed at the Underwriter Defendants, and therefore the Underwriter

14   Defendants are not required to answer such allegations, including because the

15   paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

16   Defendants under the Securities Act (Counts III-IV).  To the extent a response is

17   required, the Underwriter Defendants deny the allegations of Paragraph 201 to the

18   extent that they assert or suggest that the Offering Documents were false and

19   misleading, and respectfully refer the Court to the Offering Documents for their true

20   and complete contents.

21          202.   The Underwriter Defendants aver that the allegations of Paragraph 202

22   are not directed at the Underwriter Defendants, and therefore the Underwriter

23   Defendants are not required to answer such allegations, including because the

24   paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

25   Defendants under the Securities Act (Counts III-IV).  To the extent a response is

26   required, the Underwriter Defendants deny the allegations of Paragraph 202 to the

27   extent that they assert or suggest that the Offering Documents were false and

28

1    misleading, and respectfully refer the Court to the Offering Documents for their true

2    and complete contents.

3        203.   The Underwriter Defendants aver that the allegations of Paragraph 203

4    are not directed at the Underwriter Defendants, and therefore the Underwriter

5    Defendants are not required to answer such allegations, including because the

6    paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

7    Defendants under the Securities Act (Counts III-IV).  To the extent a response is

8    required, the Underwriter Defendants deny the allegations of Paragraph 203 to the

9    extent that they assert or suggest that the Offering Documents were false and

10   misleading, and respectfully refer the Court to the Offering Documents for their true

11   and complete contents.

12       204.   The Underwriter Defendants aver that the allegations of Paragraph 204

13   are not directed at the Underwriter Defendants, and therefore the Underwriter

14   Defendants are not required to answer such allegations, including because the

15   paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

16   Defendants under the Securities Act (Counts III-IV).  To the extent a response is

17   required, the Underwriter Defendants deny the allegations of Paragraph 204 to the

18   extent that they assert or suggest that the Offering Documents were false and

19   misleading, and respectfully refer the Court to the Offering Documents for their true

20   and complete contents.

21       205.   The Underwriter Defendants aver that the allegations of Paragraph 205

22   are not directed at the Underwriter Defendants, and therefore the Underwriter

23   Defendants are not required to answer such allegations, including because the

24   paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

25   Defendants under the Securities Act (Counts III-IV).  To the extent a response is

26   required, the Underwriter Defendants deny the allegations of Paragraph 205 to the

27   extent that they assert or suggest that the Offering Documents were false and

28

1   misleading, and respectfully refer the Court to the Offering Documents for their true

2   and complete contents.

3   **VIII. <u>PRESUMPTION OF RELIANCE</u>**

4   206. The Underwriter Defendants aver that the allegations of Paragraph 206

5   are not directed at the Underwriter Defendants, and therefore the Underwriter

6   Defendants are not required to answer such allegations, including because the

7   paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

8   Defendants under the Securities Act (Counts III-IV).

9   207. The Underwriter Defendants aver that the allegations of Paragraph 207

10  are not directed at the Underwriter Defendants, and therefore the Underwriter

11  Defendants are not required to answer such allegations, including because the

12  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

13  Defendants under the Securities Act (Counts III-IV). To the extent a response is

14  required, the Underwriter Defendants deny the allegations of Paragraph 207 to the

15  extent that they assert or suggest that the Offering Documents were false and

16  misleading, and respectfully refer the Court to the Offering Documents for their true

17  and complete contents.

18  208. The Underwriter Defendants aver that the allegations of Paragraph 208

19  are not directed at the Underwriter Defendants, and therefore the Underwriter

20  Defendants are not required to answer such allegations, including because the

21  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

22  Defendants under the Securities Act (Counts III-IV). To the extent a response is

23  required, the Underwriter Defendants deny the allegations of Paragraph 208 to the

24  extent that they assert or suggest that the Offering Documents were false and

25  misleading, and respectfully refer the Court to the Offering Documents for their true

26  and complete contents.

27  **IX. <u>THE STATUTORY SAFE HARBOR AND BESPEAKS CAUTION</u>**

28  **<u>DOCTRINE ARE INAPPLICABLE</u>**

209.    Paragraph 209 states a legal conclusion to which no responsive pleading is required.    The Underwriter Defendants further aver that the allegations of Paragraph 209 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).    To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 209 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

210.    Paragraph 210 states a legal conclusion to which no responsive pleading is required.    The Underwriter Defendants further aver that the allegations of Paragraph 210 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).    To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 210 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

211.    Paragraph 211 states a legal conclusion to which no responsive pleading is required.    The Underwriter Defendants further aver that the allegations of Paragraph 211 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).    To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 211 to the extent that they assert or suggest that the Offering Documents were false

1  and misleading, and respectfully refer the Court to the Offering Documents for their

2  true and complete contents.

3      212.   Paragraph 212 states a legal conclusion to which no responsive pleading

4  is required.   The Underwriter Defendants further aver that the allegations of

5  Paragraph 212 are not directed at the Underwriter Defendants, and therefore the

6  Underwriter Defendants are not required to answer such allegations, including

7  because the paragraph is not incorporated by Plaintiff's Causes of Action against the

8  Underwriter Defendants under the Securities Act (Counts III-IV).   To the extent a

9  response is required, the Underwriter Defendants deny the allegations of Paragraph

10  212 to the extent that they assert or suggest that the Offering Documents were false

11  and misleading, and respectfully refer the Court to the Offering Documents for their

12  true and complete contents.

13      213.   Paragraph 213 states a legal conclusion to which no responsive pleading

14  is required.   The Underwriter Defendants further aver that the allegations of

15  Paragraph 213 are not directed at the Underwriter Defendants, and therefore the

16  Underwriter Defendants are not required to answer such allegations, including

17  because the paragraph is not incorporated by Plaintiff's Causes of Action against the

18  Underwriter Defendants under the Securities Act (Counts III-IV).   To the extent a

19  response is required, the Underwriter Defendants deny the allegations of Paragraph

20  213 to the extent that they assert or suggest that the Offering Documents were false

21  and misleading, and respectfully refer the Court to the Offering Documents for their

22  true and complete contents.

