**KESSLER TOPAZ**
**  MELTZER & CHECK, LLP**
JENNIFER L. JOOST (Bar No. 296164)
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Counsel for Lead Plaintiff Sjunde AP-Fonden*
*and additional Plaintiff James Stephen Muhl*
*and Lead Counsel for the Proposed Class*

[Additional Counsel on signature page.]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

|  |  |
|---|---|
| CHARLES LARRY CREWS, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RIVIAN AUTOMOTIVE, INC., et al.<br><br>Defendants. | Case No.: 2:22-CV-01524-JLS-E<br><br>**CLASS ACTION**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge: Hon. Josephine L. Staton<br><br>Magistrate Judge Charles F. Eick |

1. **PURPOSES, LIMITATIONS AND GOOD CAUSE STATEMENT**

Discovery activity in this Action may involve the disclosure or production of trade secret, confidential, or proprietary information generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, Court rules, case decisions, or common law, and for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. Accordingly, to protect such information while ensuring that the Parties have access to such information in discovery and may use such information in preparation for and in conduct of trial, address the handling of confidential information at the end of the Action, and serve the ends of justice, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order").

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this Action. The Parties further acknowledge, as set forth in Section 13.3, below, that this Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. **DEFINITIONS**

2.1   <u>Action</u>: *Charles Larry Crews, Jr., et al. v. Rivian Automotive, Inc., et al.*, No. 2:22-cv-01524-JLS-E (C.D. Cal.).

2.2   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

STIPULATED PROTECTIVE ORDER
CASE NO. 2:22-cv-01524-JLS-E

2.3   "CONFIDENTIAL" Information or Items: means any Discovery Material (regardless of how it is generated, stored or maintained) that qualifies for protection under Federal Rule of Civil Procedure 26(c).

2.4   Counsel: Outside Counsel of Record, In-House Counsel, and attorneys who have been retained to represent or advise a Party or Non-Party to this Action, as well as their support staff.

2.5   Designating Party: a Party or Non-Party that designates any Discovery Material that are produced or generated in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6   Discovery Material: any information, Document or thing of any kind produced, disclosed or made available for inspection pursuant to discovery in this Action, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony at a deposition or hearing, transcripts, or written disclosures or discovery responses).

2.7   Document: shall have the broadest meaning under Federal Rule of Civil Procedure 34(a).

2.8   Expert: a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness at trial in this Action.

2.9   "HIGHLY CONFIDENTIAL" Information or Items: any Discovery Material that, if disclosed, is likely to cause the Designating Party material and significant competitive or commercial harm, and that has been so designated. Subject to the foregoing, "HIGHLY CONFIDENTIAL" is limited to any Discovery Materials the Designating Party believes in good faith are trade secrets; current or future non-public information regarding prices, costs, or margins; information relating to research, development testing of, or plans for existing or proposed future products; confidential contractual terms with Rivian suppliers that are currently in effect or will be in effect in the future, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating

positions) with respect to contracts with Rivian suppliers whose terms are currently in effect or will be in effect in the future; information relating to pending or abandoned patent applications that have not been made available to the public; personnel files; and sensitive personally identifiable information.

2.10 <u>In-House Counsel</u>: attorneys who are employees of a corporate Party to this Action, in its legal department, for the purpose of providing legal advice to the company. In-House Counsel does not include Outside Counsel of Record or any other outside attorneys who have been retained to represent or advise a Party or Non-Party to this Action.

2.11 <u>Litigation Support Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.13 <u>Outside Counsel of Record</u>: Kessler Topaz Meltzer & Check, LLP and Larson LLP for Plaintiffs; Freshfield Bruckhaus Deringer US LLP for the Rivian Defendants; and Orrick Herrington & Sutcliffe LLP for the Underwriter Defendants.

