UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 22-1524-JLS(Ex) | Date | July 8, 2024 |
|---|---|---|---|
| Title | CHARLES LARRY CREWS, JR., ET AL. V. RIVIAN AUTOMOTIVE, INC., ET AL. | | |

Present: The Honorable   Charles F. Eick, United States Magistrate Judge

| Valencia Munroe | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

**Attorneys Present for Plaintiffs:**
None

**Attorneys Present for Defendants:**
None

**Proceedings:**        (IN CHAMBERS)

　　　The Magistrate Judge has read and considered all papers filed in support of and in opposition to "Plaintiffs' Motion to Compel Defendant RBC's Responses to First Set of Requests for Production of Documents, etc." ("the Motion"), filed June 21, 2024.  The previously noticed July 12, 2024 hearing is vacated.  The Magistrate Judge has taken the Motion under submission without oral argument.

　　　On or before August 16, 2024, Defendant RBC Markets LLC ("RBC") shall:  (a) conduct a reasonable and diligent search for documents (including electronically stored information ("ESI")) from January 1, 2021 through June 30, 2022, within RBC's possession, custody or control responsive to:  Request for Production ("RFP") No. 1; RFP No. 5; RFP No. 6; RFP No. 7; RFP No. 26; RFP No. 27; RFP No. 30; RFP No. 31; RFP No. 32; RFP No. 33; RFP No. 34; RFP No. 36; RFP No. 38; RFP No. 39; RFP No. 52 (limited to documents concerning the Risk Factor statements alleged in ¶¶ 157, 170 and 294 of the "Amended Consolidated Complaint, etc.," filed March 2, 2023; RFP No. 53 (limited documents concerning the R1 BOM, the R1 pricing, and the financial report of Rivian Automotive, Inc.); RFP No. 53; RFP No. 54; RFP No. 55; RFP No. 56; RFP No. 57; RFP No. 58; RFP No. 59; RFP No. 60; RFP No. 61; RFP No. 62; RFP No. 63; RFP No. 64; RFP No. 67; RFP No. 68; RFP No. 69; RFP No. 70; RFP No. 71 and RFP No. 72 (with the "or" in the Request corrected to "of"); (b) produce to Plaintiffs all responsive documents so located other than those withheld under claim of the attorney-client privilege or the work product doctrine; and (c) serve on Plaintiffs a privilege log identifying with particularity all responsive documents withheld from the production.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 22-1524-JLS(Ex) | Date | July 8, 2024 |
|---|---|---|---|
| Title | CHARLES LARRY CREWS, JR., ET AL. V. RIVIAN AUTOMOTIVE, INC., ET AL. | | |

In conducting the required reasonable and diligent search for responsive ESI: (a) the custodians need not necessarily include more than one of analysts Joseph Spak, Brendan Shea and Chris Dendrinos; the one analyst who must be included shall be selected by Plaintiffs as soon as practicable; and (b) the search need not necessarily include all of the sources proposed by Plaintiffs or all of the search terms proposed by Plaintiffs.

To the extent the Motion has been granted, the Magistrate Judge has determined that: (a) the discovery is relevant to the parties' claims or defenses and proportional to the needs of the case; (b) Plaintiffs' need for the discovery outweighs the asserted interest of Defendants and others in maintaining the alleged confidentiality of the documents under any qualified privilege asserted, particularly in light of the "Stipulated Protective Order," filed November 14, 2023; and (c) RBC's objections are overruled.

Except as expressly stated herein, the Motion is denied. Some of the requests for production are unreasonably overbroad and seek discovery not proportional to the needs of the case. See Fed. R. Civ. P. 26(b). As to some of these same requests, the Magistrate so ruled in a Minute Order, filed June 21, 2024. The Magistrate Judge's observations in the June 21, 2024 Minute Order regarding Plaintiffs' apparent desire to dictate precisely how a reasonable and diligent search for responsive documents should proceed apply equally to the present Motion. See Minute Order, filed June 21, 2024, pp. 2-3; see also L.R. 7-18.

Finally, the Magistrate Judge's partial denial of the Motion is not intended, and shall not be construed, to relieve RBC of its obligation to fulfill all discovery-related promises RBC previously made to Plaintiffs.

cc: Judge Staton
All Counsel of Record                          Initials of Deputy Clerk  VMUN