UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-01524-JLS-E                                    Date:  October 23, 2024

Title: Charles Larry Crews, Jr. v. Rivian Automotive, Inc. et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING PLAINTIFFS' MOTION TO APPROVE THE FORM AND MANNER OF CLASS NOTICE (Doc. 400)**

Before the Court is Plaintiffs' unopposed motion to approve the form and manner of class notice.  (Mot., Doc. 400; Mem., Doc. 400–1.)  The Court finds Plaintiffs' Motion appropriate for decision without oral argument, and the hearing set for October 25, 2024, at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  For the reasons stated below, the Court GRANTS Plaintiffs' Motion and ORDERS Plaintiffs to file a revised version of Class Notice by **November 4, 2024**.

### I.      BACKGROUND

This is a federal securities class action against the publicly traded company Rivian, several of its top executives, and underwriters for Rivian Automotive, Inc. ("Rivian")'s initial public offering ("IPO").  (Amended Consolidated Complaint ("ACC") ¶¶ 24–36, 225–61, Doc. 150.)  Plaintiffs allege that various Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated by the Securities and Exchange Commission (collectively referred to as "the 1934 Act Claims"); and Sections 11, 12(a)(2) and 15 of the Securities Exchange Act of 1933 and Regulation S-K promulgated by the Securities and Exchange Commission (collectively referred to as "the 1933 Act claims").  (*Id.* ¶¶ 214–24, 318–44.)  On July 17, 2024, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:22-cv-01524-JLS-E | Date:  October 23, 2024 |
| Title: Charles Larry Crews, Jr. v. Rivian Automotive, Inc. et al | |

Court granted Plaintiffs' motion for class certification and certified the following classes under Rule 23(a) and 23(b)(3):

- **For 1934 Act Claims**: All persons and entities who purchased or otherwise acquired Rivian Class A common stock between November 11, 2021, and March 10, 2022, inclusive, and were damaged thereby. The Class excludes those who purchased Rivian Class A common stock at the fixed IPO price.

- **For 1933 Act Claims**: All persons and entities who purchased or otherwise acquired Rivian Class A common stock between November 10, 2021, and March 10, 2022, inclusive, and were damaged thereby.

(Class Cert. Order at 30-31, Doc. 392.)  In its Order, the Court directed the parties to submit a proposed form of class notice advising Class Members of "damages sought and their rights to intervene, opt out, submit comments, and contact Class Counsel." (*Id.* at 31.)  Plaintiffs now seek an order approving the form and manner of class notice. (*See generally* Mot.)

A. Class notice

Plaintiffs propose distributing three forms of notice to Class Members via first-class mail, the class website, and print media. (Mem. at 3, 6–8.)

First, Plaintiffs will distribute Postcard Notice to Class Members that will provide the address for the Class website and advise Class Members that they may be members of the Class and may seek to exclude themselves from the Class. (Mem. at 3, 5; *see also* Ex. 1 to Nirmul Decl., Postcard Notice, Doc. 400-3; Ex. 4 to Nirmul Decl., Notice Plan ¶ 2, Doc. 400-6.)  Any returned Postcard Notices will be reviewed within three (3) business days of receipt of return and will be re-mailed to an updated or alternative address, if available from the U.S. Postal Service or through a third-party vendor to which the Administrator subscribes. (Notice Plan ¶ 5.)  The Administrator will also send via first-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-01524-JLS-E                                                                 Date:  October 23, 2024
Title: Charles Larry Crews, Jr. v. Rivian Automotive, Inc. et al

class mail the Notice of Pendency to nominee purchasers of Rivian Class A common stock, such as brokerage firms, banks, institutions, investment funds, investment companies, investment advisors, investment portfolios, mutual fund trusts, mutual investment funds, investment managers, and any other persons or entities who are or who claim to be nominees ("Nominees").  (*Id.* ¶ 6.)  Nominees will be requested to either:

> (a) within seven (7) calendar days of receipt of the Notice of Pendency, request from the Administrator sufficient copies of the Postcard Notice to forward to all beneficial owners of Rivian Class A common stock and within seven (7) calendar days of receipt of those Postcard Notices send the Postcard Notice to all such beneficial owners; or (b) send a list of the names and mailing addresses (and, if available, email address) of such beneficial owners to the Administrator within seven (7) calendar days thereof, in which case the Administrator shall promptly provide the Postcard notice to such beneficial owners by first-class mail.

(*Id.*)  Nominees may seek reimbursement from the Administrator for their reasonable expenses actually incurred in responding to the Notice of Pendency by providing the Administrator with proper documentation supporting the expenses for which reimbursement is sought.  (*Id.*)  Any disputes with respect to the reasonableness or documentation of expenses incurred shall be subject to review by the Court.  (*Id.*)

     Second, Plaintiffs will make a Notice of Pendency available on the Class website, which advises Class Members of the general substance of the Classes' claims, the current status of the case, the relief sought on behalf of the Classes, Defendants' position with respect to the Classes' claims, and the binding effect of a class judgment on Class Members.  (Notice Plan ¶ 7; *see generally* Ex. 2 to Nirmul Decl., Notice of Pendency ("NOP"), Doc. 400-4.)  The Notice of Pendency directs Class Members seeking additional information on the claims and defenses asserted in the action to contact Class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-01524-JLS-E                                                                 Date:  October 23, 2024
Title: Charles Larry Crews, Jr. v. Rivian Automotive, Inc. et al

Counsel, visit the Class website, contact the Administrator by phone or email, or review all the papers filed in the action via the Public Access to Court Electronic Resources System ("PACER").  (NOP at 9–10.)  The Notice of Pendency also informs Class Members that they may retain their own lawyer at their own expense if a Class Member so desires. (*Id.* at 9.)

