**KESSLER TOPAZ**
  **MELTZER & CHECK, LLP**
JENNIFER L. JOOST (Bar No. 296164)
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Counsel for Class Representatives Sjunde AP-Fonden and James Stephen Muhl and Class Counsel for the Classes*

[Additional Counsel on signature page.]

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| CHARLES LARRY CREWS, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>RIVIAN AUTOMOTIVE, INC., et al.,<br><br>  Defendants. | Case No. 2:22-cv-01524-JLS-E<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS'** ***EX PARTE*** **APPLICATION TO EXCEED WORD LIMITS FOR SUMMARY JUDGMENT MOTION**<br><br>Judge: Hon. Josephine L. Staton<br><br>Magistrate Judge: Hon. Charles F. Eick |

## INTRODUCTION

Defendants seek leave to file an omnibus brief in support of their motion for summary judgment of up to 10,000 words, an increase of more than 40% over the 7,000-word limit provided for in the local rules. *See* L.R. 11-6.1. Defendants further state that they "intend to file two separate motions for summary judgment," one "on behalf of all Defendants" (including the Director Defendants) and one "on behalf of the Director Defendants only (due to their unique defenses)." But this presumption—that the Director Defendants can file multiple summary judgment motions—cannot be squared with Your Honor's Individual Practices, which plainly state that "[a] party may file only one summary judgment motion." The Director Defendants have not sought leave to file two separate summary judgment motions, let alone two summary judgment briefs, and counsel for the Rivian Defendants *never* mentioned that they intended to file a second summary judgment motion at any point during the parties' meet and confer discussions. Instead, counsel for the Rivian Defendants represented to Plaintiffs that "*[o]nly* the Rivian Defendants will move for summary judgment," and they requested an extension to the page limit for that single motion.

Defendants have failed to establish good cause for the excessive relief they seek. Moreover, if granted, their request—which would allow Defendants to serve up to 17,000 words of summary judgment briefing *and* up to 49,000 words of *Daubert* briefing on July 3, 2025—would cause considerable prejudice to Plaintiffs. For the reasons discussed below, the Rivian Defendants' motion should be denied.

## ARGUMENT

***The Parties' Meet-and-Confer Discussions.*** Although Defendants have been aware of the July 3, 2025 deadline to move for summary judgment since January 10, 2025, *see* ECF No. 447, they waited until June 9, 2025 to ask Plaintiffs for a meet and confer "to discuss whether Plaintiffs are amenable to stipulating to an increase in the word limits for Defendants' briefing." Plaintiffs responded on the evening of June 12 asking Defendants to "please let [them] know whether the Rivian Defendants and the Underwriter Defendants each plan to file an opening brief and a reply brief? Or, if not, can you please clarify whether

you are requesting the ability to file one opening brief of 10,000 words and one reply brief of 5,000 words on behalf of all Defendants?" Counsel for the Rivian Defendants responded: "***Only*** the Rivian Defendants will move for summary judgment."

The next day, June 13, 2025, the parties convened a meet-and-confer to discuss Defendants' word extension request. During that call, the parties discussed the contemplated summary judgment briefing, and *Daubert* briefing relating to the thirteen expert witnesses whose testimony has been offered by the parties. Plaintiffs stated that they opposed Defendants' word limitation expansion request because it would be unduly burdensome for Plaintiffs to respond to a 10,000-word brief, 56.1 statement, and potentially seven *Daubert* briefs of up to 7,000 words each in just four weeks and inundate the Court with the scale of the briefing. In response, counsel for the Rivian Defendants proposed staggering the summary judgment and *Daubert* briefing as a potential solution to address Plaintiffs' concerns. Plaintiffs agreed to consider this and, on Monday, June 16, 2025, in advance of a second meet-and-confer on this issue, proposed a revised version of the schedule.[1]

During the Rivian Defendants' and Plaintiffs' conference that day, the parties discussed a modification to the case schedule proposed by Plaintiffs. Plaintiffs represented to the Rivian Defendants that if the parties could agree to a modification of the case schedule, Plaintiffs would not oppose Defendants' request for their omnibus motion of up to 10,000 words. Plaintiffs further asked if the Underwriter Defendants would confirm in writing that they were not intending to file a separate summary judgment motion (and thus, summary judgment brief and Rule 56.1 statement). The Underwriter Defendants subsequently confirmed as much in writing. At no point during that call, however, did counsel for the Rivian Defendants indicate that the Director Defendants actually intended to file two summary judgment motions in violation the Court's individual practices or two briefs in violation of the Local Rules. *See* L.R. 7-5, L.R. 11-6.1. Following the call, counsel

