# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

CHARLES LARRY CREWS, JR., Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

RIVIAN AUTOMOTIVE, INC., et al.,

Defendants.

Case No. 2:22-cv-01524-JLS-E

**CLASS ACTION**

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE OF SETTLEMENT**

WHEREAS, the securities class action captioned *Charles Larry Crews, Jr. v. Rivian Automotive, Inc., et al.*, Case No. 2:22-cv-01524-JLS-E ("Action") is pending in this Court;

WHEREAS, by Order dated July 17, 2024 (ECF No. 392), this Court certified the Action to proceed as a class action on behalf of the following Classes:

> (i)  **For 1934 Act Claims**: All persons and entities who purchased or otherwise acquired Rivian Class A common stock between November 11, 2021, and March 10, 2022, inclusive, and were damaged thereby. The Class excludes those who purchased Rivian Class A common stock at the fixed IPO price.

> (ii)  **For 1933 Act Claims**: All persons and entities who purchased or otherwise acquired Rivian Class A common stock between November 10, 2021, and March 10, 2022, inclusive, and were damaged thereby;[1]

WHEREAS, pursuant to the Court's Orders dated October 23, 2024 and November 5, 2024 (ECF Nos. 406, 408), notice was disseminated to potential members of the Classes to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Classes; and (iii) their right to request to be excluded from the Classes, the effect of remaining in the Classes or requesting exclusion, and the requirements for requesting exclusion ("Class Notice");

---

[1]  Excluded from the Classes are Defendants and their families; the officers, directors, and affiliates of Defendants, at all relevant times; members of their immediate families and their legal representatives, heirs, successors, or assigns; and any entity in which Defendants have or had a controlling interest. However, any "Investment Vehicle" is not excluded from the Class. Investment Vehicle refers to any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange traded funds, fund of funds, and hedge funds, in which the Underwriter Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but in which any Underwriter Defendant alone, or together with its respective affiliates, is not a majority owner or does not hold a majority beneficial interest. Also excluded from the Classes are the persons and entities who or which excluded themselves from the Classes pursuant to Class Notice as listed in Appendix 1 to the Stipulation. If and only if the Court permits a second opportunity for Class Members to request exclusion from the Classes, also excluded from the Classes shall be Future Excluded Persons.

WHEREAS, Court-appointed Class Representatives Sjunde AP-Fonden and James Stephen Muhl (together, "Class Representatives" or "Plaintiffs"), on behalf of themselves and the other members of the Classes, and Defendants[2] (together with Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated October 23, 2025 ("Stipulation"), subject to the approval of this Court ("Settlement");

WHEREAS, Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and authorizing notice of the Settlement to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (i) Plaintiffs' motion for preliminary approval of the Settlement and authorization to disseminate notice of the Settlement to the Classes, and the papers filed and arguments made in connection therewith; and (ii) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule

---

[2]  Defendants are: (i) Rivian Automotive, Inc. ("Rivian"), Robert J. Scaringe, Claire McDonough, Jeffrey R. Baker, Karen Boone, Sanford Schwartz, Rose Marcario, Peter Krawiec, Jay Flatley, and Pamela Thomas-Graham (collectively, the "Rivian Defendants") and (ii) Morgan Stanley & Co. LLC, Goldman Sachs & Co., LLC, J.P. Morgan Securities LLC, Barclays Capital Inc., Deutsche Bank Securities Inc., Allen & Company LLC, BofA Securities, Inc., Mizuho Securities USA LLC, Wells Fargo Securities, LLC, Nomura Securities International, Inc., Piper Sandler & Co., RBC Capital Markets, LLC, Robert W. Baird & Co. Inc., Wedbush Securities Inc., Academy Securities, Inc., Blaylock Van, LLC, Cabrera Capital Markets LLC, C.L. King & Associates, Inc., Loop Capital Markets LLC, Samuel A. Ramirez & Co., Inc., Siebert Williams Shank & Co., LLC, and Tigress Financial Partners LLC (collectively, the "Underwriter Defendants").

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Classes, subject to further consideration at the Settlement Hearing to be conducted as described below.

2.    **Settlement Hearing** – The Court will hold a settlement hearing ("Settlement Hearing") on _____ __, 2026 at __:__ _.m. in Courtroom 8 – 8th Floor of the First Street U.S. Courthouse, 350 W 1st Street, Los Angeles, CA 90012, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Classes, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Class Counsel for attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in ¶ 4 of this Order.

3.    The Court may adjourn the Settlement Hearing without further notice to the Classes, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Classes. The Court may decide to hold the Settlement Hearing by telephone or video conference without further mailed notice to the Classes. If the Court orders that the Settlement Hearing be conducted telephonically or by video conference, that decision will be posted on the Website. Any Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the Website for any change in date, time, or format of the hearing.

4.    **Retention of Claims Administrator and Manner of Giving Notice** – Class Counsel is hereby authorized to retain Verita Global, LLC ("Claims Administrator" or

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

"Verita"), the administrator previously approved by the Court to administer the dissemination of Class Notice, to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be provided as follows:

(a)    not later than twenty (20) business days after the date of entry of this Order ("Notice Date"), the Claims Administrator shall cause the Postcard Notice, substantially in the form attached hereto as Exhibit 1, to be mailed by first-class mail and/or emailed to potential Class Members who were previously mailed and/or emailed a copy of the postcard Class Notice and any other potential Class Member who otherwise may be identified through reasonable efforts, and shall cause a copy of the Notice and Claim Form, substantially in the forms attached hereto as Exhibits 2 and 4, respectively (together, "Notice Packet"), to be mailed to the brokers and other nominees ("Nominees") contained in the Claims Administrator's broker database;

(b)    contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and Claim Form to be posted on the case website, www.RivianSecuritiesLitigation.com. In addition, the Claims Administrator will mail a copy of the Notice Packet to any person or entity who or which makes such a request;

(c)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *The Wall Street Journal* and to be transmitted once over *PR Newswire*; and

(d)    not later than seven (7) calendar days prior to the Settlement Hearing, Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing, posting, and publication.

5.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Postcard Notice, Notice, Summary Notice, and Claim Form, attached

hereto as Exhibits 1, 2, 3, and 4, respectively; and (b) finds that the mailing and distribution of the Postcard Notice and Notice Packet, the posting of the Notice Packet on the Website, and the publication of the Summary Notice in the manner and form set forth in ¶ 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the effect of the proposed Settlement (including the Releases to be provided thereunder), Class Counsel's motion for attorneys' fees and Litigation Expenses, their right to object to the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses, and their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before they are mailed, posted, and published, respectively.

6.   **Nominee Procedures** – In the previously disseminated Class Notice, Nominees were advised that, if they purchased or otherwise acquired Rivian Class A common stock between November 10, 2021 and March 10, 2022, inclusive for the beneficial interest of any person or entity other than themselves, they must either: (i) within ten (10) calendar days of receipt of the Class Notice, request from Verita sufficient copies of the postcard Class Notice to forward to all such beneficial owners and within ten (10) calendar days of receipt of those postcard Class Notices forward them to all such beneficial owners; or (ii) within ten (10) calendar days of receipt of the Class Notice, provide a list of the names and mailing addresses (and e-mail addresses, if available) of all such beneficial owners to Verita.

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

(a)   For Nominees who chose the first option (*i.e.*, elected to mail/email the postcard Class Notice directly to beneficial owners), Verita shall forward the same number of Postcard Notices to such Nominees (following confirmation with the Nominees), and the Nominees shall, within ten (10) calendar days of receipt of the Postcard Notices, mail and/or email the Postcard Notices to their beneficial owners;

(b)   For Nominees who chose the second option (*i.e.*, provided a list of names and addresses of beneficial owners to Verita), Verita shall promptly mail and/or email a Postcard Notice to each of the beneficial owners whose names and addresses the Nominee previously supplied. Unless the Nominee purchased or otherwise acquired Rivian Class A common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to Verita, or the Nominee is aware of name and address changes for these beneficial owners, these Nominees need not take any further action;

(c)   For Nominees who purchased or acquired Rivian Class A common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to Verita or if a Nominee is aware of name and address changes for beneficial owners whose names and addresses were previously provided to Verita, such Nominees shall within ten (10) calendar days of receipt of the Notice Packet, provide a list of the names and addresses of all such beneficial owners to Verita, or shall request from Verita sufficient copies of the Postcard Notice to forward to all such beneficial owners which the Nominee shall, within ten (10) calendar days of receipt of the Postcard Notices from Verita, mail and/or email the Postcard Notices to the beneficial owners; and

(d)   Upon full and timely compliance with this Order, Nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Reasonable expenses shall not exceed $0.05 per mailing record provided to the Claims Administrator; $0.70 per unit for each Postcard Notice

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

actually mailed, which amount includes postage; and $0.05 per Postcard Notice sent via email. Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7. **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of issuing and administering the CAFA notice. No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

8. **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked or submitted online no later than ninety (90) calendar days after the Notice Date. Notwithstanding the foregoing, Class Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

9. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Class Counsel or

the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Class Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

10.    Any Class Member who or which does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation, the Settlement, and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Classes; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Released Defendant Parties, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in ¶ 8 above.

11.    **No Second Opportunity to Request Exclusion From the Class** – In light of the extensive notice program undertaken in connection with class certification and the ample opportunity provided to Class Members to request exclusion from the Class at that time, as well as the notification they received that there may not be a second opportunity to opt out, the Court is exercising its discretion not to allow a second opportunity for Class Members to exclude themselves from the Class in connection with the Settlement proceedings.

12.    Any person or entity who or which previously submitted a request for exclusion from the Classes in connection with Class Notice remains excluded from the Classes and shall not be a Class Member; shall not be bound by the terms of the Settlement,

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

the Stipulation, or of any other orders or judgments in the Action; and shall have no right to receive any payment from the Net Settlement Fund.

13. **Appearance and Objections at Settlement Hearing** – Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing a notice of appearance with the Court. Any Class Member who or which does not enter an appearance will be represented by Class Counsel.

