JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LARRY CREWS, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RIVIAN AUTOMOTIVE, INC., et al.,<br><br>Defendants. | Case No. 2:22-cv-01524-JLS-E<br><br>**JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |

WHEREAS, the securities class action captioned *Charles Larry Crews, Jr. v. Rivian Automotive, Inc., et al.*, Case No. 2:22-cv-01524-JLS-E ("Action") is pending in this Court;

WHEREAS, by Order dated July 17, 2024 (Doc. 392), this Court certified the Action to proceed as a class action on behalf of the following Classes:

(i)    **<u>For 1934 Act Claims</u>**: All persons and entities who purchased or otherwise acquired Rivian Class A common stock between November 11, 2021, and March 10, 2022, inclusive, and were damaged thereby. The Class excludes those who purchased Rivian Class A common stock at the fixed IPO price.

(ii)   **<u>For 1933 Act Claims</u>**: All persons and entities who purchased or otherwise acquired Rivian Class A common stock between November 10, 2021, and March 10, 2022, inclusive, and were damaged thereby;[1]

WHEREAS, pursuant to the Court's Orders dated October 23, 2024 and November 5, 2024 (Docs. 406, 408), notice was disseminated to potential members of the Classes to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Classes; and (iii) their right to request to be excluded from the Classes, the effect of remaining in the Classes or requesting exclusion, and the requirements for requesting exclusion ("Class Notice");

WHEREAS, Court-appointed Class Representatives Sjunde AP-Fonden and James

---

[1]    Excluded from the Classes are Defendants and their families; the officers, directors, and affiliates of Defendants, at all relevant times; members of their immediate families and their legal representatives, heirs, successors, or assigns; and any entity in which Defendants have or had a controlling interest. However, any "Investment Vehicle" is not excluded from the Class. Investment Vehicle refers to any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange traded funds, fund of funds, and hedge funds, in which the Underwriter Defendants, or any of them, have, has, or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but in which any Underwriter Defendant alone, or together with its respective affiliates, is not a majority owner or does not hold a majority beneficial interest. Also excluded from the Classes are the persons and entities who or which excluded themselves from the Classes pursuant to Class Notice as listed on Appendix 1 to the Stipulation and Exhibit 1 hereto.

1

Stephen Muhl (together, "Class Representatives" or "Plaintiffs"), on behalf of themselves and the other members of the Classes, and Defendants[2] (together with Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated October 23, 2025 ("Stipulation"), subject to the approval of this Court ("Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated December 18, 2025 ("Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Class Members; and (c) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Classes;

WHEREAS, the Court conducted a hearing on May 15, 2026 ("Settlement Hearing") to consider, among other things: (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Classes, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendants; and

---

[2]    Defendants are: (i) Rivian Automotive, Inc. ("Rivian"), Robert J. Scaringe, Claire McDonough, Jeffrey R. Baker, Karen Boone, Sanford Schwartz, Rose Marcario, Peter Krawiec, Jay Flatley, and Pamela Thomas-Graham (collectively, the "Rivian Defendants") and (ii) Morgan Stanley & Co. LLC, Goldman Sachs & Co., LLC, J.P. Morgan Securities LLC, Barclays Capital Inc., Deutsche Bank Securities Inc., Allen & Company LLC, BofA Securities, Inc., Mizuho Securities USA LLC, Wells Fargo Securities, LLC, Nomura Securities International, Inc., Piper Sandler & Co., RBC Capital Markets, LLC, Robert W. Baird & Co. Inc., Wedbush Securities Inc., Academy Securities, Inc., Blaylock Van, LLC, Cabrera Capital Markets LLC, C.L. King & Associates, Inc., Loop Capital Markets LLC, Samuel A. Ramirez & Co., Inc., Siebert Williams Shank & Co., LLC, and Tigress Financial Partners LLC (collectively, the "Underwriter Defendants").

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and having issued its Order Granting Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation (Doc. 763) and Granting Plaintiffs' Motion for Attorneys' Fees and Litigation Expenses (Doc. 764) on May 20, 2026 (Doc. 772) ("May 20, 2026 Order"), setting forth the Court's reasons for approving the Settlement, Plan of Allocation and Class Counsel's motion for attorneys' fees and expenses, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.    **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.    **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on October 23, 2025; and (b) the Postcard Notice, Notice, and Summary Notice, all of which were filed with the Court on March 20, 2026.

3.    **Notice** – The Court finds that the dissemination and posting of the Postcard Notice and Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the effect of the proposed Settlement (including the Releases to be provided thereunder); (ii) Class Counsel's motion for attorneys' fees and Litigation Expenses; (iii) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses; and (iv) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the

Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

4.    **CAFA Notice** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq.*, to the extent applicable to the Action, have been satisfied.

5.    **Objections** – The Court has considered each of the objections received in connection with the Settlement and submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and each is hereby overruled.