23  **X.      CAUSES OF ACTION UNDER THE EXCHANGE ACT**

24  **COUNT I**

25  **Violation of Section 10(b) of the Exchange Act and**

26  **SEC Rule 10b-5 Promulgated Thereunder**

27  **Against the Exchange Act Defendants**

28

- 56 -

214.   The Underwriter Defendants aver that the allegations of Paragraph 214 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants repeat and reallege each and every response set forth above as if fully set forth herein.

215.   The Underwriter Defendants aver that the allegations of Paragraph 215 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 215 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

216.   The Underwriter Defendants aver that the allegations of Paragraph 216 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV).  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 216 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

217.   The Underwriter Defendants aver that the allegations of Paragraph 217 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the

1  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

2  Defendants under the Securities Act (Counts III-IV).  To the extent a response is

3  required, the Underwriter Defendants deny the allegations of Paragraph 217 to the

4  extent that they assert or suggest that the Offering Documents were false and

5  misleading, and respectfully refer the Court to the Offering Documents for their true

6  and complete contents.

7         218.   The Underwriter Defendants aver that the allegations of Paragraph 218

8  are not directed at the Underwriter Defendants, and therefore the Underwriter

9  Defendants are not required to answer such allegations, including because the

10 paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

11 Defendants under the Securities Act (Counts III-IV).  To the extent a response is

12 required, the Underwriter Defendants deny the allegations of Paragraph 218 to the

13 extent that they assert or suggest that the Offering Documents were false and

14 misleading, and respectfully refer the Court to the Offering Documents for their true

15 and complete contents.

16        219.   The Underwriter Defendants aver that the allegations of Paragraph 219

17 are not directed at the Underwriter Defendants, and therefore the Underwriter

18 Defendants are not required to answer such allegations, including because the

19 paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

20 Defendants under the Securities Act (Counts III-IV).  To the extent a response is

21 required, the Underwriter Defendants deny the allegations of Paragraph 219 to the

22 extent that they assert or suggest that the Offering Documents were false and

23 misleading, and respectfully refer the Court to the Offering Documents for their true

24 and complete contents.

25        220.   The Underwriter Defendants aver that the allegations of Paragraph 220

26 are not directed at the Underwriter Defendants, and therefore the Underwriter

27 Defendants are not required to answer such allegations, including because the

28 paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

1   Defendants under the Securities Act (Counts III-IV).  To the extent a response is
2   required, the Underwriter Defendants deny the allegations of Paragraph 220 to the
3   extent that they assert or suggest that the Offering Documents were false and
4   misleading, and respectfully refer the Court to the Offering Documents for their true
5   and complete contents.

**COUNT II**

**Violation of Section 20(a) of the Exchange Act**

**Against the Executive Defendants**

9   221.  The Underwriter Defendants aver that the allegations of Paragraph 221
10  are not directed at the Underwriter Defendants, and therefore the Underwriter
11  Defendants are not required to answer such allegations, including because the
12  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
13  Defendants under the Securities Act (Counts III-IV).  To the extent a response is
14  required, the Underwriter Defendants repeat and reallege each and every response set
15  forth above as if fully set forth herein.

16  222.  The Underwriter Defendants aver that the allegations of Paragraph 222
17  are not directed at the Underwriter Defendants, and therefore the Underwriter
18  Defendants are not required to answer such allegations, including because the
19  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter
20  Defendants under the Securities Act (Counts III-IV).  To the extent a response is
21  required, the Underwriter Defendants deny the allegations of Paragraph 222 to the
22  extent that they assert or suggest that the Offering Documents were false and
23  misleading, and respectfully refer the Court to the Offering Documents for their true
24  and complete contents.

25  223.  The Underwriter Defendants aver that the allegations of Paragraph 223
26  are not directed at the Underwriter Defendants, and therefore the Underwriter
27  Defendants are not required to answer such allegations, including because the
28  paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter

Defendants under the Securities Act (Counts III-IV). To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 223 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

224. The Underwriter Defendants aver that the allegations of Paragraph 224 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations, including because the paragraph is not incorporated by Plaintiff's Causes of Action against the Underwriter Defendants under the Securities Act (Counts III-IV). To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 224 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.

## XI.    JURISDICTION AND VENUE FOR PLAINTIFFS' SECURITIES ACT CLAIMS

225. Paragraph 225 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 225, except admit that Plaintiffs purport to bring this action pursuant to the statutes cited therein.

226. Paragraph 226 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 226, except admit that Plaintiffs purport to base jurisdiction over this action on the statutes stated therein.

227. Paragraph 227 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 227, except admit that Plaintiffs purport to base venue over this action on the statutes cited therein.

228.    Paragraph 228 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 228 except (i) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 228 concerning other defendants; and (ii) admit that the Underwriter Defendants used certain means of communication in connection with underwriting the IPO.

## XII.    ADDITIONAL SECURITIES ACT DEFENDANTS

### A.  Director Defendants

229.    The Underwriter Defendants aver that the allegations of Paragraph 229 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 229, except respectfully refer the Court to the Offering Documents and to Rivian's public filings for a description of Individual Defendant Kevin Boone, his or her employment history, and his or her responsibility for Rivian's filings.

230.    The Underwriter Defendants aver that the allegations of Paragraph 230 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 230, except respectfully refer the Court to the Offering Documents and to Rivian's public filings for a description of Individual Defendant Jay Flatley, his or her employment history, and his or her responsibility for Rivian's filings.

231.    The Underwriter Defendants aver that the allegations of Paragraph 231 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations contained in Paragraph 231, except respectfully refer the Court to the Offering Documents and to Rivian's public filings for a description of Individual Defendant Peter Krawiec, his or her employment history, and his or her responsibility for Rivian's filings.

232.   The Underwriter Defendants aver that the allegations of Paragraph 232 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 232, except respectfully refer the Court to the Offering Documents and to Rivian's public filings for a description of Individual Defendant Rose Marcario, his or her employment history, and his or her responsibility for Rivian's filings.