2.14 <u>Party</u>: any party[1] to this Action, including all of its officers, directors, and employees. For the avoidance of doubt, prior to class certification, no putative class member other than a named plaintiff, the Lead Plaintiff, or a proposed class representative

---

[1] The Parties are Lead Plaintiff Sjunde AP-Fonden and additional named plaintiff James Stephen Muhl ("Plaintiffs"); and Defendants Rivian Automotive, Inc., Robert J. Scaringe, Claire McDonough, Jeffrey R. Baker, Karen Boone, Sanford Schwartz, Rose Marcario, Peter Krawiec, Jay Flatley, Pamela Thomas-Graham, Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Barclays Capital Inc., Deutsche Bank Securities Inc., Allen & Company LLC, BofA Securities, Inc., Mizuho Securities USA LLC, Wells Fargo Securities, LLC, Nomura Securities International, Inc., Piper Sandler & Co., RBC Capital Markets, LLC, Robert W. Baird & Co. Inc., Wedbush Securities, Inc., Blaylock Van, LLC, Cabrera Capital Markets LLC, C.L. King & Associates, Inc., Loop Capital Markets LLC, Samuel A. Ramirez & Co., Inc., Siebert Williams Shank & Co., LLC, and Tigress Financial Partners LLC ("Defendants").

STIPULATED PROTECTIVE ORDER
CASE NO. 2:22-cv-01524-JLS-E

in the Action constitutes a Party to this Action, and no putative class member other than a named plaintiff, Sjunde AP-Fonden, James Stephen Muhl, or class representative may be given access to Protected Material unless such putative class member may otherwise access Protected Material under Section 7.2 or 7.3.

2.15 <u>Producing Party</u>: a Party or Non-Party that produces Discovery Material in this Action.

2.16 <u>Protected Material</u>: any Discovery Material that is designated as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL."

2.17 <u>Receiving Party</u>: a Party that receives Discovery Material from a Producing Party.

**3.   SCOPE**

The terms of this Order are applicable to information produced by any Party or Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the terms herein. Such information is protected by the remedies and relief provided by this Order.

This Order does not confer blanket protections on all Discovery Material. The protections it confers extend to Protected Material as well as (1) any information copied, extracted, or quoted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any Discovery Material that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any Discovery Material that is or becomes known to a Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source lawfully in possession of such Discovery Material and under no contractual or legal obligation of confidentiality to the Designating Party.

STIPULATED PROTECTIVE ORDER
CASE NO. 2:22-cv-01524-JLS-E

Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.   DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment in this Action after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.   DESIGNATING PROTECTED MATERIAL**

5.1   Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates Discovery Material for protection under this Order must take care to limit any such designation to the specific Discovery Material that qualifies under the appropriate standards, and only those specific parts of the Discovery Material that qualify so that other portions of the Discovery Material for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or slow the case development process or to impose unnecessary expenses and burdens on the Receiving Party) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that Discovery Material that it designated for protection does not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation in writing.

5.2   Any Party or Non-Party May Designate Discovery Material. Any Party or Non-Party may designate its own Discovery Material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Any Party may also designate Discovery Material disclosed or

produced by another Party or Non-Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Order, if such designation would be proper under the terms of this Order had the Discovery Material been produced by that Party, by so indicating in writing within 21 days after receipt of said Discovery Material by all Parties, and providing an identification by relevant Document numbers or other means of identifying the Discovery Material (or portion thereof) to be so designated. All such Discovery Material shall be treated as Protected Material under this Order until received by all Parties, and for the 21-day period thereafter within which Parties may designate the materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

5.3    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., Section 6.3(a) below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the Discovery Material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic Documents, but excluding transcripts of depositions or other pretrial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material. For electronic information in documentary form produced in its native format, the Producing Party shall produce a one-page TIFF placeholder with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" affixed to that page and include the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the file name of the native file. A Party or Non-Party that makes original Discovery Material available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all Discovery Material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the Discovery Material it wants copied and produced, the Producing Party must determine which Discovery Material qualifies for protection under this Order and affix the

6

legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial proceedings, that the Designating Party invokes on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days after the Designating Party receives a certified transcript to identify the specific portions of testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Order. The use of any Protected Material as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages, as well as line numbers if appropriate, that have been designated as Protected Material. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.4    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified Discovery Material does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely written correction of a designation, the Receiving Party must make reasonable efforts to assure that