Third, Plaintiffs will publicize a Summary Notice on one occasion in *The Wall Street Journal* and over *PR Newswire* not later than ten (10) calendar days after the Notice Date.  (Mem. at 7; Notice Plan ¶ 8.)

All of Plaintiffs' proposed forms of class notice—the Postcard Notice, the Notice of Pendency, and the Summary Notice—provide contact information for the Administrator, provide the address for the class website, and give information as to how to request exclusion from the Class.  (*See generally* Postcard Notice; NOP; Ex. 3 to Nirmul Decl., Summary Notice, Doc. 400-5.)

Class Members who wish to opt out from the Class must send a request for exclusion, either via U.S. mail or e-mail, to the Class Administrator on or before sixty (60) calendar days after the Notice Date.  (Notice Plan ¶ 9.)  The request must: be in writing; state the amount of Rivian Class A common stock purchased and/or sold during the Class Period, the dates and prices of each such purchase, acquisition, and/or sale; clearly state a desire to be excluded; and be signed.  (*Id.*)  If the person submitting the exclusion is doing so on behalf of a Class Member, that person shall state their full name and the basis of their authority to act on behalf of the Class member, and provide proof of such authority.  (*Id.*)

### B. Class administrator

The parties agree to appoint Verita Global, LLC ("Verita"), to serve as Class Notice Administrator.  (Mem. at 8.)  The Parties represent that Verita is a "recognized leader in legal administration services for class actions" and has overseen administration

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-01524-JLS-E                                                                 Date:  October 23, 2024
Title: Charles Larry Crews, Jr. v. Rivian Automotive, Inc. et al

of class sizes up to 90,000,000.  (Notice Plan ¶ 1; Ex. 5 to Nirmul Decl., Verita Resume, Doc. 400-7.)

### II.   LEGAL STANDARD

For a class certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).  Notice by mail has been found by the Supreme Court to be sufficient if the notice is "reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  Under Rule 23, the notice must include: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." *Id.*

### III.   DISCUSSION

#### A. Class notice form and method

Under the circumstances of this case, mail is a "reasonably calculated" method by which to provide Class notice.  *See In re China Medicine Corp. Securities Litigation*, 2013 WL 12126754, at *9 (C.D. Cal. May 16, 2013) (Staton, J.) (approving service of a class notice in a securities case via U.S. mail no later than sixty days before the final fairness hearing).

The Parties provided the Court with copies of the proposed notice.  (*See generally* Postcard Notice; NOP; Summary Notice.)  Here, all forms of proposed notice include information about the nature of the litigation, the scope of the class involved, and the claims against Defendants.  (*See* Postcard Notice; NOP; Summary Notice.)  Plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-01524-JLS-E                                      Date:  October 23, 2024
Title: Charles Larry Crews, Jr. v. Rivian Automotive, Inc. et al

proposed notices also clearly explain that Class Members must request exclusion to opt-out of the Class and that, by doing nothing, they give up any right to sue Defendants with regard to any claims in the action.  (*See* Postcard Notice; NOP; Summary Notice.)

The Court finds the proposed Class Notice sufficient save for two deficiencies. First, because requests for exclusion can be submitted via email, all three proposed forms of notice should make clear that an e-signature is acceptable.  Second, Nominees must be provided ten (10) calendar days to: (1) upon receipt of the Notice of Pendency request from the Administrator sufficient copies of the Postcard Notice; (2) forward such copies of the Postcard Notice to all beneficial owners of Rivian Class A common stock upon receipt of those Postcard Notices; and (3) send a list of the names and mailing addresses (and, if available, email address) of such beneficial owners to the Administrator, in which case the Administrator shall promptly provide the Postcard notice to such beneficial owners by first-class mail.  Paragraph 6 of the Notice Plan must be adjusted accordingly.

### B. Class Administrator

The parties did not provide an estimate as to the cost of administration.  (*See generally* Mem.)  Because the parties must submit an amended Notice to address the Court's concerns with the opt-out procedures, the parties shall also address the cost of administration in a further submission.  Conditioned on review of the cost estimate, the Court approves Verita as the Class Administrator.

### IV.  CONCLUSION

For the foregoing reasons, and subject to the changes discussed above, the Court GRANTS Plaintiffs' Motion. The Court ORDERS the parties to file a revised version of the Class Notice by **November 4, 2024**.  The Court further ORDERS that: (1) delivery and dissemination of the Class Notice be <u>completed</u> within sixty (60) days[1] thereafter;

---

[1] In accord with the Notice Plan, Postcard Notice shall be disseminated within thirty (30) days from November 4, 2024.  *See* Notice Plan ¶ 4.  All dissemination activities must be completed within sixty (60) days.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-01524-JLS-EDate:  October 23, 2024

Title: Charles Larry Crews, Jr. v. Rivian Automotive, Inc. et al

and (2) the deadline for Class Members to opt-out be an additional sixty (60) days thereafter.

Initials of Deputy Clerk: kd