---

[1] At the time Plaintiffs proposed this schedule, they were unaware that the Director Defendants intended to file a second summary judgment motion of up to 7,000 words.

for the Rivian Defendants proposed a handful of alterations to the schedule Plaintiffs proposed, to which Plaintiffs immediately responded. However, two days later, on June 18, 2025, the Rivian Defendants informed Plaintiffs that Defendants planned to move *ex parte*, and did so at approximately 3:20 pm PT that same day.

***Defendants Have Not Demonstrated "Good Cause."*** Defendants have failed to demonstrate good cause to file (i) an "omnibus" opening brief of up to 10,000 words and an "omnibus" reply brief of up to 5,000 words; and (ii) file two summary judgment motions.[2]

Plaintiffs' claims are premised upon seven statements, including three statements made in Rivian's Registration Statement and four statements related to Rivian's 3Q 2021 financial results, and the failure to comply with Regulation S-K, Items 105 and 303 with respect to Rivian's Registration Statement. As the Court noted in its July 3, 2023 order denying Defendants' motions to dismiss to operative complaint: (i) "Statement 7 is identical to Statement 1"; (ii) "Statement 4 addresses the same topic as Statements 2 and 3"; (iii) Plaintiffs' falsity allegations with respect to Statements 2, 3, and 4 are the same; and (iv) Plaintiffs' falsity allegations with respect to Statements 5 and 6 were the same. *See* ECF No. 172 at 17, 23, 24.

In fact, all of Plaintiffs' claims are premised upon Defendants' alleged failure to disclose a common set of omitted facts, and Plaintiffs' theory of liability—and thus, the issues in this case—are consistent with the theory alleged in the Amended Complaint. Additionally, the certified class spans less than four months, and Plaintiffs only have alleged three corrective events that occurred over a period of just 11 days. Although Defendants claim that they need to "synthesize [] two years of discovery," it is noteworthy that Defendants fought the production of much of that discovery on relevance grounds, and most of their experts have failed to meaningfully engage with the evidentiary record in this action.

Given the significant factual overlap between the alleged misstatements and

---

[2] As noted above, Defendants have not requested leave to file two summary judgment motions on behalf of the Director Defendants.

allegations of falsity in this case, there is simply no good reason why Defendants need more than 7,000 words (nearly 30 pages) of briefing to explain to the Court why, in their view, this case is so clear cut that no genuine factual disputes exist and summary judgment is warranted.[3]

Moreover, good cause certainly does not exist—and none is identified in Defendants' motion—to allow the Director Defendants to disregard this Court's individual practices by filing multiple summary judgment motions. Indeed, even if Defendants had requested leave to file two summary judgment motions on behalf of the Director Defendants (which they did not), good cause would not exist because, contrary to the Rivian Defendants' assertions, the Director Defendants do not have any defenses that are "unique" to them. Each Defendant has a negative causation affirmative defense to liability under Section 11(e). Other than Rivian, each Defendant has a due diligence affirmative defense under Section 11(b). And each of the Individual Defendants against whom Plaintiffs assert claims under Section 15 have the same affirmative defense. Given that the Defendants will file a summary judgment motion "to dispose of all claims asserted against them," there is no need to separately address the Director Defendants' defenses to these claims—any arguments or facts concerning the Director Defendants can be included in one summary judgment motion and Rule 56.1 statement.

For each of these reasons, the Rivian Defendants have failed to demonstrate that good cause exists for the relief they request. Their *ex parte* motion should be denied.

**Defendants' Requested (and Implied) Relief Will Prejudice Plaintiffs and Burden the Court**. Defendants' motion noticeably omits any reference to the parties' forthcoming *Daubert* motions, which, pursuant to the Court's January 10, 2025 scheduling order (the "Scheduling Order"), must also be filed on July 3, 2025. ECF No. 447. Collectively, the parties have identified 13 different experts (six by Defendants and seven by Plaintiffs).

---

[3] If anything, by requesting to significantly increase the volume of summary judgment briefing, Defendants appear to be acknowledging that the factual record in this case is complex (and thus not ripe for adjudication on a motion for summary judgment).