14. Any Class Member may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, the Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court. All written objections and supporting papers must: (a) clearly identify the case name and number (*Charles Larry Crews, Jr. v. Rivian Automotive, Inc., et al.*, Case No. 2:22-cv-01524-JLS-E (C.D. Cal.)); (b) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Central District of California, or by mailing them to the Clerk of the Court at the United States District Court for the Central District of California, First Street U.S. Courthouse, 350 W. 1st Street, Los Angeles, CA 90012; and (c) be filed or received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

15. Any objections, filings, and other submissions by the objecting Class Member also must include: (a) the objector's full name, current address, and telephone number; (b) the objector's signature; (c) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual basis for each and every

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

objection and whether the objection applies only to the objector, to a specific subset of the Class(es), or to the entire Class(es); and (d) documents sufficient to prove membership in the Class(es), including documents showing the number of shares of Rivian Class A common stock that the objecting Class Member (i) held as of the opening of trading on November 10, 2021 and (ii) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. The documentation establishing membership in the Class(es) must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

16.    Any Class Member who wishes to be heard orally at the Settlement Hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses must also file a notice of appearance with the Court so that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

17.    Any Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's motion for attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

18.    **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Released Defendant Parties.

19.    **Notice and Administration Costs** – All reasonable Notice and Administration Costs shall be paid from the Settlement Fund in accordance with the terms set forth in the Stipulation without further order of the Court.

20.    **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21.    **Taxes** – Class Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

22.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Class Members, and Defendants, and Plaintiffs and Defendants shall revert to their respective positions in the

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

Action immediately prior to the execution of the Term Sheet on October 3, 2025, as provided in the Stipulation.

23. **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Parties' mediation and subsequent Settlement, the communications and/or discussions leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of the Released Defendant Parties had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission,

concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

24.    **Supporting Papers** – Class Counsel shall file and serve the opening papers in support of final approval of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's motion for attorneys' fees and Litigation Expenses no later than fifty-six (56) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than fourteen (14) calendar days prior to the Settlement Hearing.

SO ORDERED this _____ day of _____, 2025.

_____
Hon. Josephine L. Staton
United States District Judge

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

**EXHIBIT 1**

EXHIBIT 1

***THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.***
***PLEASE VISIT WWW.RIVIANSECURITIESLITIGATION.COM FOR MORE INFORMATION.***

The parties in the securities class action captioned *Charles Larry Crews, Jr. v. Rivian Automotive, Inc., et al.*, Case No. 2:22-cv-01524-JLS-E (C.D. Cal.) ("Action") have reached a proposed settlement ("Settlement") of the claims asserted in the Action against Rivian Automotive, Inc. ("Rivian"), certain of Rivian's executive officers and directors, and the underwriters that facilitated the offer and sale of Rivian Class A common stock through the company's Initial Public Offering ("IPO") on November 10, 2021 (collectively, "Defendants"). If approved, the Settlement will resolve the Action in which Court-appointed Class Representatives Sjunde AP-Fonden and James Stephen Muhl (together, "Plaintiffs") alleged that Defendants violated the federal securities laws by making materially false and misleading statements and failing to disclose material facts and risks arising from, among other things, the alleged fact that the bill of materials cost of Rivian's R1T and R1S (together, "R1") electric vehicles far exceeded the sales price at which these vehicles were being offered to customers, requiring Rivian to increase R1 retail prices. You received this notice because you, or an investment account for which you serve as a custodian, may be a member of one or both of the following Court-certified Classes: (i) **For 1934 Act Claims**: All persons and entities who purchased or otherwise acquired Rivian Class A common stock between November 11, 2021, and March 10, 2022, inclusive, and were damaged thereby (excluding those who purchased Rivian Class A common stock at the fixed IPO price), and (ii) **For 1933 Act Claims**: All persons and entities who purchased or otherwise acquired Rivian Class A common stock between November 10, 2021, and March 10, 2022, inclusive, and were damaged thereby. As is explained in the full Notice, certain persons and entities (including Defendants, their families, and the officers, directors, and affiliates of Rivian at all relevant times) are excluded from the Classes by definition.

Pursuant to the Settlement, Defendants have agreed to pay $250,000,000 in cash, which, after deducting Court-awarded fees and expenses, notice and administration costs, and taxes, will be allocated among Class Members who submit valid claims, in exchange for the Settlement and the release of all claims asserted in the Action and related claims. **For additional information, please review the full Notice available at www.RivianSecuritiesLitigation.com. If you are a Class Member,** your *pro rata* share of the Settlement will depend on the number of valid claims submitted, and the number, size, and timing of your transactions in Rivian Class A common stock during the Class Period. If all Class Members elect to participate in the Settlement, the estimated average recovery will be $1.18 per eligible share of Rivian Class A common stock *before* deducting any fees and expenses. Your actual share of the Settlement will be determined pursuant to the Plan of Allocation set forth in the full Notice, or other plan of allocation ordered by the Court.

To qualify for a payment from the Settlement, you must submit a valid Claim Form. The Claim Form can be found and submitted on the case website, or you can request that one be mailed to you. **Claims must be postmarked (if mailed) or submitted online by _____ , 2026.** If you want to object to any aspect of the Settlement, you must file or mail an objection to the Court by _____ __, 2026. Please Note: Because Class Members were previously provided the opportunity to request exclusion from the Classes in connection with class certification, the Court is not permitting a second opportunity to request exclusion in connection with the Settlement. The full Notice provides instructions on how to submit a Claim and how to object to the Settlement, and you must comply with all of the instructions in the Notice.

The Court will hold a hearing on _____ __, 2026 at __:__ .m. Pacific Time, to consider, among other things, whether to approve the Settlement and a request by the lawyers representing the Classes for up to 24% of the Settlement Fund in attorneys' fees, plus payment of litigation expenses of no more than $6.9 million (which equals a cost of approximately $0.32 per eligible share of Rivian Class A common stock). You may attend the hearing and ask to be heard by the Court, but you do not have to. **For more information about the Settlement, call toll free 1-888-298-2026, send an email to info@RivianSecuritiesLitigation.com, or visit the case website, www.RivianSecuritiesLitigation.com.**

EXHIBIT 1

Crews v. Rivian Automotive
Securities Litigation
c/o Verita Global, LLC
P.O. Box 301170
Los Angeles, CA 90030-1170

### COURT-ORDERED LEGAL NOTICE

*Charles Larry Crews, Jr. v.*
*Rivian Automotive, Inc., et al.*
Case No. 2:22-cv-01524-JLS-E (C.D. Cal.)

**Your legal rights may be affected by this securities class action. You may be eligible for a cash payment from the Settlement. Please read this Postcard Notice carefully.**

**For more information, please visit**
**www.RivianSecuritiesLitigation.com**
**or call toll free 1-888-298-2026.**

[ADD QR CODE LINKING
TO WEBSITE HERE]

# EXHIBIT 2

**EXHIBIT 2**

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| CHARLES LARRY CREWS, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RIVIAN AUTOMOTIVE, INC., et al.,<br><br>Defendants. | Case No. 2:22-cv-01524-JLS-E<br><br>**CLASS ACTION** |

### NOTICE OF (I) PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

TO:  ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED RIVIAN AUTOMOTIVE, INC. CLASS A COMMON STOCK BETWEEN NOVEMBER 10, 2021, AND MARCH 10, 2022, INCLUSIVE, AND WERE DAMAGED THEREBY.

### *A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PROPOSED SETTLEMENT:**  This Notice has been issued pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Central District of California ("Court").[1] Please be advised that the Court-appointed Class Representatives Sjunde AP-Fonden and James Stephen Muhl (together, "Class Representatives" or "Plaintiffs") have reached a proposed settlement of the above-captioned securities class action ("Action") for **$250,000,000** in cash ("Settlement") with Rivian Automotive, Inc. ("Rivian"), certain of Rivian's executives and directors, and the underwriters that facilitated the

---

[1]    All capitalized terms not defined in this Notice have the meanings provided in the Stipulation and Agreement of Settlement dated October 23, 2025 ("Stipulation"), which can be viewed at www.RivianSecuritiesLitigation.com.

**EXHIBIT 2**

offer and sale of Rivian Class A common stock through the company's Initial Public Offering ("IPO") on November 10, 2021 (collectively, "Defendants").[2] If approved by the Court, the Settlement will resolve all claims in the Action, including Plaintiffs' claims that Defendants violated the federal securities laws by making materially false and misleading statements and failing to disclose material facts and risks arising from, among other things, the alleged fact that the bill of materials cost of Rivian's R1S and R1T (together, "R1") electric vehicles far exceeded the sales price at which these vehicles were being offered to customers, requiring Rivian to increase prices. The history of the Action and the claims being released by the Settlement are detailed in ¶¶ 4-17 and ¶¶ 27-33 herein.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Class(es), your legal rights will be affected whether or not you act.**

**If you have questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's Office, Defendants, or Defendants' Counsel. All questions should be directed to the Claims Administrator or Class Counsel (*see* ¶ 59 below).**

**Additional information about the Settlement is available on the website www.RivianSecuritiesLitigation.com.**

- **Statement of the Classes' Recovery:** Subject to Court approval, Plaintiffs, on behalf of themselves and the Classes, have agreed to settle the Action in exchange for a settlement payment of $250,000,000 in cash ("Settlement Amount") to be deposited into the Escrow Account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon ("Settlement Fund") less: (i) any

---

[2]    Defendants are: (i) Rivian, Robert J. Scaringe, Claire McDonough, Jeffrey R. Baker, Karen Boone, Sanford Schwartz, Rose Marcario, Peter Krawiec, Jay Flatley, and Pamela Thomas-Graham (collectively, the "Rivian Defendants"); and (ii) Morgan Stanley & Co. LLC, Goldman Sachs & Co., LLC, J.P. Morgan Securities LLC, Barclays Capital Inc., Deutsche Bank Securities Inc., Allen & Company LLC, BofA Securities, Inc., Mizuho Securities USA LLC, Wells Fargo Securities, LLC, Nomura Securities International, Inc., Piper Sandler & Co., RBC Capital Markets, LLC, Robert W. Baird & Co. Inc., Wedbush Securities Inc., Academy Securities, Inc., Blaylock Van, LLC, Cabrera Capital Markets LLC, C.L. King & Associates, Inc., Loop Capital Markets LLC, Samuel A. Ramirez & Co., Inc., Siebert Williams Shank & Co., LLC, and Tigress Financial Partners LLC (collectively, the "Underwriter Defendants").

EXHIBIT 2

Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Classes. The proposed plan of allocation ("Plan of Allocation") is attached hereto as Appendix A.