6.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Classes. Specifically, the Court finds that: (a) Plaintiffs and Class Counsel have adequately represented the Classes; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Classes under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Classes; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Classes equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.    The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.    **<u>Binding Effect</u>** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Classes pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

9.    **<u>Releases</u>** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)    Without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Released Defendant Parties, and shall forever be barred, enjoined and estopped from prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

(b)    Without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Released Plaintiff Parties, and shall forever be barred, enjoined and estopped from prosecuting any and all of the Released Defendants' Claims against any of the Released Plaintiff Parties. This Release shall not

apply to any person or entity who previously submitted a request for exclusion from the Classes in connection with the Notice of Pendency as listed on Exhibit 1 hereto.

10. Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12. **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and this Stipulation, nor approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Plaintiffs or the validity or infirmity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of the Released Defendant Parties had meritorious defenses, or that damages recoverable

under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

13. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion to approve the Class Distribution Order; and (d) the Class Members for all matters relating to the Action.

14. The Court's May 20, 2026 Order approved the proposed Plan of Allocation and Class Counsel's motion for attorneys' fees and Litigation Expenses.

15. **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated and rendered null and void, and shall be of no further force and

effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Class Members, and Defendants, and Plaintiffs and Defendants shall revert to their respective positions in the Action immediately prior to the execution of the Term Sheet on October 3, 2025, as provided in the Stipulation.

17. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

IT IS SO ORDERED.