233.   The Underwriter Defendants aver that the allegations of Paragraph 233 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 233, except respectfully refer the Court to the Offering Documents and to Rivian's public filings for a description of Individual Defendant Sanford Schwartz, his or her employment history, and his or her responsibility for Rivian's filings.

234.   The Underwriter Defendants aver that the allegations of Paragraph 234 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 234, except respectfully refer the Court to the Offering Documents and to Rivian's public filings for a description of Individual Defendant Pamela Thomas-Graham, his or her employment history, and his or her responsibility for Rivian's filings.

235.   The Underwriter Defendants aver that Paragraph 235 does not state a substantive allegation, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent that a response to Paragraph 235 is required, the Underwriter Defendants admit that Plaintiffs purport to refer to Karen Boone, Sanford Schwartz, Rose Marcario, Peter Krawiec, Jay Flatley, and Pamela Thomas-Graham as "Director Defendants."

**B.    Underwriter Defendants**

236.   The Underwriter Defendants deny the first sentence of Paragraph 236, except admit that Morgan Stanley & Co. LLC ("Morgan Stanley") served as an underwriter for the IPO and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.  The Underwriter Defendants deny that the allegations contained in the second sentence of Paragraph 236 present a fair and complete description of the document cited therein and respectfully refer the Court to the relevant document for an accurate statement of its contents.

237.   The Underwriter Defendants deny the allegations of Paragraph 237, except admit that Goldman Sachs & Co. LLC ("Goldman Sachs") served as an underwriter for the IPO and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

238.   The Underwriter Defendants deny the allegations of Paragraph 238, except admit that J.P. Morgan Securities LLC ("J.P. Morgan") served as an underwriter for the IPO and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

239.   The Underwriter Defendants deny the allegations of Paragraph 239, except admit that Barclays Capital Inc. ("Barclays") served as an underwriter for the IPO and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

1     240.  The Underwriter Defendants deny the allegations of Paragraph 240,

2   except admit that Deutsche Bank Securities Inc. ("Deutsche Bank") served as an

3   underwriter for the IPO and respectfully refer the Court to the Offering Documents

4   for a description of the underwriting arrangements relating thereto.

5     241.  The Underwriter Defendants deny the allegations of Paragraph 241,

6   except admit that Allen & Company LLC ("Allen & Company") served as an

7   underwriter for the IPO and respectfully refer the Court to the Offering Documents

8   for a description of the underwriting arrangements relating thereto.

9     242.  The Underwriter Defendants deny the allegations of Paragraph 242,

10   except admit that BofA Securities, Inc. ("BofA") served as an underwriter for the

11   IPO and respectfully refer the Court to the Offering Documents for a description of

12   the underwriting arrangements relating thereto.

13     243.  The Underwriter Defendants deny the allegations of Paragraph 243,

14   except admit that Mizuho Securities USA LLC ("Mizuho") served as an underwriter

15   for the IPO and respectfully refer the Court to the Offering Documents for a

16   description of the underwriting arrangements relating thereto.

17     244.  The Underwriter Defendants deny the allegations of Paragraph 244,

18   except admit that Wells Fargo Securities, LLC ("Wells Fargo") served as an

19   underwriter for the IPO and respectfully refer the Court to the Offering Documents

20   for a description of the underwriting arrangements relating thereto.

21     245.  The Underwriter Defendants deny the allegations of Paragraph 245,

22   except admit that Nomura Securities International, Inc. ("Nomura") served as an

23   underwriter for the IPO and respectfully refer the Court to the Offering Documents

24   for a description of the underwriting arrangements relating thereto.

25     246.  The Underwriter Defendants deny the allegations of Paragraph 246,

26   except admit that Piper Sandler & Co. ("Piper Sandler") served as an underwriter for

27   the IPO and respectfully refer the Court to the Offering Documents for a description

28   of the underwriting arrangements relating thereto.

247.   The Underwriter Defendants deny the allegations of Paragraph 247, except admit that RBC Capital Markets, LLC ("RBS") served as an underwriter for the IPO and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

248.   The Underwriter Defendants deny the allegations of Paragraph 248, except admit that Robert W. Baird & Co. Incorporated ("Baird") served as an underwriter for the IPO and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

249.   The Underwriter Defendants deny the allegations of Paragraph 249, except admit that Wedbush Securities Inc. ("Wedbush") served as an underwriter for the IPO and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

250.   The Underwriter Defendants deny the allegations of Paragraph 250, except admit that Academy Securities, Inc. ("Academy") served as an underwriter for the IPO and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

251.   The Underwriter Defendants deny the allegations of Paragraph 251, except admit that Blaylock Van, LLC ("Blaylock Ban") served as an underwriter for the IPO and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

252.   The Underwriter Defendants deny the allegations of Paragraph 252, except admit that Cabrera Capital Markets LLC ("Cabrera") served as an underwriter for the IPO and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

253.   The Underwriter Defendants deny the allegations of Paragraph 253, except admit that C.L. King & Associates, Inc. ("C.L. King") served as an underwriter for the IPO and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

254.   The Underwriter Defendants deny the allegations of Paragraph 254, except admit that Loop Capital Markets LLC ("Loop") served as an underwriter for the IPO and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

255.   The Underwriter Defendants deny the allegations of Paragraph 255, except admit that Samuel A. Ramirez & Company ("Ramirez") served as an underwriter for the IPO and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

256.   The Underwriter Defendants deny the allegations of Paragraph 256, except admit that Sibert Williams Shank & Co., LLC ("Siebert") served as an underwriter for the IPO and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

257.   The Underwriter Defendants deny the allegations of Paragraph 257, except admit that Tigress Financial Partners, LLC ("Tigress") served as an underwriter for the IPO and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