7

the Discovery Material is treated in accordance with the provisions of this Order. The Receiving Party shall also use commercially reasonable efforts to ensure that any derivative work generated by or on behalf of the Receiving Party before such re-designation, including analyses, memoranda, or notes that were generated based upon or quote from such Discovery Material, shall immediately be treated in conformity with such re-designation.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq.* by providing written notice to the Designating Party and all other Parties of each designation it is challenging and describing the basis for each challenge. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the Protected Material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the chosen designation. No Party may seek judicial intervention without engaging in this meet and confer process first or establishing that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a confidentiality challenge without court intervention, the Challenging Party shall file and serve a joint stipulation concerning the matters in dispute pursuant to Local Rules 37-1 and 37-2 within the earlier of 21 days after the initial notice of challenge or 14 days after the Parties agreeing that the meet-and-confer process will not resolve their dispute. The burden of persuasion in any judicial challenge made pursuant to this paragraph shall be on the Designating Party. While

a challenge is pending, unless the Designating Party has waived or withdrawn the confidentiality designation, the Discovery Material at issue shall continue to be treated as Protected Material under this Order until the Court rules on the challenge.

**7.   ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Anyone to whom Protected Material is disclosed shall be provided with a copy of this Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below. A Receiving Party must use reasonable efforts to store and maintain Protected Material at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Counsel shall maintain the originals of the "Acknowledgment and Agreement to be Bound" forms signed by persons acknowledging their obligations under this Order for a period of 60 days after final disposition of these proceedings.

7.2   <u>Disclosure of "CONFIDENTIAL" Information</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose "CONFIDENTIAL" Information only to:

(a) the Parties (including In-House Counsel of the Parties);

(b) Outside Counsel of Record;

(c) Experts, non-testifying consultants, and their staff, provided that they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) mediators, arbitrators, or other persons mutually agreed upon by the Parties who are engaged for the purpose of alternative dispute resolution of this Action;

(e) paralegal, secretarial, clerical, duplicating, data processing, or other personnel employed by any of the persons identified in (a) – (d);

(f) the Court and its personnel;

STIPULATED PROTECTIVE ORDER
CASE NO. 2:22-cv-01524-JLS-E

(g) court reporters, videographers, and their staff;

(h) professional jury or trial consultants (and their staff) and mock jurors, provided that they have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(i) Litigation Support Vendors who are assisting Counsel of Record, provided they have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(j) any deponent or witness in this Action and their Counsel, provided that such witnesses or deponents (excluding the Parties, current employees of the Parties, and any other person who otherwise falls within this Section 7.2) have been provided with a copy of this Order and shall not be allowed to retain copies of Protected Material. For the avoidance of doubt, the Parties intend for this Order to apply to any deponent or witness who receives this Order and to whom Protected Material is disclosed;

(k) the author or recipient of a Document containing the information or a custodian or other person who otherwise possessed or knew the information;

(l) any entity providing insurance or indemnification that may satisfy any settlement or judgment in this Action, including their Counsel; and

(m) any other persons as ordered by the Court or to whom the Designating Party has given written consent.

7.3     Disclosure of "HIGHLY CONFIDENTIAL" Information. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose "HIGHLY CONFIDENTIAL" Information only to:

(a) the Parties (including In-House Counsel of the Parties);

(b) Outside Counsel of Record;

(c) Experts, non-testifying consultants, and their staff, provided that they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and provided that for any Expert who is at the time of retention in this Action a current or anticipated employee of or consultant for any of the companies identified in Exhibit B, and, prior to disclosing "HIGHLY CONFIDENTIAL" Information to such Expert, the Receiving Party

10

will provide notice to the Designating Party of its intent to disclose "HIGHLY CONFIDENTIAL" Information to such Expert, and will identify the Expert to whom it seeks to disclose such "HIGHLY CONFIDENTIAL" Information. The Designating Party shall have five business days within which to object to the disclosure of "HIGHLY CONFIDENTIAL" Information to such Expert. If the Designating Party fails to timely object, the Receiving Party may disclose "HIGHLY CONFIDENTIAL" Information to such Expert. If the Designating Party timely objects, the Parties shall meet and confer and, to the extent they cannot resolve their dispute, the Designating Party shall have five business days from the last day the Parties met and conferred to serve their portion of the joint stipulation on the Receiving Party pursuant to Local Rules 37-1 and 37-2. At no time shall consent to disclose HIGHLY CONFIDENTIAL Information to an Expert be withheld unreasonably;

(d) mediators, arbitrators, or other persons mutually agreed upon by the Parties who are engaged for the purpose of alternative dispute resolution of this Action;

(e) paralegal, secretarial, clerical, duplicating, data processing, or other personnel employed by any of the persons identified in (a), (b) and (d);