Thus, if Defendants' *ex parte* motion is granted, Defendants would conceivably be permitted to file 17,000 words worth of summary judgment briefing *and* 49,000 words worth of *Daubert* briefing on July 3, 2025.[4] This is in addition to (potentially) two Rule 56.1 statements and an untold number of exhibits in support of their summary judgment and *Daubert* motions. Pursuant to the Scheduling Order, Plaintiffs would then have just four weeks (including the July 4th holiday) to respond to up to 66,000 words of briefing and prepare responses to multiple Rule 56.1 statements. Likewise, the Court would be required to adjudicate multiple summary judgment motions, in addition to a number of *Daubert* challenges. For this added reason, Defendants' motion should be denied.

Finally, in an effort to resolve the parties' dispute, Plaintiffs made the following proposal to the Rivian Defendants: If Defendants wish to file a single 10,000-word motion for summary judgment, Plaintiffs would not oppose that request provided there is some adjustment to the case schedule to account for the volume of briefing to which Plaintiffs may need to respond. Below is the modified case schedule Plaintiffs proposed to the Rivian Defendants.

| EVENT | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Last Day to File Dispositive Motions | July 3, 2025 | July 3, 2025 |
| Last Day to File Opposition to Dispositive Motions | August 1, 2025 | August 1, 2025 |
| Last Day to File Replies to Dispositive Motions | August 29, 2025 | August 29, 2025 |
| Last Day to File *Daubert* Motions | July 3, 2025 | August 29, 2025 |

---

[4] When coupled with Plaintiffs' *Daubert* motions, this means that the Court could potentially receive up to **108,000 words** worth of briefing on July 3, 2025. If the Court granted Plaintiffs reciprocal word extensions for its summary judgment oppositions and allowed Defendants to file two replies in support of summary judgment of up to 9,200 words collectively, the parties' motions could generate up to **279,800 words** (over **1,000 pages**) of briefing, multiple 56.1 statements and responses, and an untold number of exhibits.

| Last Day to File Opposition to *Daubert* Motions | | September 19, 2025 |
|---|---|---|
| Last Day to File Replies to *Daubert* Motions | | October 7, 2025 |
| Last Day to File Motions *in Limine* | October 31, 2025 | October 31, 2025 |
| Final Pretrial Conference | December 5, 2025 | December 5, 2025 |

If the Court is inclined to grant some or all of the relief sought (or implied, in the case of the Director Defendants' failure to seek leave to file a second summary judgment motion or brief) by Defendants' motion, then in an effort to address the added burden imposed upon Plaintiffs, Plaintiffs respectfully request that the Court: (i) grant Plaintiffs an equivalent number of words for their opposition briefs; and (ii) amend the schedule in the manner reflected above.

## CONCLUSION

For the foregoing reasons, Defendants' *Ex Parte* Application to Exceed Word Limits for Summary Judgment Motion should be denied in its entirety.

Dated: June 19, 2025                      Respectfully submitted,

**KESSLER TOPAZ  MELTZER & CHECK, LLP**

*/s/  Jennifer L. Joost*
JENNIFER L. JOOST (Bar No. 296164)
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

-and-

SHARAN NIRMUL (*pro hac vice*)
snirmul@ktmc.com
DARREN J. CHECK (*pro hac vice*)
dcheck@ktmc.com
RICHARD A. RUSSO, JR. (*pro hac vice*)
rrusso@ktmc.com

DAVID A. BOCIAN (*pro hac vice*)
dbocian@ktmc.com
MARGARET E. MAZZEO (*pro hac vice*)
mmazzeo@ktmc.com
AUSTIN W. MANNING (*pro hac vice*)
amanning@ktmc.com
EVAN R. HOEY (*pro hac vice*)
ehoey@ktmc.com
280 King of Prussia Road
Radnor, PA 19807
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Counsel for Class Representatives Sjunde AP-Fonden and James Stephen Muhl and Class Counsel for the Classes*

**LARSON LLP**
STEPHEN G. LARSON (Bar No. 145225)
slarson@larsonllp.com
PAUL A. RIGALI (Bar No. 262948)
prigali@larsonllp.com
555 South Flower Street, 30th Floor
Los Angeles, CA 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000

*Liaison Counsel for Class Representatives Sjunde AP-Fonden and James Stephen Muhl and Liaison Counsel for the Classes*