- **Estimate of Average Amount of Recovery Per Share**: Plaintiffs' damages expert estimates that approximately 211,553,092 shares of Rivian Class A common stock purchased during the Class Period may have been affected by the alleged conduct at issue in the Action, making those shareholders eligible to participate in the Settlement. If all eligible Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) will be approximately $1.18 per eligible share of Rivian Class A common stock. **Class Members should note, however, that this is only an estimate based on the overall number of potentially eligible shares.** Some Class Members may recover more or less than this estimated amount depending on: (i) when and the price at which they purchased/acquired/sold their Rivian Class A common stock; (ii) the total number and value of valid Claims submitted; (iii) the amount of Notice and Administration Costs; and (iv) the amount of attorneys' fees and Litigation Expenses awarded by the Court. Distributions to Class Members will be made based on the Plan of Allocation or such other plan of allocation as may be ordered by the Court.

- **Statement of Potential Outcome of the Case:** The Parties do not agree on whether Plaintiffs would have prevailed on their claims against Defendants. Nor do they agree on whether and to what extent the Classes suffered any damages, including the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Classes as a result of their conduct.

- **Attorneys' Fees and Expenses Sought:** Court-appointed Class Counsel, Kessler Topaz Meltzer & Check, LLP ("KTMC"), has prosecuted this Action on a wholly contingent basis and has not received any attorneys' fees (or payment of expenses) for their representation of the Classes. For their efforts, Class Counsel, on behalf of Plaintiffs' Counsel, will apply to the Court for attorneys' fees in an amount not to exceed 24% of the Settlement Fund. Class Counsel will also apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $6.9 million, which amount

EXHIBIT 2

may include a request for reimbursement of the reasonable costs incurred by Plaintiffs directly related to their representation of the Classes in accordance with 15 U.S.C. § 78u-4(a)(4). Any fees and expenses awarded to Class Counsel will be paid from the Settlement Fund, along with any interest earned at the same rate as earned by the Classes on the Settlement Fund. If the Court approves the maximum requested amount of the foregoing fees and expenses, the estimated average cost will be approximately $0.32 per eligible share of Rivian Class A common stock. **Please note that this is only an estimate**.[3]

- **Identification of Attorneys' Representatives:** Plaintiffs and the Class are represented by Class Counsel Sharan Nirmul, Esq. of KTMC, 280 King of Prussia Road, Radnor, PA 19087, 1-610-667-7706, info@ktmc.com, www.ktmc.com. Further information regarding the Action, the Settlement, and this Notice also may be obtained by contacting the Claims Administrator at: *Crews v. Rivian Automotive Securities Litigation*, c/o Verita Global, LLC, P.O. Box 301170, Los Angeles, CA 90030-1170; info@RivianSecuritiesLitigation.com; or by visiting the case website, www.RivianSecuritiesLitigation.com.

- **Reasons for the Settlement:** Plaintiffs' principal reason for entering into the Settlement is the near-term cash benefit for the Classes without the substantial risk, delays and increased cost inherent in further litigation. Moreover, the cash benefit provided under the Settlement must be considered against the risk that a smaller recovery – or indeed no recovery at all – might be achieved after further litigation, including a decision on Defendants' pending motion for summary judgment, as well as trial and post-trial appeals. Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that any Class Member was damaged, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further litigation.

---

[3]     The Notice and Administration Costs, which shall be paid from the Settlement Fund, are estimated to range from approximately $1,600,000 to approximately $1,900,000. This is only an estimate, however, as the administration has not fully commenced as of the date of this Notice. If the maximum amount of attorneys' fees and Litigation Expenses requested are approved by the Court, and the Notice and Administration Costs are $1,900,000, the average cost per eligible share of Rivian Class A common stock for all of these deductions will be approximately $0.33.

**EXHIBIT 2**

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED) OR ONLINE NO LATER THAN _____ __, 2026.** | This is the only way to be eligible to receive a payment from the Settlement. If you are a Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 28 below) that you have against Defendants and the other Released Defendant Parties (defined in ¶ 29 below), so it is in your interest to submit a Claim. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *FILED OR RECEIVED* NO LATER THAN _____ __, 2026.** | If you do not agree with the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's request for attorneys' fees and Litigation Expenses, you may object by writing to the Court (as described in ¶¶ 50-52 below). In order to object, you must be a member of one or both of the Classes. |
| **GO TO A HEARING ON _____ __, 2026 AT __:__ __.M. PACIFIC TIME.** | You may ask to speak in Court at the Settlement Hearing, at the discretion of the Court, about the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's request for attorneys' fees and Litigation Expenses. In order to appear at the Settlement Hearing, you will need to file a Notice of Intention to Appear so that it is received no later than _____ __, 2026. |
| **DO NOTHING.** | Get no payment from the Settlement. You will, however, remain a member of the Class(es), which means that you give up any right you may have to sue about the claims that are being resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options – and the deadlines to exercise them – are further explained in this Notice. <u>Please Note</u>: The date and time of the Settlement Hearing – currently scheduled for _____ __, 2026 at __:__ __.m. Pacific Time – is subject to change without further written notice to the Classes. It is also within the Court's discretion to hold the hearing in person or by telephone or**

EXHIBIT 2

**video conference. If you plan to attend the Settlement Hearing, you should check the website www.RivianSecuritiesLitigation.com or with Class Counsel to confirm that no change to the date and/or time of the hearing has been made.**

| WHAT THIS NOTICE CONTAINS |
|---|

What Is The Purpose Of This Notice?                                     Page __
What Is This Case About?                                                Page __
Why Is This Case A Class Action?                                        Page __
How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Classes?                       Page __
What Are Plaintiffs' Reasons For The Settlement?                        Page __
What Might Happen If There Were No Settlement?                          Page __
How Are Class Members Affected By The Action And
   The Settlement?                                       Page __
How Do I Participate In The Settlement? What Do I Need To Do?           Page __
How Much Will My Payment Be?                                            Page __
What Payment Are The Attorneys For The Classes Seeking?
   How Will The Lawyers Be Paid?                         Page __
When And Where Will The Court Decide Whether To Approve The
   Settlement? Do I Have To Come To The Hearing? May I Speak
   At The Hearing If I Don't Like The Settlement?        Page __
What If I Bought Rivian Class A Common Stock On Someone
   Else's Behalf?                                        Page __
Can I See The Court File? Whom Should I Contact If I Have
   Questions?                                            Page __
Proposed Plan of Allocation of Net Settlement Fund Among
   Authorized Claimants                                  Appendix A

| WHAT IS THE PURPOSE OF THIS NOTICE? |
|---|

1.    The Court has directed the issuance of this Notice to inform potential Class Members about the Action, the proposed Settlement, and their options in connection therewith before the Court rules on the Settlement. Additionally, Class Members have the right to understand how this class action lawsuit may generally affect their legal rights.

**EXHIBIT 2**

2.    This Notice explains the Action, the Settlement, Class Members' legal rights, what benefits are available under the Settlement, who is eligible for the benefits, and how to get them.

3.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator will make payments to eligible Class Members pursuant to the Settlement after any objections and appeals are resolved.

## WHAT IS THIS CASE ABOUT?

4.    This is a securities class action against Defendants for alleged violations of the federal securities laws. Plaintiffs alleged that Defendants violated the federal securities laws by making materially false and misleading statements and failing to disclose material facts and risks arising from, among other things, the alleged fact that the bill of materials cost of Rivian's R1 electric vehicles far exceeded the sales price at which these vehicles were being offered to customers, requiring Rivian to increase prices. Defendants deny all of the allegations of wrongdoing asserted in the Action and deny any liability whatsoever to any member of the Classes.

5.    On March 7, 2022, a class action complaint was filed against Rivian, certain of Rivian's executive officers and directors, and the underwriters that facilitated Rivian's IPO. The complaint asserted claims pursuant to Section 11 of the Securities Act of 1933 ("1933 Act") on behalf of purchasers of Rivian Class A common stock traceable to the IPO. Thereafter, two substantially similar cases were filed against the same defendants asserting claims under Sections 11 and 15 of the 1933 Act as well as Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 ("1934 Act"), and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission.

6.    On July 1, 2022, the Court consolidated the three related cases, appointed Sjunde AP-Fonden as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 and appointed Lead Plaintiff's selection of counsel, KTMC, as lead counsel and Larson LLP as local counsel for the putative class.

**EXHIBIT 2**

7.    On July 22, 2022, Plaintiffs filed the Consolidated Complaint for Violations of the Federal Securities Laws ("Consolidated Complaint") against Defendants, alleging violations of Sections 10(b) and 20(a) of the 1934 Act, and Rule 10b-5 promulgated thereunder, and Sections 11, 12(a)(2), and 15 of the 1933 Act. Defendants moved to dismiss the Consolidated Complaint on August 29, 2022. Defendants' motions were fully briefed.

8.    On February 16, 2023, the Court granted Defendants' motions to dismiss in their entirety. Plaintiffs were granted leave to amend.

9.    On March 2, 2023, Plaintiffs filed their Amended Consolidated Complaint for Violations of the Federal Securities Laws ("Amended Complaint"), alleging violations of Sections 10(b) and 20(a) of the 1934 Act, and Rule 10b-5 promulgated thereunder, and Sections 11, 12(a)(2), and 15 of the 1933 Act. Defendants moved to dismiss the Amended Complaint on March 16, 2023. Defendants' motions were fully briefed.

10.    Following a hearing on the motions, the Court, by Order dated July 3, 2023, denied Defendants' motions to dismiss the Amended Complaint in their entirety. On August 7, 2023, Defendants answered the Amended Complaint, denying all claims and wrongdoing asserted as well as any liability arising out of the conduct alleged in the Amended Complaint. Defendants also asserted several affirmative defenses. Thereafter, the parties pursued discovery concerning their respective claims and defenses.

11.    On December 1, 2023, Plaintiffs filed a motion for class certification ("Motion to Certify"). Plaintiffs sought to certify a class consisting of all persons and entities who purchased or otherwise acquired Rivian Class A common stock between November 10, 2021 and March 10, 2022, inclusive, and were damaged thereby. Plaintiffs' Motion to Certify was fully briefed.

12.    By Order dated July 17, 2024 ("Class Certification Order"), the Court certified the two Classes described in ¶ 19 below. In addition, by the Class Certification Order, the Court appointed Plaintiffs Sjunde AP-Fonden and James Stephen Muhl as Class Representatives, KTMC as Class Counsel, and Larson LLP as Liaison Counsel for the Classes.