DATED: May 29, 2026

_____
HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

8

# Exhibit 1

List of Persons and Entities Excluded from
the Classes Pursuant to Request

1. Ahn, Ronald
   Glendale, AZ

2. Antonraj, Sharean Dhivya
   Markham, ON, Canada

3. Banks, Blaine
   Kaneohe, HI

4. Banwait, Noordeep
   Mississauga, ON, Canada

5. Beck, David
   Highgate Hill, Queensland, Australia

6. Bendana, Ellen Karp
   *(no address provided)*

7. Birla, E. Nishant
   Sydney, NS, Canada

8. Blain-Pinard, Marc-Antoine
   Longueuil, QC, Canada

9. Bongale, Aditya
   Ottawa, ON, Canada

10. Bromley, Craig Andrew
    Wentworth Falls NSW, Australia

11. Buchli, Mark T.
    Port Townsend, WA

12. Cacco, Simone
    Montreal, QC, Canada

13. Carter, Megan
    Whitby, ON, Canada

14. Chan, Leonard Chung-Ho
    East Gwillimbury, ON, Canada

15. Chaudhry, Mohsin
    Oakville, ON, Canada

16. Cheema, Ajaipaul
    Surrey, BC, Canada

17. Chhuon, Brian Boreth Brooks, AB,
    Canada

18. Choi, Chanrak
    Burnaby, BC, Canada

19. Choi, Sarah Se Bin
    Burnaby, BC, Canada

20. Chubb, Liam
    Surrey, BC, Canada

21. Clearwater, Danielle
    Longmont, CO

22. Cohen, Christopher Nemser Coby
    Walla Walla, WA

23. Cohen, Nathan
    Montreal, QC, Canada

24. Currie, Joshua
    Holland Centre, ON, Canada

25. Davidson, Logan
    Russell, ON, Canada

26. Dickman, Paul A.
    Windcrest, TX

27. Dossetto, Wayne Art. & Anna
    Evelyn TTEES
    Banyo, Queensland, Australia

28. Dresser, Brent
    *(no address provided)*

29. DuBois, Chase
    Austin, TX

30. Dumbrava, Denis
    Burnaby, BC, Canada

31. El-Sayes, Abdullah
Mississauga, ON, Canada

32. Fang, Mung xao
Richmond, BC, Canada

33. Fassina, Riccardo
Las Vegas, NV

34. Fortier, Johnathon
Calgary, AB, Canada

35. Galura, Hector Jr.
(*no address provided*)

36. Ghuman, Pawandeep
Cambridge, ON, Canada

37. Glass, Jeffrey
Marietta, GA

38. Go, Czarina Anne
Gatineau, QC, Canada

39. Grace, Raymond
Emu Plains NSW, Australia

40. Graff, Néstor Jorge & Adriana
Mabel Ceccacci
Neuquen Province, Argentina

41. Guan, Peter
Victoria, BC, Canada

42. Guk, Vitaly
Toronto, ON, Canada

43. Harris, Andrew
Hamilton, ON, Canada

44. Helland, Damon L
Shoreline, WA

45. Hung, Yun-Kang
Beitou Dist. Taipei, Taiwan

46. Janjanam, Sai
Ottawa, ON, Canada

47. Janjanam, Venkata Subbarao
Saginaw, MI

48. Jawro, Sweren
Windsor, ON, Canada

49. Jurkovic, Frances Lillian
Nashville, TN

50. Kadhar, Aniesha Sherine Abdul
Milton, ON, Canada

51. Kamann, Donna
Winona, MN

52. Kevadia, Harmish
Etobicoke, ON, Canada

53. Koldyk, Andrew
Glencoe, ON, Canada

54. Kosada, Arya A., Natvarsinh C.
Kosada, and Kamlaben Kosada
Delta, BC, Canada

55. Kuehn, Joel
South Lyon, MI

56. Kuen, Yip Sau
Kingston Lodge, Shatin, Hong Kong

57. Kumar, Shwetha Bontadka Vasanth
North York, ON, Canada

58. Kumar, Sumit Kumar
Calgary, AB, Canada

59. Lata, Ivan
Toronto, ON, Canada

60. Laurina, Jonina Chelsey
North York, ON, Canada

61. Liu, Steve Lei
Toronto, ON, Canada

62. Maluta, Alexander Tony
Glenwood Springs, CO

63. Manani, Nilesh
(*no address provided*)

64. Manji, Zulfikar Y.
Drayton, SC

65. Martin, Francisco Munoz
Centennial, CO

66. McCanna, Heather
Seguin, ON, Canada

67. McCarthy, Justin
St. John's, NL, Canada

68. McIntyre, Warren
Yellowhead County, AB, Canada

69. McKinna, Geoffrey David
Victoria, Australia

70. Medved, Paul & Cecily
Alameda, CA

71. Meyers, Christopher Albert
Silver Spring, MD

72. Miller, Lisa Jaye
Seaview Downs, South Australia

73. Mistry, Rajeshkumar Maganlal
Brampton, ON, Canada

74. Murray Ent. Group Co. Ltd.
(dissolved)
by Chieppe, Decio Luiz
Vitória, Espírito Santo, Brazil

75. Neuls, Curtis
Grenfell, SK, Canada

76. Ng, Kai Fan
Metro Town, Tesung Kwan O,
Hong Kong

77. Nguyen, Lan Anh Thi
Tustin, CA

78. Ogrady, William J.
Lake Zurich, IL

79. Otto, Stephan
Thousand Oaks, CA

80. Ouellet, Melina
Boucherville, QC, Canada

81. Panchal, Nirav Umedbhai
Mississauga, ON, Canada

82. Park, Hyun Joo
Thornhill, ON, Canada

83. Park, Soonhee Park
Mississauga, ON, Canada

84. Patel, Jaina
Windsor, ON, Canada

85. Patel, Kunal Prakash Chandra
Mississauga, ON, Canada

86. Patel, Vishal Gurucharan
Sarnia, ON, Canada

87. Patil, Anjana
Coconut Creek, FL

88. Perez, Cynthia
Regina, SK, Canada

89. Pessin, Mark
Plano, TX

90. Purchase, Alexander
Dundas, ON, Canada

11

91. Ramirez, Alejandro
Folsom, CA

92. Rathod, Kush Vijay
North York, ON, Canada

93. Reskalla, Jonathan
Brossard, QC, Canada

94. Ried, Andy
Bracebridge, ON, Canada

95. Rillera, Deborah
North York, ON, Canada

96. Ruder, Katherine
Bloomington, IL

97. Sall, Parmjit
Brampton, ON, Canada

98. Sato, Jonathan D. & IRA
Campbell, CA

99. Schuh, Robert
Edwardsville, IL

100. Shapiro, Glen
Seattle, WA

101. Sharan, Geetansh
Etobicoke, ON, Canada

102. Sharma, Kranti Pal
Edmonton, AB, Canada

103. Siddiqui, Mustafa
Toronto, ON, Canada

104. Singh, Amarjeet
Etobicoke, ON, Canada

105. Singh, Gagandeep
Cambridge, ON, Canada

106. Singh, Manpreet
Windsor, ON, Canada

107. Stair, Rebecca Puck
(*no address provided*)

108. Swanson, Brion Patrick
North Chili, NY

109. Tan, Vivien
(*no address provided*)

110. Teague, Aaron Christopher
Beaverton, OR

111. Telugu, Anjaneyulu
Scarborough, ON, Canada

112. Temple, Michael
Victoria, BC, Canada

113. Teo, Steven
Mississauga, ON, Canada

114. Tolochii, Johnny Yevhenii
Listowel, ON, Canada

115. Tracy, Peter James
Innisfil, ON, Canada

116. Ugdiman, Mark Vincent T.
Lloydminster, SK, Canada

117. Walker, Brent
Calgary, AB, Canada

118. Walker, Jennifer
Merlin, ON, Canada

119. Weidmann, Steven
Surrey, BC, Canada

120. Wijeyaratne, M. Mayura Prakash
Scarborough, ON, Canada

121. Williams, Timothy W.
    Ashburn, VA

122. Yadav, Geetanjali
    Scarborough, ON, Canada

123. Yadav, Golla Chandra Sekar
    Mississauga, ON, Canada

124. Yun, Sun Hee
    Surrey, BC, Canada

125. Zatloukal, Tomas
    Squamish, BC, Canada

126. Zhang, Jing
    Brossard, QC, Canada

127. Guillaume, Tafarele
    (*no address provided*)

128. Lepore, Fabrizio
    Laval, QC, Canada

129. Silva, Victor
    Montreal, QC, Canada

130. Tenetuik, Trevor
    Moose Jaw, SK, Canada

131. Yang, Hyewon
    Edmonton, AB, Canada