258.   The Underwriter Defendants aver that Paragraph 258 does not state a substantive allegation, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent that a response to Paragraph 258 is required, the Underwriter Defendants admit that Plaintiffs purport to refer to Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Barclays Capital Inc., Deutsche Bank Securities Inc., Allen & Company LLC, BofA Securities, Inc., Mizuho Securities USA LLC, Wells Fargo Securities, LLC, Nomura Securities International, Inc., Piper Sandler & Co., RBC Capital Markets, LLC, Robert W. Baird & Co. Inc., Wedbush Securities Inc., Academy Securities, Inc., Blaylock Van, LLC, Cabrera Capital Markets LLC, C.L. King & Associates, Inc., Loop Capital Markets LLC, Samuel A. Ramirez & Co., Inc., Siebert Williams Shank

1  & Co., LLC, and Tigress Financial Partners LLC collectively as the Underwriter

2  Defendants.

3      259.    The Underwriter Defendants deny the allegations of Paragraph 259,

4  including without limitation denying that they present a fair and complete description

5  of the Underwriter Defendants' involvement in the offer and sale of Rivian Class A

6  common stock and respectfully refer to the Court to the Offering Documents for a

7  true and accurate record of the number of shares which the Underwriter Defendants

8  agreed to purchase.

9      260.    The Underwriter Defendants deny the allegations of Paragraph 260,

10  including without limitation denying that they present a fair and complete description

11  of the Underwriter Defendants' involvement in the offer and sale of Rivian Class A

12  common stock and respectfully refer to the Court to the Offering Documents for a

13  true and accurate record of the option to purchase up to 22,950,000 additional shares

14  of Class A common stock at the offering price.

15      261.    The Underwriter Defendants aver that Paragraph 261 does not state a

16  substantive allegation, and therefore the Underwriter Defendants are not required to

17  answer such allegations.  To the extent that a response to Paragraph 261 is required,

18  the Underwriter Defendants admit that Plaintiffs purport to refer to various

19  defendants collectively as the "Securities Act Defendants."

20  **XIII.  <u>SECURITIES ACT DEFENDANTS' VIOLATIONS OF THE</u>**

21          **<u>SECURITIES ACT</u>**

22      262.    Paragraph 262 states a legal conclusion to which no responsive pleading

23  is required.  To the extent a response is required, the Underwriter Defendants deny

24  the allegations of Paragraph 226, except admit that Plaintiffs purport to bring claims

25  pursuant to the statutes cited therein.

26      263.    Paragraph 263 states a legal conclusion to which no responsive pleading

27  is required.  To the extent a response is required, the Underwriter Defendants deny

28

1  the allegations of Paragraph 263, except admit that Plaintiffs purport to bring claims

2  pursuant to the statutes cited therein.

3      264.  Paragraph 264 states a legal conclusion to which no responsive pleading

4  is required.  To the extent a response is required, the Underwriter Defendants deny

5  the allegations of Paragraph 264, except admit that Plaintiffs purport to bring claims

6  pursuant to the statutes cited therein.

7      265.  Paragraph 265 states a legal conclusion to which no responsive pleading

8  is required.  To the extent a response is required, the Underwriter Defendants deny

9  the allegations of Paragraph 265, except admit that Plaintiffs purport to bring claims

10 pursuant to the statutes cited therein.

11     266.  Paragraph 266 states a legal conclusion to which no responsive pleading

12 is required.  To the extent a response is required, the Underwriter Defendants deny

13 the allegations of Paragraph 266, except admit that Plaintiffs purport to disclaim

14 allegations of fraud or intentional misconduct against the Underwriter Defendants.

15 **A.     Rivian's Blockbuster $13.7 Billion IPO**

16     267.  The Underwriter Defendants deny the allegations of Paragraph 267 to

17 the extent that they assert or suggest that the Offering Documents were false and

18 misleading, and respectfully refer the Court to the Offering Documents for their true

19 and complete contents.

20     268.  The Underwriter Defendants deny the allegations of Paragraph 268 to

21 the extent that they assert or suggest that the Offering Documents were false and

22 misleading, and respectfully refer the Court to the Offering Documents for their true

23 and complete contents.

24     269.  The Underwriter Defendants deny the allegations of Paragraph 269,

25 including without limitation, to the extent that they assert or suggest that the Offering

26 Documents were false and misleading, and respectfully refer the Court to the

27 Offering Documents for their true and complete contents.

28

ANSWER TO AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT
CASE NO. 2:22-cv-01524-JLS-E

1    270.   The Underwriter Defendants deny the allegations of Paragraph 270,

2    except admit that the IPO commenced on or about November 10, 2021.

3    271.   The Underwriter Defendants deny the allegations of Paragraph 271,

4    except admit that the IPO was completed on or about November 15, 2021.

5    272.   The Underwriter Defendants deny the allegations of Paragraph 272.

6    **B.    The R1 Platform Was Underpriced at the Time of the IPO**

7    273.   The Underwriter Defendants deny the allegations of Paragraph 273,

8    including, without limitation, denying that the allegations present and fair and

9    complete description of the concept of "gross profit per vehicle," and respectfully

10   refer the Court to the Offering Documents for a description of Rivian's use of "gross

11   profit per vehicle" at the time of the IPO.

12   274.   The Underwriter Defendants deny the allegations of Paragraph 274,

13   including, without limitation, denying that the allegations present and fair and

14   complete description of the concept of "bill of materials," and respectfully refer the

15   Court to the Offering Documents for a description of Rivian's use of "bill of

16   materials" at the time of the IPO.  Further answering, the allegations contained in

17   Paragraph 274 are based upon one or more "Confidential Witnesses" whose identity,

18   credibility, reliability, and accuracy have not been established, and therefore the

19   Underwriter Defendants deny such allegations on information and belief.

20   275.   The Underwriter Defendants deny the allegations of Paragraph 275 to

21   the extent that they assert or suggest that the Offering Documents were false and

22   misleading, and respectfully refer the Court to the Offering Documents for their true

23   and complete contents.  The Underwriter Defendants otherwise deny knowledge or

24   information sufficient to form a belief as to the truth or falsity of the allegations of

25   Paragraph 275.

26   276.   The Underwriter Defendants deny the allegations of Paragraph 276 to

27   the extent that they assert or suggest that the Offering Documents were false and