(f) the Court and its personnel;

(g) court reporters, videographers, and their staff;

(h) professional jury or trial consultants (and their staff) and mock jurors, provided that they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(i) Litigation Support Vendors who are assisting Counsel of Record, provided they have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(j) any deponent or witness in this Action and their Counsel, provided that such witnesses or deponents (excluding the Parties, current employees of the Parties, and any other person who otherwise falls within this Section 7.3) have been provided with a copy of this Order and shall not be allowed to retain copies. For the avoidance of doubt, the

Parties intend for this Order to apply to any deponent or witness who receives this Order and to whom Protected Material is disclosed;

(k) the author or recipient of a Document containing the information or a custodian or other person who otherwise possessed or knew the information;

(l) any entity providing insurance or indemnification that may satisfy any settlement or judgment in this Action, including their Counsel; and

(m) any other persons as ordered by the Court or to whom the Designating Party has given written consent.

7.4    <u>Disclosure or Use in Pre-Trial Court Proceedings</u>. Prior to the use of any Protected Material at a hearing to be held in open court, Counsel who desires to use such Protected Material shall take reasonable steps to afford the Designating Party a reasonable opportunity to object to disclosure in open court of such Protected Material.

**8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED TO BE PRODUCED</u>**

If a Party is served with a subpoena or a court order issued in another litigation or proceeding before an arbitration panel, regulatory agency, law enforcement, or administrative body that compels disclosure of any Discovery Material (the "Subpoenaed Party") designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by anyone other than the Subpoenaed Party, the Subpoenaed Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation or proceeding that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order;

(c) refrain from producing any Protected Material in response to such subpoena or order until the earlier of (1) receipt of written notice from the Designating Party that the Designating Party does not object to production of the Protected Material in question, or

(2) resolution of any objection asserted by the Designating Party either by agreement or by order of a court with jurisdiction over the objection of the Designating Party; and

      (d)  cooperate with respect to all reasonable procedures pursued by the Designating Party whose Protected Material may be affected.

Notwithstanding the foregoing, unless the Designating Party submits a timely objection upon the Subpoenaed Party prior to the compliance date required pursuant to the subpoena or order, the Subpoenaed Party shall be permitted to produce Documents responsive to the subpoena or order on the compliance date if notice was provided to the Designating Party in accordance with sub-paragraph (b) herein.

The Designating Party shall bear the burden and expense of seeking to maintain the confidentiality of its Protected Material. Compliance by the Subpoenaed Party with any order directing production pursuant to the subpoena or order of any responsive Protected Material shall not constitute a violation of this Order, provided that the provisions of this Section have been satisfied. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9.   PRODUCTION OF A NON-PARTY'S DISCOVERY MATERIAL

The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Even if a Non-Party does not designate Discovery Material it is producing as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order, a Party may so designate such Discovery Material in accordance with Section 5.2 of this Order. Nothing in this Order should be construed as prohibiting a Non-Party from seeking additional protections from disclosure provided herein.

In the event that a Party is required to produce a Non-Party's confidential information in its possession, custody or control in response to a discovery request

propounded in accordance with the Federal Rules of Civil Procedure, civil investigative demand, or other compulsory process, and the Party is subject to an agreement with the Non-Party not to produce or disclose the Non-Party's confidential information, the Party shall promptly notify the Non-Party in writing that some or all of its information has been requested to be produced and the Non-Party shall, within fourteen (14) days of receipt of such notice, identify for the Producing Party any Discovery Material that should be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the terms of this Order, or seek a protective order from the Court regarding the production of such Discovery Materials.

If the Non-Party fails to timely object, designate its information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," or seeks a protective order with respect to the disclosure of such materials after receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request, subject to a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.    INADVERTENT OR UNAUTHORIZED DISCLOSURE**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party shall immediately: (i) inform the Designating Party in writing of such unauthorized or inadvertent disclosure, (ii) use best efforts to retrieve the Protected Material or have all unauthorized copies of the Protected Material destroyed; (iii) notify the person or persons to whom the unauthorized or inadvertent disclosure was made of all the terms of this Order; and (iv) request such person or persons execute the "Acknowledgment and Agreement to be Bound" attached hereto as Exhibit A.