13.    On August 23, 2024, Plaintiffs filed an unopposed motion to approve the form and manner of notice to the Classes ("Class Notice"), which the Court granted on October 23, 2024 and November 5, 2024 ("Class Notice Orders"). Class

**EXHIBIT 2**

Notice was disseminated to potential Class Members beginning on November 12, 2024, and a summary notice of the pendency of the Action as a class action was published in *The Wall Street Journal* and transmitted over *PR Newswire* on December 9, 2024. Pursuant to the Court's Class Notice Order, Class Notice provided Class Members with the opportunity to request exclusion from the Classes, explained that right, and set forth the procedures for doing so.[4] The deadline for submitting requests for exclusion was March 4, 2025. A total of 131 requests for exclusion from the Classes were received.

14.     On July 3, 2025, Defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. On August 29, 2025, the Parties filed their respective *Daubert* motions. All of these motions were pending at the time of settlement.

15.     The Parties participated in a mediation session before former United States District Court Judge Layn R. Phillips on October 30, 2024. Prior to the mediation, Plaintiffs and the Rivian Defendants exchanged and also submitted to Judge Phillips detailed mediation statements. Plaintiffs and the Rivian Defendants were unable to reach an agreement to resolve the Action at the October 2024 mediation and litigation efforts continued. Following full briefing of Defendants' motion for summary judgment, Judge Phillips issued a mediator's recommendation for the Parties to resolve the matter for $250 million, and on September 19, 2025, both sides accepted the mediator's recommendation. Thereafter, the Parties negotiated a confidential term sheet setting forth the main terms of their agreement, which they executed on October 3, 2025.

16.     After additional negotiations regarding the terms of their agreement, the Parties entered into the Stipulation on October 23, 2025. The Stipulation, which sets forth the full terms and conditions of the Settlement, can be viewed at www.RivianSecuritiesLitigation.com.

17.     On _____ __, 2025, the Court preliminarily approved the Settlement, authorized notice of the Settlement to be provided to potential Class

---

[4]     The Class Notice stated that it would be within the Court's discretion whether to permit a second opportunity to request exclusion if there was a settlement. The Class Notice also informed Class Members that if they chose to remain a member of the Class(es), they would "be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable []."

**EXHIBIT 2**

Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

---

## WHY IS THIS CASE A CLASS ACTION?

18.    In a class action, one or more persons or entities (in this case, Plaintiffs) sue on behalf of persons and entities that have similar claims. Together, these persons and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows the adjudication of many individuals' similar claims that might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt out," from the class.

---

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASSES?

19.    If you are a member of one or both Classes, you are subject to the Settlement unless you are excluded from the Classes as set forth below. The Classes certified by the Court pursuant to Order dated July 17, 2024 consist of:

> **For 1934 Act Claims: All persons and entities who purchased or otherwise acquired Rivian Class A common stock between November 11, 2021, and March 10, 2022, inclusive, and were damaged thereby. The Class excludes those who purchased Rivian Class A common stock at the fixed IPO price.**

> **For 1933 Act Claims: All persons and entities who purchased or otherwise acquired Rivian Class A common stock between November 10, 2021, and March 10, 2022, inclusive, and were damaged thereby.**

Excluded from the Classes are Defendants and their families; the officers, directors, and affiliates of Defendants, at all relevant times; members of their immediate families and their legal representatives, heirs, successors, or assigns; and any entity in which Defendants have or had a controlling interest. However, any "Investment Vehicle" is not excluded from the Class. Investment Vehicle refers to any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange traded funds, fund of funds, and hedge funds, in which the

**EXHIBIT 2**

Underwriter Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but in which any Underwriter Defendant alone, or together with its respective affiliates, is not a majority owner or does not hold a majority beneficial interest. Also excluded from the Classes are the persons and entities who or which excluded themselves from the Classes pursuant to Class Notice as listed in Appendix 1 to the Stipulation.

**PLEASE NOTE: Receipt of this Notice or the Postcard Notice does not mean that you are a Class Member or that you will be entitled to a payment from the Settlement. If you are a Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit a Claim Form and the required supporting documentation as set forth in the Claim Form postmarked (if mailed) or online via the case website, <u>www.RivianSecuritiesLitigation.com</u>, no later than _____ __, 2026.**

| WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
| --- |

20.    The Settlement is the result of over three years of hard-fought litigation and extensive, arm's-length negotiations by the Parties. Plaintiffs believe that the claims asserted against Defendants have merit; however, they recognized the substantial risks they faced had the Action continued, including a decision by the Court on Defendants' pending summary judgment motion.

21.    More specifically, Defendants argued, among other things, that none of their statements were materially false or misleading when made, that they did not act with the requisite state of mind, and that the director Defendants in particular acted reasonably and conducted adequate due diligence. In addition, even if Plaintiffs defeated Defendants' liability arguments, they still faced significant risks in establishing loss causation and damages. For example, Defendants vigorously argued that Rivian's stock price declines following the March 1 and March 10 disclosures were unrelated to the Classes' claims. Defendants likewise argued that the "truth" concealed by Defendants' allegedly false statements—including that Rivian planned to increase R1 prices in the future—was known by the market prior to the alleged corrective disclosure dates. Had the Court or a jury accepted any of Defendants' arguments or viewed the facts in favor of Defendants in whole or in part, Plaintiffs' ability to obtain a recovery for the Classes could have been reduced or eliminated.

EXHIBIT 2

22.    In light of these risks, the Settlement Amount, and the near-term recovery to the Classes, Plaintiffs and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Classes. Plaintiffs and Class Counsel believe that the Settlement provides a favorable result for the Classes, namely $250,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after trial, and appeals, possibly years in the future.

23.    Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement to eliminate the uncertainty, burden, and expense of continued litigation, and the Settlement may not be construed as an admission of any wrongdoing by Defendants in this or any other action or proceeding.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

24.    If there were no Settlement and Plaintiffs failed to establish any essential element of their claims against Defendants at trial, neither Plaintiffs nor the other members of the Classes would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses at trial, or on appeal, the Classes could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

25.    As a Class Member, you are represented by Plaintiffs and Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

26.    If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Class Counsel's request for attorneys' fees and Litigation Expenses, you may present your objections by following the instructions in the section below entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" on page [_].

**EXHIBIT 2**

27.     If you are a Class Member you will be bound by any orders issued by the Court in the Action. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 28 below) (including, without limitation, Unknown Claims (as defined in ¶ 30 below) against the Released Defendant Parties (as defined in ¶ 29 below), and shall forever be barred and enjoined from prosecuting any and all of the Released Plaintiffs' Claims directly or indirectly against any of the Defendants and the other Released Defendant Parties.

28.     "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims (including a Cal. Civil Code § 1542 waiver), asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, common or foreign law, or any other law, rule, or regulation, whether class or individual in nature, based on, arising out of, or in connection with both: (i) the purchase, sale, or other acquisition or disposition, or holding of Rivian Class A common stock during the period between November 10, 2021 and March 10, 2022, inclusive; and (ii) the allegations, acts, facts, matters, occurrences, disclosures, filings, representations, statements, or omissions that were or could have been alleged by Class Representatives and all other members of the Classes in the Action. "Released Plaintiffs' Claims" does not include any claims: (i) relating to the enforcement of the Settlement; (ii) asserted in any derivative action based on similar allegations; (iii) of any person or entity who or which requested exclusion from the Class(es) pursuant to the Notice of Pendency; and (iv) of Future Excluded Persons (if applicable).

29.     "Released Defendant Parties" means Defendants and each and all of their present and former subsidiaries, divisions, controlling persons, associates, entities, and affiliates, and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures, and insurers

EXHIBIT 2

and reinsurers of each of them; as well as the predecessors, successors, assigns, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

30. "Unknown Claims" means any and all Released Plaintiffs' Claims of every nature and description against the Released Defendant Parties that any Plaintiff or Class Member does not know or suspect to exist in his, her, or its favor at the time of their release of such claims, and any and all Released Defendants' Claims of every nature and description against the Released Plaintiff Parties that any Defendant does not know or suspect to exist in his, her, or its favor at the time of their release of such claims, and including, without limitation, those that, if known by such Plaintiff, Class Member, or Defendant, might have affected his, her, or its decision(s) with respect to the Settlement or the Releases, including his, her, or its decision(s) to object or not to object to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment, or the Alternative Judgment, if applicable, shall have, expressly waived, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs, any other Class Member, and Defendants may hereafter discover facts in addition to or different from those that he, she, or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or the Released Defendants' Claims, but they stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs, any other Class Member, and Defendants shall expressly waive and by operation of the Judgment, or Alternative Judgment, if applicable, shall have, fully, finally, and forever settled and released, any and all Released Plaintiffs' Claims or Released Defendants' Claims, as applicable, without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and each of the Class Members shall be deemed by operation of law

EXHIBIT 2

to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

31.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 32) (including, without limitation, Unknown Claims) against the Released Plaintiff Parties (as defined in ¶ 33), and shall forever be barred, enjoined, and estopped from prosecuting any and all of the Released Defendants' Claims against any of the Released Plaintiff Parties.

32.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims (including a Cal. Civil Code § 1542 waiver), whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Defendants could have asserted against any of the Released Plaintiff Parties and that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action. "Released Defendants' Claims" shall not include any claims relating to: (i) the enforcement of the Settlement; (ii) the Underwriter Defendants' continuing indemnity from Rivian; or (iii) the Underwriter Defendants' rights and obligations to one another as provided in relevant agreements.

33.    "Released Plaintiff Parties" means Plaintiffs and each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys (including Class Counsel and its agent(s) working on this matter under its direction), professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.

**EXHIBIT 2**

| **HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?** |
| --- |

34.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class(es) and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked (if mailed), or submitted online at the case website, www.RivianSecuritiesLitigation.com, no later than _____ __, 2026*. You can obtain a copy of the Claim Form on the website, www.RivianSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-888-298-2026, or by sending an email to info@RivianSecuritiesLitigation.com. **Please retain all records of your ownership of and transactions in Rivian Class A common stock, as they may be needed to document your Claim.** If you previously excluded yourself from the Classes in connection with Class Notice, you will not be eligible to share in the Net Settlement Fund.

| **HOW MUCH WILL MY PAYMENT BE?** |
| --- |

35.    At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

36.    Pursuant to the Settlement, Rivian shall pay or cause to be paid a total of $250,000,000 in cash. The Settlement Amount will be deposited into the Escrow Account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the Net Settlement Fund will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

37.    Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to the Plan of Allocation, or another plan of allocation, will not affect the Settlement, if approved.

38.    Once the Court's order or judgment approving the Settlement becomes Final and the Effective Date has occurred, no Defendant, Released Defendant Parties, or any other persons or entities who or which paid any portion of the Settlement Amount on Defendants' behalf are entitled to get back any portion of the Settlement Fund. Defendants shall not have any liability, obligation, or

**EXHIBIT 2**

responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the Plan of Allocation.