28   misleading, and respectfully refer the Court to the Offering Documents for their true

and complete contents. The Underwriter Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 276. Further answering, the allegations contained in Paragraph 276 are based upon one or more "Confidential Witnesses" whose identity, credibility, reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

277. The Underwriter Defendants deny the allegations of Paragraph 277 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents. The Underwriter Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 277. Further answering, the allegations contained in Paragraph 277 are based upon one or more "Confidential Witnesses" whose identity, credibility, reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

278. The Underwriter Defendants deny the allegations of Paragraph 278 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents. The Underwriter Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 278. Further answering, the allegations contained in Paragraph 278 are based upon one or more "Confidential Witnesses" whose identity, credibility, reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

279. The Underwriter Defendants deny the allegations of Paragraph 279 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents. The Underwriter Defendants otherwise deny knowledge or

1  information sufficient to form a belief as to the truth or falsity of the allegations
2  contained in Paragraph 279.    Further answering, the allegations contained in
3  Paragraph 279 are based upon one or more "Confidential Witnesses" whose identity,
4  credibility, reliability, and accuracy have not been established, and therefore the
5  Underwriter Defendants deny such allegations on information and belief.

6        280.    The Underwriter Defendants deny the allegations of Paragraph 280 to
7  the extent that they assert or suggest that the Offering Documents were false and
8  misleading, and respectfully refer the Court to the Offering Documents for their true
9  and complete contents.  The Underwriter Defendants otherwise deny knowledge or
10 information sufficient to form a belief as to the truth or falsity of the allegations
11 contained in Paragraph 280.    Further answering, the allegations contained in
12 Paragraph 280 are based upon one or more "Confidential Witnesses" whose identity,
13 credibility, reliability, and accuracy have not been established, and therefore the
14 Underwriter Defendants deny such allegations on information and belief.

15       281.    The Underwriter Defendants deny the allegations of Paragraph 281 to
16 the extent that they assert or suggest that the Offering Documents were false and
17 misleading, and respectfully refer the Court to the Offering Documents for their true
18 and complete contents.  The Underwriter Defendants otherwise deny knowledge or
19 information sufficient to form a belief as to the truth or falsity of the allegations
20 contained in Paragraph 281.    Further answering, the allegations contained in
21 Paragraph 281 are based upon one or more "Confidential Witnesses" whose identity,
22 credibility, reliability, and accuracy have not been established, and therefore the
23 Underwriter Defendants deny such allegations on information and belief.

24       282.    The Underwriter Defendants deny the allegations of Paragraph 282 to
25 the extent that they assert or suggest that the Offering Documents were false and
26 misleading, and respectfully refer the Court to the Offering Documents for their true
27 and complete contents.  The Underwriter Defendants otherwise deny knowledge or
28

ANSWER TO AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT
CASE NO. 2:22-cv-01524-JLS-E

information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 282.

283.    The Underwriter Defendants deny the allegations of Paragraph 283 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 283.

284.    The Underwriter Defendants deny the allegations of Paragraph 284 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 284.  Further answering, the allegations contained in Paragraph 284 are based upon one or more "Confidential Witnesses" whose identity, credibility, reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

285.    The Underwriter Defendants deny the allegations of Paragraph 285 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents.  The Underwriter Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 285.  Further answering, the allegations contained in Paragraph 285 are based upon one or more "Confidential Witnesses" whose identity, credibility, reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

286.    The Underwriter Defendants deny the allegations of Paragraph 286 to the extent that they assert or suggest that the Offering Documents were false and

misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents. The Underwriter Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 286. Further answering, the allegations contained in Paragraph 286 are based upon one or more "Confidential Witnesses" whose identity, credibility, reliability, and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

287. The Underwriter Defendants deny the allegations of Paragraph 287 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents. The Underwriter Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 287.

288. The Underwriter Defendants deny the allegations of Paragraph 288 to the extent that they assert or suggest that the Offering Documents were false and misleading, and respectfully refer the Court to the Offering Documents for their true and complete contents. The Underwriter Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 288.

**C.** **As Information Incorrectly Stated in, and Omitted From, the Registration Statement Is Gradually Disclosed, the True Value of Rivian Class A Common Stock Is Revealed**

289. The Underwriter Defendants deny the allegations of Paragraph 289, and respectfully refer the Court to the Offering Documents for their true and complete contents.

290. The Underwriter Defendants deny the allegations of Paragraph 290, and respectfully refer the Court to the Offering Documents for their true and complete contents. Further answering, Underwriter Defendants deny that the allegations in

Paragraph 290 accurately or fairly describe the factors affecting the stock price movements described therein, specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants, and respectfully refer the Court to public market sources for a true and accurate record of the closing prices on relevant days.

291.  The Underwriter Defendants deny the allegations of Paragraph 291, and respectfully refer the Court to the Offering Documents for their true and complete contents.

a) The Underwriter Defendants further deny that the allegations contained in Paragraph 291(a) present a fair and complete description of the document cited therein and respectfully refer the Court to the relevant document for an accurate statement of its contents. Further answering, Underwriter Defendants deny that the allegations in Paragraph 291(a) accurately or fairly describe the factors affecting the stock price movements described therein, specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants, and respectfully refer the Court to public market sources for a true and accurate record of the closing prices on relevant days.

b) The Underwriter Defendants deny that the allegations contained in Paragraph 291(b) present a fair and complete description of the document cited therein and respectfully refer the Court to the relevant document for an accurate statement of its contents. Further answering, Underwriter Defendants deny that the allegations in Paragraph 291(b) accurately or fairly describe the factors affecting the stock price movements described therein, specifically deny that any stock price movements or purported investor harm was the result of any alleged

deficiency in the Offering Documents or conduct of the Underwriter Defendants, and respectfully refer the Court to public market sources for a true and accurate record of the closing prices on relevant days.

    c)  The Underwriter Defendants also deny that the allegations contained in Paragraph 291(c) present a fair and complete description of the document cited therein and respectfully refer the Court to the relevant document for an accurate statement of its contents. Further answering, Underwriter Defendants deny that the allegations in Paragraph 291(c) accurately or fairly describe the factors affecting the stock price movements described therein, specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants, and respectfully refer the Court to public market sources for a true and accurate record of the closing prices on relevant days.