14

**11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED DISCOVERY MATERIAL**

The inadvertent disclosure or production of Discovery Material shall be without prejudice to a Party's ability to assert that the material is protected by the attorney-client privilege, work-product protection, or other legally recognized privileges or protections in this Action, and no Party waives any claims or arguments as to waiver of such privileges or protections. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of Documents for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. Nothing is intended or shall serve to limit the right of a Party to challenge the privilege or protection asserted with respect to any Discovery Material.

In the event that a Producing Party believes in good faith that Discovery Materials subject to a valid claim of attorney-client privilege, work-product protection, or other applicable privileges or protection has been inadvertently produced, the Producing Party shall promptly notify the Receiving Party in writing after learning or discovering that such production was made. Within seven (7) business days of the written notice, the Producing Party must also provide a detailed privilege log that in all respects complies with Federal Rule of Civil Procedure 26(b)(5) and applicable Local Rules, and sets forth sufficient information to enable the Receiving Party to assess the Producing Party's claim of privilege.

When a Producing Party gives notice to a Receiving Party that certain inadvertently produced Discovery Material is subject to a claim of attorney-client privilege or attorney-work product, or other applicable protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Specifically, after being

notified as provided for in this section, a Receiving Party must promptly return, sequester,[2] or destroy the specified Discovery Material and any copies, summaries, or excerpts of the Discovery Material it has; must not use or disclose the Discovery Material until the claim is resolved; must take reasonable steps to retrieve the Discovery Material if the Receiving Party disclosed it before being notified; and may present the Discovery Material to the Court under seal for a determination of the claim in accordance with the Court's procedures and Local Rules. The Producing Party must preserve the Discovery Material until the claim is resolved.

If, during a deposition, the Producing Party asserts for the first time that the information contained in a marked exhibit was inadvertently produced and is privileged or protected by the work-product doctrine or other applicable privileges or protections, the Producing Party shall make the claim on the record. If the Receiving Party disputes the assertion on the record, the Parties shall cooperate in good faith to reasonably resolve the dispute off the record prior to the close of the deposition. If the dispute cannot be resolved by agreement of the Parties, it may be presented to and resolved by the Court in accordance with the procedures described herein, the Court's individual practices, and the applicable Local Rules. To the extent the Court determines that the Discovery Material at issue is not privileged, the deposition may, at the noticing party's discretion, be re-opened to allow questioning of the witness on any matters previously foreclosed as a result of the dispute.

## 13.   **MISCELLANEOUS**

13.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any

---

[2] For the avoidance of doubt, sequestration prohibits the Receiving Party from further review of the Discovery Material once a claim of privilege or other protection is made except as otherwise provided by this section, including that the Receiving Party may submit the sequestered materials under seal to the Court for review.

STIPULATED PROTECTIVE ORDER
CASE NO. 2:22-cv-01524-JLS-E

Discovery Material on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the Discovery Material covered by this Protective Order. Any use of Protected Material at trial shall be governed by a separate agreement or order.

13.3 <u>Filing Protected Material</u>. Pursuant to Local Civil Rule 79-5.2, no Document may be filed under seal without prior approval by the Court. Where a Party seeks to file Protected Material under seal, Local Civil Rule 79-5.2.2(a) shall be followed, unless the filing Party is not the Designating Party, in which case, Local Civil Rule 79-5.2.2(b) shall be followed. Where possible, a Party seeking to file Protected Materials under seal should file an "Application for Leave to File Under Seal" ("Application") in time to receive a determination before filing the motion or other paper that the proposed sealed Protected Material is intended to support; however, Applications for leave to file a Document under seal shall be considered timely if filed on or by the date on which such Documents would otherwise be due. Where a Party seeks to file Protected Material under seal that it has designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," its Application must be accompanied by a declaration establishing good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome, with citations to the applicable legal standard. Where a Party seeks to file under seal Protected Material that was designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by another Party or Non-Party, it must confer with the Designating Party at least three days prior to seeking to file the Protected Material under seal, in an attempt to eliminate or minimize the need for filing under seal by means of redaction. If agreement cannot be reached, the filing Party may file an Application, which must be accompanied by a supporting declaration identifying the materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as well as the Designating Party, and describe the efforts to resolve the issue. The declaration must be served on the Designating Party the same day it is filed. Within four days of the filing of the Application, the Designating Party must file a declaration establishing that all or party of the Protected