39.     Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked or received on or before _____ __, 2026 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given.

40.     Participants in and beneficiaries of any employee retirement and/or benefit plan covered by the Employee Retirement Income Security Act of 1974 ("Employee Plan") should NOT include any information relating to Rivian Class A common stock purchased/acquired/sold through an Employee Plan in any Claim Form they submit in this Action. They should include ONLY those eligible Rivian Class A common stock purchased/acquired/sold during the Class Period outside of an Employee Plan. Claims based on any Employee Plan(s)' purchases/acquisitions/sales of eligible Rivian Class A common stock during the Class Period may be made by the Employee Plan(s)' trustees.

41.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

42.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim.

43.     Only Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Rivian Class A common stock during the Class Period and were damaged as a result of such purchases, acquisitions and/or sales, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Classes by definition or who or which previously requested to exclude themselves from the Classes pursuant to Class Notice will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

44.     **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Plaintiffs and Class Counsel. At the Settlement Hearing, Class Counsel will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Classes.**

**EXHIBIT 2**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASSES SEEKING?  HOW WILL THE LAWYERS BE PAID?

45.    Class Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Classes, nor have they been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Class Counsel, on behalf of Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees in an amount not to exceed 24% of the Settlement Fund. At the same time, Class Counsel also intends to apply for payment of Litigation Expenses in an amount not to exceed $6.9 million, which amount may include a request for reimbursement of the reasonable costs incurred by Plaintiffs directly related to their representation of the Classes in accordance with 15 U.S.C. § 78u-4(a)(4) in an aggregate amount not to exceed $125,000.

46.    Class Counsel's motion for attorneys' fees and Litigation Expenses will be filed by _____ __, 2026. A copy of Class Counsel's motion will be available for review at www.RivianSecuritiesLitigation.com once it is filed. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. *Class Members are not personally liable for any such fees or expenses.*

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T AGREE WITH THE SETTLEMENT?

47.    **Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the Settlement Hearing. You can participate in the Settlement without attending the Settlement Hearing.**

48.    **Please Note**: The date and time of the Settlement Hearing may change without further written notice to the Classes. In addition, the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by video or phone, without further written notice to the Classes. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you check the Court's docket**

**EXHIBIT 2**

**and the case website, www.RivianSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to www.RivianSecuritiesLitigation.com. If the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to www.RivianSecuritiesLitigation.com.**

49.    The Settlement Hearing will be held on _____ __, 2026 at __:__ _.m Pacific Time, before the Honorable Josephine L. Staton, United States District Judge for the Central District of California, either in person in Courtroom 8A, 8th Floor of the First Street U.S. Courthouse, 350 W 1st Street, Los Angeles, CA 90012, or by telephone or videoconference (at the discretion of the Court). The Court reserves the right to approve the Settlement, the Plan of Allocation, Class Counsel's request for attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to members of the Classes.

50.    Any Class Member may object to the Settlement, the Plan of Allocation, or Class Counsel's request for attorneys' fees and Litigation Expenses. You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement. The Court can only approve or reject the Settlement. If the Court denies approval of the Settlement, no payments from the Settlement will be sent out and the Action will continue. If that is what you want to happen, then you must object.

51.    Any objection to the proposed Settlement must be in writing and submitted only to the Court. If you submit a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must: (i) clearly identify the case name and number (*Charles Larry Crews, Jr. v. Rivian Automotive, Inc., et al.*, Case No. 2:22-cv-01524-JLS-E (C.D. Cal.)); (ii) be submitted to the Court either by mailing them to the Clerk of the Court at the United States District Court for the Central District of California, First Street U.S. Courthouse, 350 W 1st Street, Los Angeles, CA 90012, or by filing them in person at any location of the United States District Court for the Central District of California; and (iii) be received no later than _____ __, 2026.

**EXHIBIT 2**

52.    Additionally, any objection must: (i) identify the name, address, and telephone number of the person or entity objecting and be signed by the objector; (ii) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class(es), or to the entire Class(es); and (iii) must include documents sufficient to prove membership in the Class(es), including the number of shares of Rivian Class A common stock that the objecting Class Member (A) owned as of the opening of trading on November 10, 2021 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale.[5] **You may not object to the Settlement, Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses if you are excluded from the Classes (including if you excluded yourself by request in connection with Class Notice as listed in Appendix 1 to the Stipulation).[6]**

53.    If you wish to appear and speak about your objection at the Settlement Hearing, you must state that you intend to appear at the hearing in your objection or send a letter stating that you intend to appear at the Settlement Hearing in *Charles Larry Crews, Jr. v. Rivian Automotive, Inc., et al.*, Case No. 2:22-cv-01524-JLS-E (C.D. Cal.) to the Clerk of Court at the address set forth in ¶ 51 above so that it is received no later than _____ __, 2026. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

54.    **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys'**

---

[5]    Documentation establishing membership in the Class(es) may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

[6]    As the Classes were previously certified and, in connection therewith, Class Members had the opportunity to exclude themselves from the Classes, the Court has exercised its discretion not to allow a second opportunity for exclusion in connection with the settlement proceedings.

EXHIBIT 2

fees and Litigation Expenses. Class Members do not need to appear at the
Settlement Hearing or take any other action to indicate their approval.

---

**WHAT IF I BOUGHT RIVIAN CLASS A COMMON STOCK
ON SOMEONE ELSE'S BEHALF?**

---

55.    **Please Note: If you previously provided the names and addresses of
persons and entities on whose behalf you purchased or otherwise acquired
Rivian Class A common stock between November 10, 2021, and March 10, 2022,
inclusive, in connection with Class Notice, and (i) those names and addresses
remain current and (ii) you have no additional names and addresses for
potential Class Members to provide to the Claims Administrator,** *you need do
nothing further at this time*. **The Claims Administrator will mail a Postcard
Notice to the beneficial owners whose names and addresses were previously
provided in connection with the Class Notice.** If you elected to mail the Class
Notice directly to beneficial owners, you were advised that you must retain the
mailing records for use in connection with any further notices that may be provided
in the Action. If you elected this option, the Claims Administrator will forward the
same number of Postcard Notices to you to send to the beneficial owners. If you
require more copies of the Postcard Notice than you previously requested in
connection with Class Notice, please contact the Claims Administrator, Verita, toll
free at 1-888-298-2026 or by email at info@RivianSecuritiesLitigation.com, and let
them know how many additional packets you require. You must mail the Postcard
Notice to the beneficial owners within ten (10) calendar days of your receipt of the
Postcard Notices.

56.    If you have not already provided the names and addresses for persons
and entities on whose behalf you purchased or otherwise acquired Rivian Class A
common stock between November 10, 2021, and March 10, 2022, inclusive in
connection with Class Notice, then the Court has ordered that you must, WITHIN
TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, either: (i)
send the Postcard Notice to all beneficial owners of such Rivian Class A common
stock, or (ii) send a list of the names and addresses of such beneficial owners to the
Claims Administrator at *Crews v. Rivian Automotive Securities Litigation*, c/o Verita
Global, LLC, P.O. Box 301170, Los Angeles, CA 90030-1170, in which event the
Claims Administrator shall promptly mail the Postcard Notice to such beneficial
owners. **AS STATED ABOVE, IF YOU HAVE ALREADY PROVIDED THIS
INFORMATION IN CONNECTION WITH CLASS NOTICE, UNLESS
THAT INFORMATION HAS CHANGED (*E.G.*, BENEFICIAL OWNER HAS**

**EXHIBIT 2**

CHANGED ADDRESS), IT IS UNNECESSARY TO PROVIDE SUCH INFORMATION AGAIN.

57.    Upon full and timely compliance with these directions, nominees who mail the Postcard Notice to beneficial owners may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Reasonable expenses shall not exceed $0.05 per mailing record provided to the Claims Administrator; $0.70 per Postcard Notice actually mailed, which amount includes postage; and $0.05 per Postcard Notice sent via email. Such properly documented expenses incurred by nominees in compliance with these directions shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

58.    Copies of the Notice and the Claim Form may be obtained from the case website, www.RivianSecuritiesLitigation.com, by calling the Claims Administrator toll free at 1-888-298-2026, or by sending an email to info@RivianSecuritiesLitigation.com.

---

**CAN I SEE THE COURT FILE?**
**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

---

59.    This Notice contains only a summary of the terms of the Settlement. For the terms and conditions of the Settlement, please see the Stipulation available at www.RivianSecuritiesLitigation.com. More detailed information about the matters involved in this Action can be obtained by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cacd.uscourts.gov, or by visiting, during regular business hours, the Office of the Clerk, United States District Court for the Central District of California, First Street U.S. Courthouse, 350 W 1st Street, Los Angeles, CA 90012. Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted on the website www.RivianSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Crews v. Rivian Automotive Securities Litigation*
c/o Verita Global, LLC
P.O. Box 301170

**EXHIBIT 2**

Los Angeles, CA 90030-1170

1-888-298-2026

info@RivianSecuritiesLitigation.com
www.RivianSecuritiesLitigation.com

and/or

**KESSLER TOPAZ MELTZER
& CHECK, LLP**

Sharan Nirmul, Esq.
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706

- or -

Jennifer L. Joost, Esq.
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000

info@ktmc.com
www.ktmc.com

**PLEASE DO NOT CALL OR WRITE THE COURT, THE CLERK'S
OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL
REGARDING THIS NOTICE.**

Dated: _____ __, 2026              By Order of the Court
                                            United States District Court
                                            Central District of California

EXHIBIT 2

## APPENDIX A

### Proposed Plan of Allocation of Net Settlement Fund Among Authorized Claimants

The Plan of Allocation set forth herein is the plan that is being proposed to the Court for approval by Plaintiffs after consultation with their damages expert. The Court may approve the Plan of Allocation with or without modification, or approve another plan of allocation, without further notice to the Classes. Any orders regarding a modification of the Plan of Allocation will be posted on the website www.RivianSecuritiesLitigation.com. Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan of Allocation.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among those Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the Amended Complaint. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method of weighing the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

The Action asserts claims under the Securities Exchange Act of 1934 ("1934 Act" or "Exchange Act") relating to purchases and acquisitions of Rivian Class A common stock during the period between November 11, 2021, and March 10, 2022, inclusive. The Action also asserts claims under the Securities Act of 1933 ("1933 Act" or "Securities Act") relating to Rivian Class A common stock purchased or otherwise acquired pursuant or traceable to the Registration Statement filed in connection with the Company's IPO ("Registration Statement").[7] For purposes of the Securities Act claims, purchases and acquisitions of Rivian Class A common stock in the IPO or during the period between November 10, 2021, and March 10, 2022, inclusive, shall be considered purchases pursuant to or traceable to the Registration Statement.