292.   The Underwriter Defendants deny the allegations in Paragraph 292, including, without limitation, denying that they accurately or fairly describe the factors affecting the stock price movements described therein, specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants, and respectfully refer the Court to public market sources for a true and accurate record of the closing prices on relevant days.

293.   The Underwriter Defendants deny the allegations of Paragraph 293.

**D. The Registration Statement Contained Untrue Statements of Material Fact and Material Omissions in Violation of Section 11 of the Securities Act**

294.   The Underwriter Defendants deny the allegations of Paragraph 294, and respectfully refer the Court to the Offering Documents for their true and complete contents.

295.    The Underwriter Defendants deny the allegations of Paragraph 295.

296.    The Underwriter Defendants deny the allegations of Paragraph 296, and respectfully refer the Court to the Offering Documents for their true and complete contents.

297.    The Underwriter Defendants deny the allegations of Paragraph 297, and respectfully refer the Court to the Offering Documents for their true and complete contents.

298.    The Underwriter Defendants deny the allegations of Paragraph 298.

299.    The Underwriter Defendants deny the allegations of Paragraph 299.

300.    The Underwriter Defendants deny the allegations of Paragraph 300.

301.    The Underwriter Defendants deny the allegations of Paragraph 301. Further answering, the Underwriter Defendants deny that the allegations of Paragraph 301 present a complete or accurate summary of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.

302.    The Underwriter Defendants deny the allegations of Paragraph 302.

**E.  The Registration Statement Failed to Disclose Information Required to Be Disclosed Under SEC Regulation S-K**

**1. Item 105**

303.    Paragraph 303 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 303, including, without limitation, to the extent that they suggest that the Offering Documents were false or misleading or were made in violation of Regulation S-K.

304.    Paragraph 304 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 304, including, without limitation, to the extent that they

suggest that the Offering Documents were false or misleading or were made in violation of Regulation S-K.

305.    Paragraph 305 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 305, including, without limitation, to the extent that they suggest that the Offering Documents were false or misleading or were made in violation of Regulation S-K.

## 2. Item 303

306.    Paragraph 306 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny that the allegations contained in Paragraph 306 present a fair and complete description of the document cited therein and respectfully refer the Court to the relevant document for an accurate statement of its contents.

307.    Paragraph 307 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny that the allegations contained in Paragraph 307 present a fair and complete description of the document cited therein and respectfully refer the Court to the relevant document for an accurate statement of its contents.

308.    Paragraph 308 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny that the allegations contained in Paragraph 308 present a fair and complete description of the document cited therein and respectfully refer the Court to the relevant document for an accurate statement of its contents.

309.    Paragraph 309 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny that the allegations contained in Paragraph 309 present a fair and complete description of the document cited therein and respectfully refer the Court to the relevant document for an accurate statement of its contents.

310.   Paragraph 310 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny that the allegations contained in Paragraph 310 present a fair and complete description of the document cited therein and respectfully refer the Court to the relevant document for an accurate statement of its contents.

311.   Paragraph 311 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 311, including, without limitation, to the extent that they suggest that the Offering Documents were false or misleading.

312.   Paragraph 312 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 312, including, without limitation, to the extent that they suggest that the Offering Documents were false or misleading or were made in violation of Regulation S-K.

## XIV.  THE STATUTORY SAFE HARBOR AND BESPEAKS CAUTION DOCTRINE ARE INAPPLICABLE

313.   Paragraph 313 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 313.

314.   Paragraph 314 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 314.

315.   Paragraph 315 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 315.

316.   Paragraph 316 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained in Paragraph 316 concerning the knowledge of other defendants. The Underwriter Defendants otherwise deny the allegations of Paragraph 316.

317. Paragraph 317 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 317, including, without limitation, to the extent that they suggest that the Offering Documents were false or misleading.

## XV.   CAUSES OF ACTION UNDER THE SECURITIES ACT

### COUNT III

### Violation of Section 11 of the Securities Act

### Against the Securities Act Defendants

318. The Underwriter Defendants repeat and reallege each and every response set forth above as if fully set forth herein.

319. The Underwriter Defendants deny the allegations of Paragraph 319.

320. The Underwriter Defendants aver that the allegations of Paragraph 320 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny that the allegations of Paragraph 320 present a complete or accurate summary of the Offering Documents, and respectfully refer the Court to the Offering Documents for their true and complete contents.

321. The Underwriter Defendants aver that the allegations of Paragraph 321 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations. In addition, Paragraph 321 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 321 including, without limitation, to the extent that they suggest that the Offering Documents were false or misleading.

322.    Paragraph 322 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 322, including, without limitation, to the extent that they suggest that the Offering Documents were false or misleading.

323.    The Underwriter Defendants aver that the allegations of Paragraph 323 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  In addition, Paragraph 323 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Underwriter Defendants deny the allegations of Paragraph 323, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 323 concerning the knowledge of other defendants.

324.    The Underwriter Defendants aver that the allegations of Paragraph 324 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  In addition, Paragraph 324 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Underwriter Defendants deny the allegations of Paragraph 324, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 324 concerning the knowledge of other defendants.

325.    Paragraph 325 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 325.

326.    Paragraph 326 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 326 concerning Plaintiffs' purchases.  The Underwriter Defendants otherwise deny the allegations of Paragraph 326.

ANSWER TO AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT
CASE NO. 2:22-cv-01524-JLS-E

327.   Paragraph 327 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 327.

328.   The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 328 concerning Plaintiffs' purchases.

329.   Paragraph 329 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations of Paragraph 329.

330.   Paragraph 330 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 330 to the extent that they suggest that the Offering Documents were false or misleading.   The Underwriter Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 330.

331.   Paragraph 331 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 331 to the extent that they suggest that the Offering Documents were false or misleading.   The Underwriter Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 331.