Material is sealable by showing good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome, with citations to the applicable legal standard. If an application to file Protected Material under seal pursuant to Local Civil Rule 79-5.2.2 is denied by the Court, then the filing Party may file the information in the public record pursuant to Civil Local Rule 79-5.2.2(a) or (b) unless otherwise instructed by the Court. If an application to file Protected Material under seal pursuant to Local Civil Rule 79-5.2.2 is granted, the filing Party shall comply with Local Civil Rule 79-5.2.2(c). Federal Rule of Civil Procedure 5 and Local Civil Rule 79-5.3 shall govern the service of Documents filed under seal.

13.4    <u>Party's Own Use</u>. This Order has no effect upon, and shall not apply to, the Parties' use of their own Documents for any purpose. Nothing herein shall impose any restrictions on the use or disclosure by a Party of Protected Material that has been generated or obtained lawfully by that Party independently of this Action.

13.5    <u>All Protected Material to be Used Only for This Action</u>. All Protected Material must be used by the Receiving Party solely for the purpose of this Action. Protected Material produced to any other Party or their Counsel shall not be used by any Party or their Counsel in any other litigation or for any purpose other than the prosecution or defense of this Action.

**14.    FINAL DISPOSITION**

Within 60 days after the final disposition of this Action, as defined in Section 5, each Receiving Party must use commercially reasonable efforts to return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. If requested by a Producing Party in writing within 90 days of final disposition of this Action, each Receiving Party must submit a written confirmation to that Producing Party stating that the Receiving Party has complied with this Section 14 by the later of the 60-day deadline set forth above or 7 days after receiving the Producing Party's written request. Notwithstanding this provision,

18

Counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney-work product; and Expert-work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4. Additionally, Counsel may use work product from this Action in subsequent litigation, provided that Counsel does not disclose another Party's Protected Material.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: November 14, 2023                    **KESSLER TOPAZ**
                                             **MELTZER & CHECK, LLP**

                            By:    */s/ Jennifer L. Joost*
                                   Jennifer L. Joost (Bar No. 296164)[3]
                                   jjoost@ktmc.com
                                   One Sansome Street Suite 1850
                                   San Francisco, CA 94104
                                   (415) 400-3000

                                   -and-

                                   Sharan Nirmul (*pro hac vice*)
                                   snirmul@ktmc.com
                                   Darren J. Check (*pro hac vice*)
                                   dcheck@ktmc.com
                                   Richard A. Russo, Jr. (*pro hac vice*)
                                   rrusso@ktmc.com
                                   Alex B. Heller (*pro hac vice*)
                                   aheller@ktmc.com
                                   Austin W. Manning (*pro hac vice*)
                                   amanning@ktmc.com
                                   280 King of Prussia Road
                                   Radnor, PA 19807
                                   Telephone: (610) 667-7706
                                   Facsimile: (610) 667-7056
                                   280 King of Prussia Road
                                   Radnor, PA 19087

---

[3] Pursuant to Local Rule 5-4.3.4(2)(i), the electronic filer hereby attests that all signatories concur in the filing's content and have authorized this filing.

(610) 667-7706

*Counsel for Lead Plaintiff Sjunde AP-Fonden and Additional Plaintiff James Stephen Muhl and Lead Counsel for the Proposed Class*

**LARSON LLP**
Stephen G. Larson (Bar No. 145225)
slarson@larsonllp.com
Paul A. Rigali (Bar No. 262948)
prigali@larsonllp.com
555 South Flower Street, Suite 4400
Los Angeles, CA 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000

*Liaison Counsel for Lead Plaintiff Sjunde AP-Fonden and additional Plaintiff James Stephen Muhl and Liaison Counsel for the Proposed Class*

DATED: November 14, 2023                 **FRESHFIELDS BRUCKHAU DERINGER US LLP**

By:     */s/ Eunice Leong*
        Eunice Leong (Bar No. 320499)
        eunice.leong@freshfields.com
        Boris Feldman (Bar No. 128838)
        boris.feldman@freshfields.com
        Doru Gavril (Bar No. 282309)
        doru.gavril@freshfields.com
        Jennifer Loeb (Bar No. 266235)
        jennifer.loeb@freshfields.com
        Elise Lopez (Bar No. 324199)
        elise.lopez@freshfields.com
        Olivia Rosen (Bar No. 340120)
        olivia.rosen@freshfields.com
        855 Main Street
        Redwood City, CA 94063
        Telephone: (650) 618-9250