---

[7]    Rivian's Class A common stock was listed on the NASDAQ Global Select Market and began trading under the ticker symbol "RIVN" on November 10, 2021. Rivian's IPO consisted of 175,950,000 shares of Class A common stock, priced at $78.00 per share.

**EXHIBIT 2**

Recognized Loss Amounts under the Exchange Act will be calculated as described below in "Calculation of Recognized Loss Amounts Under the Exchange Act." Recognized Loss Amounts under the Securities Act will be calculated as described below in "Calculation of Recognized Loss Amounts Under the Securities Act."

For shares of Rivian Class A common stock eligible for a recovery under both the Exchange Act and the Securities Act, the Recognized Loss Amount will be *the greater of*: (i) the Recognized Loss Amount under the Exchange Act; or (ii) the Recognized Loss Amount under the Securities Act.

In developing the Plan of Allocation, Plaintiffs' damages expert calculated the estimated amount of alleged artificial inflation in the per-share price of Rivian Class A common stock that allegedly was proximately caused by Defendants' allegedly material false and misleading statements and omissions during the Class Period. In calculating the estimated alleged artificial inflation caused by those alleged misrepresentations and omissions, Plaintiffs' damages expert considered price changes in Rivian Class A common stock in reaction to certain public disclosures allegedly revealing the truth concerning Defendants' alleged misrepresentations and omissions, adjusting for price changes on those days that were attributable to market and/or industry forces.[8] The estimated alleged artificial inflation in the price of Rivian Class A common stock for each day of the Class Period is provided in **Table 1** below.

In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. Accordingly, to have a Recognized Loss Amount pursuant to the Plan of Allocation, Rivian Class A common stock must have been *held through at least one* of the dates when the disclosure of alleged corrective information partially removed the alleged artificial inflation from the price of Rivian Class A common stock. Plaintiffs allege that artificial inflation was removed from the price of Rivian Class A common stock on March 2, 2022 and March 11, 2022.

---

[8]    Section 11 of the Securities Act provides for an affirmative defense of negative causation, which prevents recovery for losses that Defendants prove are not attributable to misrepresentations and/or omissions alleged by Plaintiffs in the Registration Statement. Thus, calculation of Recognized Loss Amounts under the Securities Act assumes that the decline in the price of Rivian Class A common stock, net of market and industry effects, in response to disclosures allegedly correcting the alleged misrepresentations is the only compensable loss.

**EXHIBIT 2**

To the extent that the calculation of a Recognized Loss Amount results in a negative number, that number shall be set to $0. The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

In the calculations below, all purchase, acquisition, and sale prices shall exclude any fees, taxes, or commissions. Any transactions in Rivian Class A common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

For each share of Rivian Class A common stock purchased or otherwise acquired from November 11, 2021, through March 10, 2022, inclusive, and sold on or before June 8, 2022,[9] an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the per-share purchase/acquisition price *minus* the per-share sale price. As set forth below, the Recognized Loss Amount under the Exchange Act shall not exceed the Out of Pocket Loss for such shares.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS UNDER THE EXCHANGE ACT

A Claimant's Recognized Loss Amount under the Exchange Act per share of Rivian Class A common stock purchased or otherwise acquired during the period November 11, 2021 through March 10, 2022, inclusive will be calculated as follows:

---

[9]     June 8, 2022 represents the last day of the 90-day period beginning on March 11, 2022, which is the first trading date after the end of the Class Period ("90-Day Look-Back Period"). The PSLRA imposes a statutory limitation on recoverable damages using the 90-Day Look-Back Period. This limitation is incorporated into the calculation of a Class Member's Recognized Loss Amount under the Exchange Act. Specifically, a Class Member's Recognized Loss Amount cannot exceed the difference between the purchase price paid for the Rivian Class A common stock and the average price of Rivian Class A common stock during the 90-Day Look-Back Period, if the share was held through the end of this period (June 8, 2022). A Class Member's Recognized Loss Amount on Rivian Class A common stock sold during the 90-Day Look-Back Period cannot exceed the difference between the purchase price paid for the Rivian Class A common stock and the average price of Rivian Class A common stock during the portion of the 90-Day Look-Back Period elapsed as of the date of sale ("90-Day Look-Back Value"), as set forth in **Table 2** below.

**EXHIBIT 2**

A.  For each share sold before March 2, 2022, the Recognized Loss Amount is $0.00.

B.  For each share sold from March 2, 2022, through March 10, 2022, inclusive, the Recognized Loss Amount shall be ***the lesser of***:

   i.   the amount of alleged artificial inflation applicable to that share on the date of purchase/acquisition ***minus*** the amount of alleged artificial inflation applicable on the date of sale, as set forth in **Table 1** below; or

   ii.  the Out of Pocket Loss.

C.  For each share sold from March 11, 2022, through June 8, 2022, inclusive (*i.e.*, during the 90-Day Look-Back Period), the Recognized Loss Amount shall be ***the least of***:

   i.   the amount of alleged artificial inflation applicable to that share on the date of purchase/acquisition, as set forth in **Table 1** below;

   ii.  the actual purchase/acquisition price per share ***minus*** the 90-Day Look-Back Value on the date of sale as set forth in **Table 2** below; or

   iii. the Out of Pocket Loss.

D.  For each share held as of the close of trading on June 8, 2022, the Recognized Loss Amount shall be ***the lesser of***:

   i.   the amount of alleged artificial inflation applicable to that share on the date of purchase/acquisition, as set forth in **Table 1** below; or

   ii.  the actual purchase/acquisition price per share ***minus*** $35.37, which represents the average closing price per share of Rivian Class A common stock during the 90-Day Look-Back Period (as shown on the last line of **Table 2** below).

27

**EXHIBIT 2**

## CALCULATION OF RECOGNIZED LOSS AMOUNTS
## UNDER THE SECURITIES ACT

A Claimant's Recognized Loss Amount under the Securities Act per share of Rivian Class A common stock purchased or otherwise acquired pursuant or traceable to the Registration Statement will be calculated as follows:

A.  For each share sold before March 2, 2022, the Recognized Loss Amount is $0.00.

B.  For each share sold from March 2, 2022, through March 6, 2022, inclusive, the Recognized Loss Amount shall be ***the lesser of***:

   i.  the amount of alleged artificial inflation applicable to that share on the date of purchase/acquisition ***minus*** the amount of alleged artificial inflation applicable on the date of sale, as set forth in **Table 1** below; or

   ii.  the purchase price (not to exceed the $78.00 per share IPO offer price) ***minus*** the sale price.

C.  For each share sold from March 7, 2022,[10] through March 10, 2022, inclusive, the Recognized Loss Amount shall be ***the lesser of***:

   i.  the amount of alleged artificial inflation applicable to that share on the date of purchase/acquisition ***minus*** the amount of alleged artificial inflation applicable on the date of sale, as set forth in **Table 1** below; or

   ii.  the purchase price (not to exceed the $78.00 per share IPO offer price) ***minus*** the greater of the sale price or $42.43 (i.e., the closing price per share on the Suit Date).

D.  For each share that was still held as of March 11, 2022, the Recognized Loss Amount shall be ***the lesser of***:

---

[10]  The first relevant lawsuit filed on behalf of purchasers of Rivian Class A common stock pursuant and/or traceable to the Registration Statement was filed on March 7, 2022 ("Suit Date"). The closing price of Rivian Class A common stock on the Suit Date was $42.43 per share.

**EXHIBIT 2**

i.   the amount of alleged artificial inflation applicable to that share on the date of purchase/acquisition, as set forth in **Table 1** below; or

ii.   the purchase price (not to exceed the $78.00 per share IPO offer price) ***minus*** $42.43 (i.e., the closing price per share on the Suit Date).

## ADDITIONAL PROVISIONS

1.    The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (as defined in ¶ 6 below) is $10.00 or greater.

2.    **FIFO Matching:** If a Claimant has more than one purchase/acquisition or sale of Rivian Class A common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis. Class Period sales will be matched against purchases/acquisitions of Rivian Class A common stock in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

3.    **Purchase/Acquisition and Sale Dates:** Purchases/acquisitions and sales of Rivian Class A common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Rivian Class A common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of the shares of Rivian Class A common stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any Claim relating to the purchase/acquisition of such shares of Rivian Class A common stock unless: (i) the donor or decedent purchased or otherwise acquired such shares of Rivian Class A common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor or the decedent, or by anyone else with respect to such shares of Rivian Class A common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

4.    **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Rivian Class A common stock. The date of a "short sale" is deemed to be the date of sale of the Rivian Class A common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is $0.00. In the event that a Claimant has a short position in Rivian Class A common stock, the earliest subsequent purchases or acquisitions during the Class Period shall be matched against such short position and not be entitled to a recovery until that short position is fully covered.

EXHIBIT 2

5.    **Common Stock Purchased/Acquired/Sold Through the Exercise of Options:** Rivian Class A common stock is the only security eligible for recovery under the Settlement. Option contracts to purchase or otherwise acquire or sell Rivian Class A common stock are not securities eligible to participate in the Settlement. With respect to Rivian Class A common stock purchased or otherwise acquired or sold through the exercise of an option, the purchase/acquisition/sale date of the stock shall be the exercise date of the option and the purchase/acquisition/sale price shall be the exercise price of the option. Any Recognized Loss Amount arising from purchases or acquisitions of Rivian Class A common stock purchased or acquired during the Class Period through the exercise of an option on Rivian Class A common stock[11] shall be computed as provided for other purchases or acquisitions of Rivian Class A common stock in the Plan of Allocation.

6.    **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their losses. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be: the Authorized Claimant's Recognized Claim (calculated pursuant to this Plan of Allocation) divided by the total Recognized Claims (calculated pursuant to this Plan of Allocation) of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

7.    **Re-Distributions:** After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, no less than nine (9) months after the initial distribution, if Class Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions may occur thereafter if Class Counsel, in

---

[11]    This includes (1) purchases or acquisitions of Rivian Class A common stock as the result of the exercise of a call option, and (2) purchases or acquisitions of Rivian Class A common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

**EXHIBIT 2**

consultation with the Claims Administrator, determines that additional re-distributions, after deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to a non-sectarian, not-for-profit, 501(c)(3), organization(s), to be recommended by Class Counsel and Defendants' Counsel and subject to approval by the Court.