**COUNT IV**

**Violation of Section 12(a)(2) of the Securities Act**

**Against the Underwriter Defendants**

332.   The Underwriter Defendants repeat and reallege each and every response set forth above as if fully set forth herein.

333.   Paragraph 333 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny

the allegations of Paragraph 333, except admit that Plaintiff Muhl purports to bring claims. The Underwriter Defendants deny that Plaintiffs have standing to sue, and/or to represent a putative class of purportedly similarly situated individuals and/or entities, in connection with some or all of the claims against the Underwriter Defendants brought under the Securities Act.

334. Paragraph 334 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 334.

335. The Underwriter Defendants deny the allegations of Paragraph 335.

336. Paragraph 336 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 336.

337. Paragraph 337 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 337 to the extent that they suggest that the Offering Documents were false or misleading. The Underwriter Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 337.

338. Paragraph 338 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 338. The Underwriter Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiffs' purported purchases contained in Paragraph 338.

339. Paragraph 339 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 339 to the extent that they suggest that the Offering Documents were false or misleading. Further answering, the Underwriter Defendants deny that Plaintiffs have standing to sue, and/or to represent a putative

class of purportedly similarly situated individuals and/or entities, in connection with some or all of the claims against the Underwriter Defendants brought under the Securities Act.   The Underwriter Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 339.

**COUNT V**

**Violation of Section 15 of the Securities Act**

**Against the Executive and Director Defendants**

340.   The Underwriter Defendants repeat and reallege each and every response set forth above as if fully set forth herein.

341.   The Underwriter Defendants aver that the allegations of Paragraph 341 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  In addition, Paragraph 341 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 341 concerning the knowledge of other defendants.

342.   The Underwriter Defendants aver that the allegations of Paragraph 342 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  In addition, Paragraph 342 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 342, except respectfully refer the Court to the Offering Documents and to Rivian's public filings for a description of the Individual Defendants' responsibilities for Rivian's filings.

343.   The Underwriter Defendants aver that the allegations of Paragraph 343 are not directed at the Underwriter Defendants, and therefore the Underwriter

Defendants are not required to answer such allegations. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 343, except respectfully refer the Court to the Offering Documents and to Rivian's public filings for a description of the Individual Defendant's employment histories, and the Individual Defendants' responsibilities for Rivian's filings.

344. Paragraph 344 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 344 to the extent that they suggest that the Offering Documents were false or misleading. The Underwriter Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 344.

## XVI.  CLASS ACTION ALLEGATIONS APPLICABLE TO ALL CLAIMS

345. Paragraph 345 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 345 to the extent that they suggest that the Offering Documents were false or misleading. Further answering, the Underwriter Defendants deny that Plaintiffs have standing to sue, and/or to represent a putative class of purportedly similarly situated individuals and/or entities, in connection with some or all of the claims against the Underwriter Defendants brought under the Securities Act. In addition, the Underwriter Defendants deny that this case is appropriate for class action treatment. The Underwriter Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 345.

346. Paragraph 346 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 346 to the extent that they suggest that the Offering Documents were false or misleading. Further answering, the Underwriter

1    Defendants deny that Plaintiffs have standing to sue, and/or to represent a putative

2    class of purportedly similarly situated individuals and/or entities, in connection with

3    some or all of the claims against the Underwriter Defendants brought under the

4    Securities Act.  In addition, the Underwriter Defendants deny that this case is

5    appropriate for class action treatment.  The Underwriter Defendants otherwise deny

6    knowledge or information sufficient to form a belief as to the truth or falsity of the

7    allegations contained in Paragraph 346.

8         347.   Paragraph 347 states a legal conclusion to which no responsive pleading

9    is required.  To the extent a response is required, the Underwriter Defendants deny

10   the allegations contained in Paragraph 347 to the extent that they suggest that the

11   Offering Documents were false or misleading.  Further answering, the Underwriter

12   Defendants deny that Plaintiffs have standing to sue, and/or to represent a putative

13   class of purportedly similarly situated individuals and/or entities, in connection with

14   some or all of the claims against the Underwriter Defendants brought under the

15   Securities Act.  In addition, the Underwriter Defendants deny that this case is

16   appropriate for class action treatment.  The Underwriter Defendants otherwise deny

17   knowledge or information sufficient to form a belief as to the truth or falsity of the

18   allegations contained in Paragraph 347.

19        348.   Paragraph 348 states a legal conclusion to which no responsive pleading

20   is required.  To the extent a response is required, the Underwriter Defendants deny

21   the allegations contained in Paragraph 348.  Further answering, the Underwriter

22   Defendants deny that Plaintiffs have standing to sue, and/or to represent a putative

23   class of purportedly similarly situated individuals and/or entities, in connection with

24   some or all of the claims against the Underwriter Defendants brought under the

25   Securities Act.  In addition, the Underwriter Defendants deny that this case is

26   appropriate for class action treatment.  The Underwriter Defendants otherwise deny

27   knowledge or information sufficient to form a belief as to the truth or falsity of the

28   allegations contained in Paragraph 348.

349.  The Underwriter Defendants aver that the allegations of Paragraph 349(d) and (e) are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  In addition, Paragraph 349 states legal conclusions to which no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 349 to the extent that they suggest that the Offering Documents were false or misleading.  Further answering, the Underwriter Defendants deny that Plaintiffs have standing to sue, and/or to represent a putative class of purportedly similarly situated individuals and/or entities, in connection with some or all of the claims against the Underwriter Defendants brought under the Securities Act.  In addition, the Underwriter Defendants deny that this case is appropriate for class action treatment.  The Underwriter Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 349.

350.  Paragraph 350 states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 350.  Further answering, the Underwriter Defendants deny that Plaintiffs have standing to sue, and/or to represent a putative class of purportedly similarly situated individuals and/or entities, in connection with some or all of the claims against the Underwriter Defendants brought under the Securities Act.  In addition, the Underwriter Defendants deny that this case is appropriate for class action treatment.  The Underwriter Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 350.