*Attorneys for Defendants Rivian Automotive, Inc., Robert J. Scaringe, Claire McDonough, Jeffrey R. Baker, Karen Boone, Sanford Schwartz, Rose Marcario, Peter Krawiec, Jay Flatley, and Pamela Thomas-Graham*

1 | DATED: November 14, 2023

**ORRICK HERRINGTON & SUTCLIFFE LLP**

2 | By:     */s/ Jennifer Keighley*

3 | Jennifer Keighley (*pro hac vice*)
jkeighley@orrick.com

4 | Richard A. Jacobsen (*pro hac vice*)
rjacobsen@orrick.com

5 | Darrell S. Cafasso (*pro hac vice*)
dcafasso@orrick.com

6 | Gregory D. Beaman (*pro hac vice*)
gbeaman@orrick.com

7 | Harry F. Murphy (*pro hac vice*)
hmurphy@orrick.com

8 | 51 West 52nd Street
New York, New York 10019

9 | Telephone: (212) 506-5000

10 |

11 | -and-

12 | James N. Kramer (Bar No. 154709)
jkramer@orrick.com

13 | Alexander K. Talarides (Bar No. 268068)
atalarides@orrick.com

14 | 405 Howard Street
San Francisco, CA 94105

15 | Telephone: (415) 773-5923

16 |

17 | *Attorneys for Defendants Morgan Stanley & Co.
LLC, Goldman Sachs & Co., LLC, J.P. Morgan*

18 | *Securities LLC, Barclays Capital Inc., Deutsche
Bank Securities Inc., Allen & Company LLC, BOFA*

19 | *Securities, Inc., Mizuho Securities USA LLC, Wells
Fargo Securities, LLC, Nomura Securities*

20 | *International, Inc., Piper Sandler & Co., RBC
Capital Markets, LLC, Robert W. Baird & Co.*

21 | *Inc., Wedbush Securities, Inc., Blaylock Van, LLC,
Cabrera Capital Markets LLC, C.L. King &*

22 | *Associates, Inc., Loop Capital Markets LLC,
Samuel A. Ramirez & Co., Inc., Siebert Williams*

23 | *Shank & Co., LLC, and Tigress Financial Partners
LLC*

24 |

25 |

26 |

27 |

28 |

21

1  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2

3

4  DATED:   11/14/23                         /S/ CHARLES F. EICK
                                        Honorable Charles F. Eick
5                                       United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order (the "Order") that

was issued by the United States District Court for the Central District of California,

Western Division, in the case of *Crews, et al., v. Rivian Automotive, Inc. et al.*, No. 2:22-

cv-01524-JLS-E (C.D. Cal.). I agree to comply with and to be bound by all the terms of

the Order. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Order to any person or entity except in strict compliance with

the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California, Western Division, for the purpose of enforcing the terms of

this Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this Action.


Date: _____


City and state where sworn and signed: _____


Printed name: _____


Signature: _____

STIPULATED PROTECTIVE ORDER
CASE NO. 2:22-cv-01524-JLS-E

1

**EXHIBIT B**

2

3   1.  Aston Martin
    2.  Audi
4   3.  BMW
    4.  BYD
5   5.  Canoo
6   6.  Chevrolet
    7.  Faraday
7   8.  Ferrari
    9.  Fisker
8   10. Ford
9   11. GM
    12. Honda
10  13. Hyundai/Kia
11  14. Jaguar Land Rover/Tata Motors
    15. Li Auto
12  16. Lightning eMotors
13  17. Lion Electric
    18. Lucid
14  19. Mazda
15  20. Mercedes-Benz
    21. NIO
16  22. Nissan
17  23. Oshkosh
    24. Polestar
18  25. Porsche
19  26. Stellantis
    27. Subaru
20  28. Tesla
21  29. Toyota
    30. VinFast
22  31. Volvo
23  32. VW
    33. Workhorse
24  34. Xpeng
25  35. Zoox

26

27

28

STIPULATED PROTECTIVE ORDER
CASE NO. 2:22-cv-01524-JLS-E