8.      Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages expert, Defendants, Defendants' Counsel, any of the other Releasees, or the Claims Administrator or other agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation or other plan of allocation approved by the Court, or further orders of the Court. Plaintiffs, Defendants and their respective counsel, and all other Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation or other plan of allocation approved by the Court; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes owed by the Settlement Fund; or any losses incurred in connection therewith.

| TABLE 1 Estimated Alleged Artificial Inflation in Rivian Class A Common Stock | | |
|---|---|---|
| **From** | **To** | **Inflation Per Share** |
| 11/10/21 | 3/1/22 | $10.26 |
| 3/2/22 | 3/10/22 | $1.08 |
| 3/11/22 | Thereafter | $0.00 |

**EXHIBIT 2**

| TABLE 2<br>Rivian Class A Common Stock 90-Day Look-Back Value<br>by Sale/Disposition Date For Exchange Act Claims ||
|---|---|
| **Sale Date** | **90-Day Look-Back Value** |
| 3/11/2022 | $38.05 |
| 3/14/2022 | $36.94 |
| 3/15/2022 | $36.96 |
| 3/16/2022 | $38.12 |
| 3/17/2022 | $38.92 |
| 3/18/2022 | $40.03 |
| 3/21/2022 | $40.54 |
| 3/22/2022 | $41.34 |
| 3/23/2022 | $41.84 |
| 3/24/2022 | $42.52 |
| 3/25/2022 | $42.85 |
| 3/28/2022 | $43.11 |
| 3/29/2022 | $43.94 |
| 3/30/2022 | $44.52 |
| 3/31/2022 | $44.90 |
| 4/1/2022 | $45.00 |
| 4/4/2022 | $45.09 |
| 4/5/2022 | $44.92 |
| 4/6/2022 | $44.67 |
| 4/7/2022 | $44.44 |
| 4/8/2022 | $44.17 |
| 4/11/2022 | $43.96 |
| 4/12/2022 | $43.70 |

**EXHIBIT 2**

| | |
|---|---|
| 4/13/2022 | $43.60 |
| 4/14/2022 | $43.48 |
| 4/18/2022 | $43.27 |
| 4/19/2022 | $43.12 |
| 4/20/2022 | $42.88 |
| 4/21/2022 | $42.56 |
| 4/22/2022 | $42.26 |
| 4/25/2022 | $41.99 |
| 4/26/2022 | $41.64 |
| 4/27/2022 | $41.32 |
| 4/28/2022 | $41.06 |
| 4/29/2022 | $40.75 |
| 5/2/2022 | $40.50 |
| 5/3/2022 | $40.27 |
| 5/4/2022 | $40.10 |
| 5/5/2022 | $39.86 |
| 5/6/2022 | $39.58 |
| 5/9/2022 | $39.17 |
| 5/10/2022 | $38.78 |
| 5/11/2022 | $38.36 |
| 5/12/2022 | $38.04 |
| 5/13/2022 | $37.79 |
| 5/16/2022 | $37.51 |
| 5/17/2022 | $37.29 |
| 5/18/2022 | $37.08 |
| 5/19/2022 | $36.93 |
| 5/20/2022 | $36.77 |
| 5/23/2022 | $36.60 |

**EXHIBIT 2**

| | |
|---|---|
| 5/24/2022 | $36.41 |
| 5/25/2022 | $36.23 |
| 5/26/2022 | $36.10 |
| 5/27/2022 | $36.01 |
| 5/31/2022 | $35.93 |
| 6/1/2022 | $35.83 |
| 6/2/2022 | $35.76 |
| 6/3/2022 | $35.67 |
| 6/6/2022 | $35.56 |
| 6/7/2022 | $35.46 |
| 6/8/2022 | $35.37 |

# EXHIBIT 3

**EXHIBIT 3**

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| CHARLES LARRY CREWS, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>                     Plaintiffs,<br><br>        v.<br><br>RIVIAN AUTOMOTIVE, INC., et al.,<br><br>                  Defendants. | Case No. 2:22-cv-01524-JLS-E<br><br>**<u>CLASS ACTION</u>** |

## SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:  ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED RIVIAN AUTOMOTIVE, INC. CLASS A COMMON STOCK BETWEEN NOVEMBER 10, 2021, AND MARCH 10, 2022, INCLUSIVE, AND WERE DAMAGED THEREBY.[1]**

---

[1] The Court certified the following Classes (together, referred to as the "Class"):

**<u>For 1934 Act Claims</u>**: All persons and entities who purchased or otherwise acquired Rivian Class A common stock between November 11, 2021, and March 10, 2022, inclusive, and were damaged thereby. The Class excludes those who purchased Rivian Class A common stock at the fixed IPO price.

**<u>For 1933 Act Claims</u>**: All persons and entities who purchased or otherwise acquired Rivian Class A common stock between November 10, 2021, and March 10, 2022, inclusive, and were damaged thereby.

Certain persons and entities are excluded from the Class as detailed in the Stipulation and Agreement of Settlement dated October 23, 2025 ("Stipulation") and the Notice described below.

**PLEASE READ THIS NOTICE CAREFULLY;
IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE
AFFECTED BY THE SETTLEMENT OF A CLASS ACTION LAWSUIT
PENDING IN THIS COURT.**

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Central District of California ("Court"), that the Court-appointed Class Representatives Sjunde AP-Fonden and James Stephen Muhl (together, "Plaintiffs"), on behalf of themselves and the Court-certified Classes in the above-captioned securities class action ("Action"), have reached a proposed settlement of the Action with defendants Rivian Automotive, Inc. ("Rivian"), Robert J. Scaringe, Claire McDonough, Jeffrey R. Baker, Karen Boone, Sanford Schwartz, Rose Marcario, Peter Krawiec, Jay Flatley, Pamela Thomas-Graham, Morgan Stanley & Co. LLC, Goldman Sachs & Co., LLC, J.P. Morgan Securities LLC, Barclays Capital Inc., Deutsche Bank Securities Inc., Allen & Company LLC, BofA Securities, Inc., Mizuho Securities USA LLC, Wells Fargo Securities, LLC, Nomura Securities International, Inc., Piper Sandler & Co., RBC Capital Markets, LLC, Robert W. Baird & Co. Inc., Wedbush Securities Inc., Academy Securities, Inc., Blaylock Van, LLC, Cabrera Capital Markets LLC, C.L. King & Associates, Inc., Loop Capital Markets LLC, Samuel A. Ramirez & Co., Inc., Siebert Williams Shank & Co., LLC, and Tigress Financial Partners LLC (collectively, "Defendants") for **$250,000,000** in cash that, if approved by the Court, will resolve all claims in the Action.

A hearing ("Settlement Hearing") will be held on _____ __, **2026 at __:__ _.m. Pacific Time**, before the Honorable Josephine L. Staton, United States District Judge for the Central District of California, either in person in Courtroom 8A, 8th Floor of the First Street U.S. Courthouse, 350 W 1st Street, Los Angeles, CA 90012, or by telephone or videoconference (at the discretion of the Court), to determine, among other things: (i) whether the Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Classes, and should be finally approved by the Court; (ii) whether the Action should be dismissed with prejudice against Defendants and the releases specified and described in the Stipulation (and in the Notice (defined below)) should be granted; and (iii) whether Class Counsel's motion for attorneys' fees in an amount not to exceed 24% of the Settlement Fund and payment of expenses in an amount not to exceed $6.9 million (which amount may include a request for reimbursement of the reasonable costs incurred by Plaintiffs directly related to their representation of the Classes in an aggregate amount not to exceed $125,000) should be approved. Any updates

2

regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the website, www.RivianSecuritiesLitigation.com.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. This notice provides only a summary of the information contained in the full Notice of (i) Proposed Settlement; (ii) Settlement Hearing; and (iii) Motion for Attorneys' Fees and Litigation Expenses ("Notice"). You may obtain a copy of the Notice, along with the Claim Form, on the case website, www.RivianSecuritiesLitigation.com. You may also obtain a copy of the Notice and Claim Form by contacting the Claims Administrator by mail at *Crews v. Rivian Automotive Securities Litigation*, c/o Verita Global, LLC, P.O. Box 301170, Los Angeles, CA 90030-1170; by calling toll free 1-888-298-2026; or by emailing info@RivianSecuritiesLitigation.com. Copies of the Notice and Claim Form can also be found on the website for Class Counsel, www.ktmc.com.

If you are a Class Member, in order to be eligible to receive a payment from the proposed Settlement, you must submit a Claim Form ***postmarked (if mailed) or online via www.RivianSecuritiesLitigation.com no later than _____ __, 2026***, in accordance with the instructions set forth in the Claim Form. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any releases, judgments, or orders entered by the Court in the Action.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses must be submitted to the Court. Objections must be ***filed or received no later than _____ __, 2026***, in accordance with the instructions set forth in the Notice. As the Classes were previously certified and, in connection with class certification, Class Members had the opportunity to request exclusion from the Classes, the Court has exercised its discretion not to allow a second opportunity to request exclusion in connection with the Settlement proceedings.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.** All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to Class Counsel or the Claims Administrator.

3

Requests for the Notice and Claim Form should be made to the Claims Administrator:

*Crews v. Rivian Automotive Securities Litigation*
**c/o Verita Global, LLC**
**P.O. Box 301170**
**Los Angeles, CA 90030-1170**

1-888-298-2026

info@RivianSecuritiesLitigation.com
www.RivianSecuritiesLitigation.com

All other inquiries should be made to Class Counsel:

**KESSLER TOPAZ MELTZER**
**& CHECK, LLP**

Sharan Nirmul, Esq.
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706

- or -

Jennifer L. Joost, Esq.
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000

info@ktmc.com
www.ktmc.com

**Please Do Not Call or Write the Court with Questions.**

DATED: _____ __, 2026                    BY ORDER OF THE COURT
United States District Court
Central District of California

4

# EXHIBIT 4

**EXHIBIT 4**

*Crews v. Rivian Automotive Securities Litigation*
c/o Verita Global, LLC
P.O. Box 301170
Los Angeles, CA 90030-1170

Toll-Free Number:  1-888-298-2026
Email:  info@RivianSecuritiesLitigation.com
Website:  www.RivianSecuritiesLitigation.com

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund from the proposed Settlement of the securities class action captioned *Charles Larry Crews, Jr. v. Rivian Automotive, Inc., et al.*, Case No. 2:22-cv-01524-JLS-E (C.D. Cal.) ("Action"), you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by First-Class mail to the above address or submit it online at www.RivianSecuritiesLitigation.com **postmarked (or received) no later than _____, 2026**.