## XVII.  PRAYER FOR RELIEF

The Underwriter Defendants deny that Plaintiffs and the putative class are entitled to any relief against the Underwriter Defendants, and the Underwriter Defendants respectfully request that the Court dismiss all the claims against them

with prejudice and order such further relief as the Court deems just and proper. The Underwriter Defendants further deny that this case is appropriate for class action treatment.

## XVIII.    JURY DEMAND

No response is required to Plaintiffs' demand for a jury trial.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to them as to any element of Plaintiffs' claims, the Underwriter Defendants assert the following affirmative and other defenses. The Underwriter Defendants reserve the right to amend this Answer to raise additional defenses, crossclaims, and third-party claims, not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim under Section 11 and/or Section 12 of the Securities Act upon which relief may be granted against the Underwriter Defendants.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert the Complaint's claims against any of the Underwriter Defendants under Section 11 and/or Section 12 of the Securities Act.

### THIRD AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiffs because the Offering Documents did not contain any false or misleading statement of material fact or omit any material fact, and the Underwriter Defendants are not responsible in law or fact for any alleged false or misleading statement or omission of material fact by others, or for any claimed misleading statement or omission of material fact not based on the Offering Documents.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against the Underwriter Defendants are barred, in whole or in part, because the Underwriter Defendants exercised due diligence and, after reasonable investigation, had reasonable grounds to believe and did believe that the purported misstatements and/or omissions alleged in the Complaint were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against the Underwriter Defendants are barred, in whole or in part, because the Underwriter Defendants have acted at all times with reasonable care and with due diligence in carrying out their responsibilities and did not know, and in the exercise of reasonable care could not have known, of the purported misstatements and/or omissions alleged in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

The Underwriter Defendants acted at all times in good faith and had no knowledge, and were not reckless in not knowing, that any alleged statement or omission was false or misleading.

**SEVENTH AFFIRMATIVE DEFENSE**

The Underwriter Defendants are not liable to Plaintiffs and members of the putative class to the extent that the acts or omissions alleged in the Complaint relate to portions of the Registration Statement or Prospectus reviewed by experts retained to assist in preparing such documents, as to which the Underwriter Defendants had reasonable grounds to believe, and did believe, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants because, with respect to portions of the Offering Documents purporting to be made on the authority of experts retained to assist in preparing such documents (other than the Underwriter Defendants), including, but not limited to, financial statements contained in the Offering Documents, the Underwriter Defendants had no reasonable grounds to believe, and did not believe at the time such part of the Offering Documents became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such part of the Offering Documents did not fairly represent the statement of the expert.

**NINTH AFFIRMATIVE DEFENSE**

The Underwriter Defendants are not liable to Plaintiffs because any alleged misstatements by the Underwriter Defendants were forward-looking statements and/or contained sufficient cautionary language and risk disclosure.

**TENTH AFFIRMATIVE DEFENSE**

The Underwriter Defendants are not liable to Plaintiffs because they had no duty to disclose the allegedly omitted information.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Underwriter Defendants are not liable to Plaintiffs because any allegedly untrue statements of material fact and/or omissions of material fact in the Offering Documents were not material.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the purported misstatements or omissions alleged in the Complaint concern non-actionable matters of opinion, or are puffery, rather than matters of material fact.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiffs because the substance of the allegedly material information that Plaintiffs allege to have been omitted or misrepresented was in fact disclosed in the Offering Documents, Rivian's own public filings and announcements, and from other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover from the Underwriter Defendants because Plaintiffs have not suffered any cognizable injury or sustained any damages and because any damages (which Underwriter Defendants deny) are speculative.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable to Plaintiffs because the damages for which Plaintiffs claim the Underwriter Defendants are responsible arise from a decline in share price that was not caused or contributed to by any alleged material misrepresentation or actionable omission by the Underwriter Defendants and were otherwise caused or contributed to by (a) persons or entities for whom the Underwriter Defendants are not responsible and for whom the Underwriter Defendants are not liable, or (b) factors other than any alleged misrepresentations or omissions for which the Underwriter Defendants may be responsible.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because any injury or damage as alleged in the Complaint was caused and brought about by the acts, conduct or omissions of individuals and/or entities other than the Underwriter Defendants and, as such, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not properly maintainable as class action claims.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against the Underwriter Defendants are barred, in whole or in part, by laches, equitable estoppel, waiver, ratification, or other equitable doctrines.

**NINETEENTH AFFIRMATIVE DEFENSE**

The Underwriter Defendants are not liable to the extent Plaintiffs did not purchase shares of Rivian common stock in the IPO, did not purchase shares of Rivian common stock traceable to the IPO, or purchased shares not subject to a registration statement or prospectus covered by the Securities Act.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part to the extent that the damages sought exceed those permitted under the Securities Act or any other applicable rule or regulation promulgated thereunder.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to recover attorney's fees, accountants' or experts' fees or other costs and disbursements, or any other relief purportedly requested in the Complaint.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Any recovery by Plaintiffs in this action is barred in whole or in part to the extent recovery is had in any other lawsuit, action, proceeding, or otherwise.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

The Underwriter Defendants are not liable because the Offering Documents complied with the laws of the United States and the regulations of the Securities and Exchange Commission.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs suffered damages, if at all, such damages must be offset by Plaintiffs' gains.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or part, by applicable statutes of limitations and/or repose.

## ADDITIONAL AFFIRMATIVE DEFENSES

The Underwriter Defendants hereby give notice that they may rely on other defenses if and when such defenses become known during the course of the litigation, and hereby reserve the right to amend their answer and to assert any additional defenses, crossclaims, counterclaims, and third party claims as they become known or available.

Dated: August 7, 2023                    Orrick, Herrington & Sutcliffe LLP


By:  */s/ Alexander K. Talarides*
James N. Kramer
Alexander K. Talarides
Richard A. Jacobsen (*Pro Hac Vice*)
Darrell S. Cafasso (*Pro Hac Vice*)
Jennifer Keighley (*Pro Hac Vice*)

Attorneys for the Underwriter Defendants