Failure to submit your Claim Form by the date above will subject your Claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above or online at www.RivianSecuritiesLitigation.com.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – GENERAL INSTRUCTIONS** | __ |
| **PART II – CLAIMANT IDENTIFICATION** | __ |
| **PART III – SCHEDULE OF TRANSACTIONS IN RIVIAN AUTOMOTIVE, INC. CLASS A COMMON STOCK** | __ |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | __ |

## PART I – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"), including the proposed Plan of Allocation set forth in the Notice ("Plan of Allocation"). The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the Releases described therein and provided for herein.

2.      This Claim Form is directed to the following Court-certified Classes:

- **For 1934 Act Claims: All persons and entities who purchased or otherwise acquired Rivian Class A common stock between November 11, 2021, and March 10, 2022, inclusive, and were damaged thereby. The Class excludes those who purchased Rivian Class A common stock at the fixed IPO price.**

- **For 1933 Act Claims: All persons and entities who purchased or otherwise acquired Rivian Class A common stock between November 10, 2021, and March 10, 2022, inclusive, and were damaged thereby.**

Certain persons and entities are excluded from the Classes by definition (*see* ¶ 19 of the Notice).

3.      By submitting this Claim Form, you are making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A CLASS MEMBER (*see* definitions of "Classes" contained in ¶ 19 of the Notice), OR IF YOU PREVIOUSLY SUBMITTED A REQUEST FOR EXCLUSION FROM THE CLASSES IN CONNECTION WITH CLASS NOTICE, DO NOT SUBMIT A CLAIM FORM AS **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE CLASSES, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transactions (including free transfers and deliveries) in and holdings of Rivian Class A common stock. In this Schedule of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Rivian Class A

common stock, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.**

6.     **Please note**: Only Rivian Class A common stock purchased or otherwise acquired during the Class Period (i.e., the period between November 11, 2021, and March 10, 2022, inclusive, for the 1934 Act Claims, and the period between November 10, 2021, and March 10, 2022, inclusive, for the 1933 Act Claims) makes those shareholders eligible to participate in the Settlement. However, because the PSLRA provides for a "90-Day Look-Back Period" (described in the Plan of Allocation set forth in the Notice), you must provide documentation related to your holdings, purchases, acquisitions and sales of Rivian Class A common stock through the end of that period, June 8, 2022, in order for the Claims Administrator to calculate your Recognized Loss Amount under the Plan of Allocation and process your claim. **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.**

7.     You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of the Rivian Class A common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a brokerage confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Rivian Class A common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.     **One Claim Form should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (e.g., an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity and include all holdings and transactions made by that entity. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claim Forms may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in Rivian Class A common stock made on behalf of a single beneficial owner.

9.     All joint beneficial owners must sign the Claim Form and their names must appear as "Claimants" in Part II of the Claim Form. The complete name(s) of the beneficial owner(s)

must be entered. If you purchased or otherwise acquired Rivian Class A common stock during the Class Period and held the shares in your name, you are the beneficial owner as well as the record owner. If you purchased or otherwise acquired Rivian Class A common stock during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares/options, but the third party is the record owner. The beneficial owner, not the record owner, must sign the Claim Form.

10.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)    expressly state the capacity in which they are acting;

(b)    identify the name, account number, last four digits of the Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner (or other person or entity on whose behalf they are acting with respect to) of the Rivian Class A common stock; and

(c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your Claim and may subject you to civil liability or criminal prosecution.

12.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

13.    **PLEASE NOTE**: As set forth in the Plan of Allocation, if approved by the Court, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

14.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or a copy of the Notice, you may contact the Claims Administrator, Verita Global, LLC, at the above address, by email at info@RivianSecuritiesLitigation.com, or by toll-free phone at 1-888-298-2026, or you can visit the website maintained by the Claims Administrator, www.RivianSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for download.

15.    **NOTICE REGARDING ELECTRONIC FILES**: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the website www.RivianSecuritiesLitigation.com, or you may email the Claims Administrator's electronic filing department at info@RivianSecuritiesLitigation.com. **Any file that is not in accordance with the required electronic filing format will be subject to rejection.** No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to you to that effect. **Do not assume that your file has been received until you receive the Claim Administrator's email confirming successful upload of your electronic files. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@RivianSecuritiesLitigation.com to inquire about your file and confirm it was received.**

### IMPORTANT PLEASE NOTE:

**YOUR CLAIM IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-888-298-2026.**

## PART II – CLAIMANT IDENTIFICATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name          Beneficial Owner's Last Name

Co-Beneficial Owner's First Name    Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                                                        State    Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (primary)                    Telephone Number (secondary)

Email address (Email address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this Claim.)

Page 6

Account Number (where securities were traded)[1]

| | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|

Claimant Account Type (check appropriate box)

Individual (includes joint owner accounts)          Pension Plan                    Trust

Corporation                                        Estate

IRA/401K                                           Other _____ (please specify)

---

[1]      If the account number is unknown, you may leave blank. If filing for more than one account for the same legal entity, you may write "multiple." Please see ¶ 8 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

## PART III – SCHEDULE OF TRANSACTIONS IN
## RIVIAN CLASS A COMMON STOCK

Complete this Part III only if you purchased or otherwise acquired Rivian Class A common stock **between November 10, 2021, and March 10, 2022, inclusive**. Please be sure to include proper documentation with your Claim Form as described in detail in Part I – General Instructions, ¶ 7, above. Do not include information in this section regarding any securities other than Rivian Class A common stock.

| | |
|---|---|
| **1. BEGINNING HOLDINGS** – State the total number of shares of Rivian Class A common stock held as of the opening of trading on November 10, 2021. (Must be documented.) If none, write "zero" or "0." _____. (Please Note: It is unlikely that you will have an opening position given that the IPO occurred on November 10, 2021.) | Confirm Proof of Holding Position Enclosed ○ |

**2. PURCHASES/ACQUISITIONS BETWEEN NOVEMBER 10, 2021, AND MARCH 10, 2022, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of Rivian Class A common stock from after the opening of trading on November 10, 2021, through the close of trading on March 10, 2022. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding fees, taxes, and commissions) | Confirm Proof of Purchases/ Acquisitions Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

**3. PURCHASES/ACQUISITIONS BETWEEN MARCH 11, 2022, AND JUNE 8, 2022, INCLUSIVE** – State the total number of shares of Rivian Class A common stock purchased/ acquired (including free receipts) from after the opening of trading on March 11, 2022, through the close of trading on June 8, 2022. (Must be documented.) If none, write "zero" or "0." [2] _____

---

[2]    **Please note**:  Information requested with respect to your purchases/acquisitions of Rivian

| **4. SALES BETWEEN NOVEMBER 10, 2021, AND JUNE 8, 2022, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of Rivian Class A common stock from after the opening of trading on November 10, 2021, through the close of trading on June 8, 2022. (Must be documented.) | | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting fees, taxes, and commissions) | Confirm Proof of Sales Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| **5. HOLDINGS AS OF JUNE 8, 2022** – State the total number of shares of Rivian Class A common stock held as of the close of trading on June 8, 2022. (Must be documented.) If none, write "zero" or "0." _____ | | | | Confirm Proof of Holding Position Enclosed ○ |

| | **IF YOU REQUIRE ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX. IF YOU DO NOT CHECK THIS BOX, THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED.** |
|---|---|
| ☐ | |

---

Class A common stock from March 11, 2022, through June 8, 2022 is needed in order to perform the necessary calculations for your Claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts pursuant to the Plan of Allocation.

## PART IV – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation and Agreement of Settlement dated October 23, 2025, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment, or the Alternative Judgment, if applicable, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Released Defendant Parties, and shall forever be barred, enjoined, and estopped from prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

## CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) agree(s) to the release above and certify (certifies) as follows:

1.     that I (we) have read and understand the contents of the Notice and this Claim Form, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2.     that the Claimant(s) is a (are) member(s) of the Class(es), as defined in the Notice, and is (are) not excluded by definition from the Class(es) as set forth in the Notice;

3.     that the Claimant(s) did not previously submit a request for exclusion from the Class(es);

4.     that I (we) own(ed) the Rivian Class A common stock identified in the Claim Form and have not assigned the claim against Defendants or any of the other Released Defendant Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.     that the Claimant(s) has (have) not submitted any other Claim covering the same holdings, purchases, acquisitions, and sales of Rivian Class A common stock and knows (know) of no other person or entity having done so on the Claimant's (Claimants') behalf;

6.     that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the Releases set forth herein;

7.     that I (we) agree to furnish such additional information with respect to this Claim Form as Class Counsel, the Claims Administrator, or the Court may require;

8.      that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim, and waives any right of appeal or review with respect to such determination;

9.      that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.     that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding, or (b) the Claimant(s) has (have) not been notified by the Internal Revenue Service ("IRS") that they are subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified the Claimant(s) that they are no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that they are subject to backup withholding, please strike out the language in the preceding sentence indicating that the Claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of Claimant                                                      Date

_____
Print Claimant name here

_____
Signature of joint Claimant, if any                                        Date

_____
Print joint Claimant name here

***If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

_____

Signature of person signing on behalf of Claimant                                             Date

_____

Print name of person signing on behalf of Claimant here

_____

Capacity of person signing on behalf of Claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of Claimant – *see* ¶ 10 on page __ of this Claim Form.)

## <u>REMINDER CHECKLIST</u>

1. Sign the above release and certification. If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and any supporting documents for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your Claim is not deemed submitted until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-888-298-2026.**

6. If your address changes in the future, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your Claim, please contact the Claims Administrator at the address below, by email at info@RivianSecuritiesLitigation.com, or by toll-free phone at 1-888-298-2026 or you may visit the case website, www.RivianSecuritiesLitigation.com. DO NOT call the Court, Defendants, or Defendants' Counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL OR SUBMITTED ONLINE VIA THE WEBSITE WWW.RIVIANSECURITIESLITIGATION.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN _____ __, 2026.** IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*Crews v. Rivian Automotive Securities Litigation*
**c/o Verita Global, LLC**
**P.O. Box 301170**
**Los Angeles, CA 90030-1170**

If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____ __, 2026, is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.